UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.    **CIV - FERGUSON**

## 00 - 6037

SHERRY MARTIN,

      Plaintiff,

v.

PAGE BROTHERS ASSOCIATES, INC.,
a Florida corporation, d/b/a CORAL
SPRINGS AUTO MALL,

      Defendant.

_____/

MAGISTRATE JUDGE
SNOW

**NIGHT BOX
FILED**

JAN 7 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### COMPLAINT

      Plaintiff, SHERRY MARTIN ("Martin"), through her undersigned attorneys, files this Complaint against the Defendant, PAGE BROTHERS ASSOCIATES, INC., a Florida corporation, d/b/a CORAL SPRINGS AUTO MALL, and alleges:

### JURISDICTION AND VENUE

      1.    This suit is brought against Defendant pursuant to the Family and Medical Leave Act, ("FMLA"), 29 U.S.C. § 2601 et seq., the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e et seq., the Americans with Disabilities Act, ("ADA"), 42 U.S.C. § 12101 et seq., and Martin joins a Florida statutory claim pursuant to the Florida Civil Rights Act of 1992, ("FCRA"), Florida Statutes § 760.01 et seq.

      2.    Jurisdiction is conferred upon this Court by:

          (a)    42 U.S.C. § 2000e-5;

          (b)    29 U.S.C. § 2617;

          (c)    28 U.S.C. § 1331; and



(d)    28 U.S.C. § 1343.

3.    The supplemental jurisdiction of this Court is invoked with respect to Martin's claim under the laws of Florida pursuant to:

(a)    Title 28 U.S.C. § 1367(a), because the Florida claim is so related to the federal claims within the Court's original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution; and

(b)    Title 28 U.S.C. § 1343, because the claim arises out of the same operative facts as the federal claims, and is such that the parties would ordinarily expect to try them in one proceeding.

4.    Venue is proper for the United States District Court for the Southern District of Florida because:

(a)    Martin was employed in the Southern District of Florida by the Defendant, which at all material times conducted, and continues to conduct, business in the Southern District of Florida; and

(b)    Additionally, venue lies pursuant to 28 U.S.C. § 1391(b) & (c), because the acts that give rise to Martin's claims occurred within the Southern District of Florida, and because Defendant is subject to personal jurisdiction there.

## CONDITIONS PRECEDENT

5.    Martin has complied with all the conditions precedent in this case, or they have been waived.

6.    Martin timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and with the Florida Commission on Human Relations.

2

7.    The EEOC issued a Notice of Right to Sue dated October 14, 1999, a copy of which is attached as Exhibit "1".

8.    This Complaint has been filed within ninety (90) days following Martin's receipt of the Notice of Right to Sue.

## PARTIES

9.    Plaintiff, SHERRY MARTIN ("Martin"), previously worked for the Defendant. She currently resides within the Southern District of Florida.

10.    The Defendant is a corporation which, at all times material, conducted substantial and continuous business in the Southern District of Florida, and is subject to the laws of the United States and of the State of Florida.

11.    Defendant is a "person" within the meaning of Title VII, 42 U.S.C. § 2000e(a).

12.    Defendant is an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b).

13.    Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Florida Civil Rights Act of 1992, Florida Statutes § 760.02(6-7).

14.    The Defendant is an "employer" within the meaning of FMLA, 29 U.S.C. § 2611(4)(A)(i).

15.    Defendant is engaged in an "industry affecting commerce" within the meaning of Title VII, 42 U.S.C. § 2000e(h).

16.    Martin was, at all times material, an "employee" as defined by Title VII, 42 U.S.C. § 2000e(f).

17.    Martin was, at all times material, an "employee" as defined by Florida Statutes § 760.02(5).

18.    The Defendant is a "person" within the meaning of FMLA.

19.    Defendant is engaged in an "industry affecting commerce" within the meaning of FMLA, 29 U.S.C. § 2611(1).

20.    Martin was, at all times material, an "eligible employee" as defined by FMLA, 29 U.S.C. § 2611(2)(A).

21.    Martin is a person with a "serious health condition" as defined by FMLA, 29 U.S.C. § 2611(11).

22.    Martin has a "disability" (cancer) as that term is contemplated by the ADA.

23.    Martin is a "qualified individual with a disability" as that term is contemplated by the ADA.

24.    At all times material to this action, the Defendant and certain of its representatives engaged in unlawful discriminatory practices against Martin because she is disabled, because of her gender, and because she sought medical leave, which violated Martin's rights as set forth in FMLA, Title VII, the ADA, and FCRA.

## STATEMENT OF FACTS

25.    Martin began working for the Defendant on or about May 17, 1998, in the service area.

26.    In or about June, 1998, Martin was diagnosed with cancer, specifically, terminal melanoma which had spread into her lymph nodes.  The day after the cancer was diagnosed, she informed the Defendant of it.

27.    Martin had surgery to remove cancerous lymph nodes from one of her legs and her abdomen in or about July, 1998, and she missed three weeks of work as a result.

4

28.    After surgery, Martin took three (3) weeks off unpaid, and was told by Steve Taborsky, her supervisor, during her second week of leave not to come back to work until she was fully healed because he "didn't want [Martin] in the service lane with crutches or a cane."

29.    In or about September, 1998, Martin began chemotherapy.

30.    After Martin's illness progressed she had to take time off and leave work early, and she exhausted her vacation time, but the Defendant's representatives did not inform her about FMLA and/or her rights under FMLA, although Martin specifically requested that she needed to take sick leave.

31.    As a reasonable accommodation, Martin requested that she be allowed to elevate her leg, and be allowed to park in the disabled parking space or a spot nearer the building where she worked (she had a disabled parking placard), but the Defendant disallowed both accommodations.

32.    Martin brought in pamphlets from entities such as the American Cancer Society which touted the benefits of leg elevation, but she was still not allowed to elevate her leg.

33.    After Martin became ill and informed the Defendant of her illness, Taborsky would criticize her for things that he did not criticize similarly situated co-workers for.

34.    Taborsky's criticism of Martin turned into harassment, and became widespread enough to become a running joke among her co-workers about what Martin had done "wrong" this time.

35.    In April, 1999, Martin took two weeks leave (one paid).

36.    In May, 1999, it was discovered that Martin's cancer had spread to her back, and was inoperable, and she therefore underwent radiation treatments.

37.    Martin's radiation treatments lasted approximately one month, and necessitated that she leave work early.

38.     By late August, 1999, Martin became week with flu and anemia, and was told by her doctor not to work, even if she felt better.

39.     Martin struggled through work, and filled out the paperwork to take sick leave, and she turned it in to one of Defendant's representatives, but Martin went into work anyway because another employee was on vacation and she felt that the service department would be left short-handed.

40.     The first full week in September, 1999, Martin worked Tuesday through Friday, but had to take sick leave on Saturday because of her condition.

41.     Taborsky called her into his office on the next Tuesday, on or about September 13, 1999, and asked Martin why she did not come into work the previous Saturday.

42.     Martin told Taborsky that she missed work because she was sick, and Taborsky replied, "That's why I have to fire you, because of your health. You know it's affecting your job."

43.     Martin then told Taborsky that she would not be able to get a job because of her health condition, and Taborsky told her that he knew that.

44.     The Defendant took money out of Martin's pay for low customer service scores, but did not take such money out of the pay for similarly situated males and similarly situated people who did not have health conditions.

45.     Taborsky told Martin that he purposefully not place the cars of Martin's customers in the shop so that they would not be diagnosed in time when Martin had to leave early because of her health, which caused Martin's customer service scores to decrease.

46.     Throughout Martin's employment, the Defendant never informed her of her FMLA rights, or of the existence of FMLA.

6

47.    Martin's cancer causes her to be significantly restricted in the major life activities of working and walking, as compared to the average person.

48.    Martin's cancer condition is a disability under the ADA.

49.    Similarly situated males who called in sick and/or had to leave early were not fired or harassed by the Defendant, and thus were treated more favorably than Martin.

50.    Martin has retained the undersigned legal counsel to prosecute this action in her behalf, and has agreed to pay him a reasonable fee for his services.

51.    Martin is entitled to her reasonable attorneys' fees if she is the prevailing party in this action.

<u>**COUNT I**</u>

<u>**VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**</u>

52.    Martin re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 51 as though fully set forth.

53.    Martin was entitled to FMLA leave under 29 U.S.C. § 2612(a)(1)(D) because, among other things, she had a serious health condition.

54.    As more specifically alleged above, Martin engaged in activity protected under FMLA by, among other things, requesting medical leave.

55.    As more specifically alleged above, subsequent to Martin's request for medical leave, Martin suffered adverse employment action in that, among other things, she was denied leave, not told about her rights under FMLA, harassed, fired, and otherwise treated differently than similarly situated employees.

56.    A causal connection exists between Martin's protected activity under FMLA and the subsequent adverse employment action taken against her by the Defendant.

57.    The Defendant wrongfully discharged Martin in violation of FMLA.

58.    As a direct and proximate result of the intentional violations of Martin's rights under FMLA by the Defendant, Martin has been injured. Her injuries include back pay, front pay, and liquidated damages.

WHEREFORE, Martin respectfully requests that this Court:

(a)    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which violates FMLA.

(b)    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for its employees, and which eradicate the effects of its past and present unlawful employment practices.

(c)    Order Defendant to make Martin whole, by providing compensation for past pecuniary losses, including back pay and lost benefits, in amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

(d)    Order Defendant to make Martin whole by providing compensation for future pecuniary losses, including front pay, in amounts to be proven at trial.

(e)    Order Defendant to pay liquidated damages to Martin in light of Defendant's intentional violations of FMLA.

(f)    Grant such further relief as the Court deems necessary and proper.

(g)    Award Martin her attorney's fees and costs in this action.

## COUNT II

## TITLE VII CLAIM FOR DISCRIMINATION IN THE TERMS AND CONDITIONS OF EMPLOYMENT BASED ON GENDER

59.    Martin re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 51 as though fully set forth.

60.    Defendant has engaged in unlawful employment practices and policies in the terms and conditions of Martin's employment in violation of 42 U.S.C. § 2000e et seq. The discriminatory practices include, but are not limited to:

(a)    Defendant took money from Martin's check for customer service scores while not doing so for similarly situated male employees; and

(b)    Defendant treated males more favorably who desired to take sick leave for health problems.

61.    The effect of the practices complained of above has been to deprive Martin of equal employment opportunities and otherwise adversely affect her status as an employee because of her gender.

62.    As a direct and proximate result of the intentional and premeditated discriminatory acts by the Defendant with respect to its discrimination in the terms and conditions of Martin's employment, Martin has been damaged. Her damages include back pay, front pay, loss of benefits, future pecuniary loss, emotional pain, suffering, mental anguish, loss of enjoyment of life, other non-pecuniary losses, and punitive damages.

## COUNT III

## VIOLATION OF THE ADA

63.    Martin re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 51 as though fully set forth.

9

64.    The Defendant violated the ADA by terminating Martin and by treating her less favorably than similarly situated non-disabled as more specifically described above, because the ADA makes it unlawful for an employer to deprive an otherwise qualified individual with a disability of an employment opportunity because of that person's disability, and the Defendant was motivated by Martin's disability when it treated her less favorably.

65.    Martin is a person with a disability because he has a physical impairment that substantially limits one or more of her major life activities, namely, her ability to walk and to work.

66.    Martin has a record of such impairment.

67.    Martin was regarded by the Defendant as having such an impairment.

68.    Martin is an otherwise qualified individual with a disability because she, with or without reasonable accommodation, can perform the essential functions required by the Defendant for its position in the service department where she worked.

69.    The effect of the practices complained of above has been to deprive Martin of equal employment opportunities and otherwise adversely affect her status as an employee because of her gender.

70.    As a direct and proximate result of the intentional and premeditated discriminatory acts by the Defendant with respect to its discrimination in the terms and conditions of Martin's employment, Martin has been damaged.  Her damages include back pay, front pay, loss of benefits, future pecuniary loss, emotional pain, suffering, mental anguish, loss of enjoyment of life, other non-pecuniary losses, and punitive damages.

## COUNT IV

## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

71.    Martin re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 51 as though fully set forth.

72.    Defendant discriminated against Martin with respect to her employment because of her gender and/or disability.

73.    Defendant's actions are in violation of FCRA, because the Defendant discriminated against Martin in the terms and conditions of her employment, and by terminating her.

74.    As a direct and proximate result of the intentional and premeditated violation of the Florida Civil Rights Act by the Defendant with respect to its subjecting Martin to discrimination in the terms and conditions of her employment and by terminating her, Martin has been damaged.

75.    Martin's damages include loss of work, humiliation, emotional pain, distress, depression, loss of his self-esteem, loss of dignity, loss of enjoyment of life, loss of back pay, loss of front pay, loss of bonuses, and fringe and retirement benefits.

76.    The unlawful employment practices complained of above were committed with malice or reckless indifference to Martin's rights, such that Martin is also entitled to punitive damages.

WHEREFORE, Martin (as to Counts II through IV) respectfully requests that this Court:

(a)    Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of gender.

(b)     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for its employees, and which eradicate the effects of its past and present unlawful employment practices.

(c)     Order Defendant to make Martin whole, by providing compensation for past pecuniary losses, including back pay with pre-judgment interest and lost benefits, in amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

(d)     Order Defendant to make Martin whole by providing compensation for future pecuniary losses, including front pay, in amounts to be proven at trial.

(e)     Order Defendant to make Martin whole by providing compensation for non-pecuniary losses, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of work, and humiliation, in amounts to be proven at trial.

(f)     Order Defendant to pay Martin punitive damages for its malicious and/or reckless conduct, in amounts to be proven at trial.

(g)     Grant such further relief as the Court deems necessary and proper.

(h)     Award Martin her attorney's fees and costs in this action.

## DEMAND FOR TRIAL BY JURY

Martin demands trial by jury on all issues and all counts of this Complaint so triable as a

matter of right.

Dated: ___January 10  1999___

Loring N. Spolter, P.A.
Attorney for Plaintiff
International Building
2455 E. Sunrise Blvd.
Suite 807
Fort Lauderdale, FL 33304
Tel.  (954) 728-3494
Fax  (954) 568-9192

By: _____
Loring N. Spolter, Esq.
Fla. Bar No. 864196

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE
*(ISSUED ON REQUEST)*

| To: | From: |
|---|---|
| Sherry Martin<br>867 S.W. 9th Terrace<br>Boca Raton, FL 33486<br><br>☐ *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 C.F.R. 1601.7(a))* | Miami District Office<br>**Equal Employment Opportunity Commission**<br>One Biscayne Tower, Suite 2700<br>2 South Biscayne Boulevard<br>Miami, Florida 33131-1805 |

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 150994197 | Acacia Martinez, Investigator | (305) 530-6058 or (305) 536-4775 |

(See the additional information attached to this form

## NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act(ADA):** This is your Notice of Right to Sue, issued under Title VII and or the ADA based on the above-numbered charge. It has been issued at your request. Your suit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required). EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court compliant to this office.

On Behalf of the Commission

**OCT 14 1999**

(Date Mailed)

for — Federico Costales, District Director

Enclosures
    Information Sheet
    Copy of Charge

cc:   Wendy J. Smith, Esquire
      FISHER & PHILLIPS LLP
      2300 NationsBank Tower
      One Financial Plaza
      Ft. Lauderdale, FL 33394-0005

EEOC Form 161-B (10-96)

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

SHERRY MARTIN,

      Plaintiff,

v.

PAGE BROTHERS ASSOCIATES, INC.,
a Florida corporation, d/b/a CORAL
SPRINGS AUTO MALL,

      Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, SHERRY MARTIN, by and through her undersigned counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that Defendant produce and permit Plaintiff to inspect and copy the documents and tangible things hereinafter designated, within the time specified by the Federal Rules of Civil Procedure.

As used herein, the term "document" shall mean every writing of record of every type and description that is in the possession, custody, or control of Defendant, including, without limitation, correspondence, statements, affidavits, memoranda, stenographic and handwritten notes, diagrams, studies, publications, books, pamphlets, pictures, drawings and schematics of every type, film, voice recordings, audio tape recordings, maps, reports, surveys, minutes, telegrams, telexes, contracts, memoranda of agreement, diaries, graphs, checks, bank statements, income tax forms, other forms, microfilms, statistical computations, data processing cards, computer records and computer tapes and printouts or things similar to any of the foregoing; and every copy of such document where the original is not in the possession, custody, or control of Defendant or Defendant's counsel. Any such document bearing on any sheet or side thereof, any

marks such as (but not limited to) initials, stamped indicia, comments or notations, or any character not a part of the original text or photographic reproduction thereof, is to be considered and identified as a separate document.

This document request shall be deemed to be a continuing one, and it pertains to all documents discovered or found subsequent to the date of your response to this request for production. Any such documents discovered or found subsequent to the date of your response to this request for production, shall be produced upon appropriate notice to the undersigned attorneys.

For purposes of this Request for Production, "Defendant" refers to Page Brothers Associates, Inc., a Florida corporation.

**WHERE A CLAIM OF PRIVILEGE IS ASSERTED IN OBJECTING TO ANY DOCUMENT DEMAND, AND AN ANSWER IS NOT PROVIDED ON THE BASIS OF SUCH ASSERTION, PROVIDE THE INFORMATION REQUIRED BY LOCAL RULE 26.1.G.6 (b).**

## <u>DOCUMENTS TO BE PRODUCED</u>

1.     Plaintiff's entire personnel file, including but not limited to the records pertaining to duties, salaries, commissions, bonuses, discharge, layoff or retirement.

2.     Documents of any type whatsoever which show any internal communications concerning Defendant's consideration of Plaintiff for termination at any time throughout her employment with the company.

3.     Documents of any type whatsoever which show any internal communications concerning Plaintiff's performance or performance problems, irrespective of whether same appears in Plaintiff's personnel file.

4.     Any and all EEO-1 reports filed by the Defendant from 1995 through the present.

5.      Copies of any and all written policies or procedures within the company regarding the Family and Medical Leave Act, and/or disability discrimination, and/or gender discrimination, irrespective of whether same is contained in the company's personnel manual.

6.      Any and all documents, memoranda or written summaries of any conversation or meetings with any past or present employee(s) of Defendants regarding the allegations of Plaintiff's Complaint.

7.      Any and all other documents, excluding only documents evidencing communications between Defendant and its attorneys, reflecting each communication (e.g., letters, memoranda, telephone calls, face-to-face conversations, facsimile transmissions, etc.) between, among, to or from any agents, servants and/or employees of Defendant concerning the allegations of Plaintiff's complaint.

8.      Any and all witness statements, whether written, typed, taped or otherwise recorded, describing or relating to the conduct of which Plaintiff has complained in the complaint filed in this action.

9.      The personnel files of all employees who filed complaints with the Defendant or its predecessors or any government agency alleging gender discrimination based on disparate treatment, and/or disability discrimination with respect to the terms and condition of employment, and/or Family and Medical Leave Act violations by the Defendant in the past five (5) years.

10.     The Plaintiff's complete salary and wage records, payroll records, commission records, and W-2 forms for every year of her employment with the Defendant.

11.     All correspondence between the Plaintiff and the Defendant.

12.     All guidelines, policies, procedures, manuals, handbooks, notices or directives issued by the Defendant pertaining to the following:

(a)     The discipline and termination of its employees;

(b)     The performance evaluation of its employees;

(c)     Reviews of wages and fringe benefits to its employees; and

3

(d)    The transfer and promotion of its employees.

13.    Copies of all charges of gender discrimination and/or disability discrimination violation(s) filed against the Defendant in the past 5 years with the Equal Employment Opportunity Commission, Florida Commission on Human Relations, the United States Department of Labor, and/or any other federal, state or local agency, by employees of the Defendant.

14.    Complaints concerning the work performance of Plaintiff throughout her employment with the Defendant, including any written warning notices to Plaintiff about these complaints.

15.    Complaints from any employee of the Defendant regarding Plaintiff throughout her employment with the company.

16.    The current resume or list of qualifications of any expert witness, advisor or consultant who has been retained by the Defendant in the above-entitled proceeding.

17.    All reports, studies and other commentaries, formal or informal, of any expert witness, consultant or advisor who has been retained by the Defendant in the above-entitled proceeding.

18.    Insurance policies which the Defendant may have insuring it against liability for any claims of employment discrimination, including those in the above-entitled proceeding.

19.    Any "reservation of rights" letter from the Defendant's insurer regarding the above-entitled proceeding.

20.    All documents which in any way support the Defendant's affirmative defenses.

21.    Any and all documents submitted to the EEOC in connection with Plaintiff's charge of discrimination.

22.    Any and all memoranda, diaries, journals or other documents prepared by Defendant or any of its officers, directors and employees, which relate in any manner to Plaintiff's employment, whether or not prepared in anticipation of litigation.

4

23.    All documents given or provided by Defendant to Plaintiff prior to and during her employment with Defendant.

24.    All of Defendant's disciplinary records regarding Plaintiff.

25.    The complete personnel file relating to each of the following employees, including but not limited to the records pertaining to duties, promotion, salary, commission, bonuses, CSI documents or evaluations, discharge, layoff or retirement:

       (a)    James Gilchrist

       (b)    Steve Taborsky

       (c)    Shawn Lee Erwin

       (d)    James Cocciola

       (e)    Doug Quiery

       (f)    Dennis Cleary

       (g)    Ryan Williams

26.    All documents relating to the affirmative action program or plan of the Defendant including each affirmative action plan with effective dates for each.

27.    All documents relied upon in the development of each affirmative action plan.

28.    All documents which indicate the breakdown of the workforce by each of the following characteristics:  name, date of hire, promotions, rate of pay, date of birth of employees at the present time.

29.    Any and all documents pertaining to job descriptions or job qualifications for all positions held by Plaintiff with the Defendant.

30.    The personnel files of each employee who received the same treatment in activities such as hiring, selection, assignment, promotion, demotion, discipline, compensation, termination, layoff or other employment-related action which the Plaintiff contends are discriminatory.

31.    The personnel files for each employee who is or was in a similar job description, had similar or comparable duties, or received compensation comparable to that of the Plaintiff, during the period of Plaintiff's employment.

32.    The personnel files for each employee who is or was in a similar job description, had similar or comparable duties and who received compensation different from Plaintiff, during the period of Plaintiff's employment.

33.    All studies, reports, or analysis done by internal staff, consultants, government agencies, or others related to any and all employment practice, policy, procedure, or statistics of the Defendant.

34.    Any and all letters, notes, memoranda, and records of any kind including adverse, negative, or favorable comments concerning the Plaintiff during the relevant time period.

35.    All documents which constitute, comment on, or reflect the facts and circumstances of any comparison made between the training, experience, abilities, job duties and/or job performance of the Plaintiff and other similarly situated employees or applicants.

36.    All documents relating to all inquiries or investigations conducted as a result of Plaintiff's claim or allegation of discrimination.

37.    All documents related to the Defendant's efforts to prevent employment discrimination and harassment in the workplace, including those made by the Defendant in an effort to comply with state and federal laws or regulations relating to the maintenance of a non-discriminatory environment.

38.    The year end balance sheets of the Defendant for 1997, 1998, and 1999.

39.    The annual financial statements for 1997, 1998, and 1999 showing Defendant's assets, gross income, net income, liabilities, and net worth.

Dated this ___10___ day of January, 2000.

Loring N. Spolter, P.A.
Attorney for Plaintiff
International Building
2455 E. Sunrise Blvd.
Suite 807
Fort Lauderdale, FL 33304
Tel.  (954) 728-3494
Fax  (954) 568-9192

By: _____
        Loring N. Spolter, Esq.
        Fla. Bar No. 864196

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

SHERRY MARTIN,

      Plaintiff,

v.

PAGE BROTHERS ASSOCIATES, INC.,
a Florida corporation, d/b/a CORAL
SPRINGS AUTO MALL,

      Defendant.

_____/

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

      Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff propounds the following interrogatories to Defendant, Page Brothers Associates, Inc., a Florida corporation, d/b/a Coral Springs Auto Mall, to be answered fully and completely in accordance with that rule. Each of the following interrogatories is continuing in nature. If at any time prior to the conclusion of the trial, Defendant, or its agents or attorneys, acquire supplemental or additional information relating to any of the subjects addressed herein, Defendant is requested to supplement its answers to these interrogatories to reflect such information.

## INSTRUCTIONS

      In answering these interrogatories, the following instructions and definitions apply:

      A. You are required to furnish all information which is available to you, including information in the possession of your agents or representatives, or any other person or organization acting on your behalf, and not merely such information known personally to you.

B.   If you cannot answer any of the following interrogatories in full, after exercising due diligence to secure the information to do so, state and answer to the extent possible and state whatever information or knowledge you have concerning the unanswered portions.

C.   Each interrogatory not only calls for information known to Defendant, but also for all information available to Defendant through reasonable inquiry.

D.   In each case where Defendant identifies a person, state with respect to each such person:

    1.  His or her full name;

    2.  His or her last known residence address;

    3.  His or her telephone number;

    4.  His or her occupation, employer, and business address at the date of the event or transaction referred to; and

    5.  His or her present occupation, employer, and business address.

E.    In each case wherein Defendant is asked to identify a writing or document, or when the answer to an interrogatory refers to a writing or document, please attach a copy of the document to your answer, or if the document is not available, state with respect to each such writing or document:

    1.  The identity of the person who signed it or over whose name it was issued;

    2.  The addressee or addressees;

    3.  The nature and substance of the document or writing with sufficient particularity to enable the same to be identified;

    4.  The date of the document or writing; and

    5.  The identity of each person who has custody of the document or writing or any copies thereof.

F.    For purposes of these Interrogatories, "Defendant" refers to Page Brothers Associates, Inc.

G.    Where a claim of privilege is asserted in objecting to any interrogatory or sub-part thereof, and an answer is not provided on the basis of such assertion, provide the information required pursuant to Local Rule 26.1G.6(b), S.D. Fla. L.R.

## <u>INTERROGATORIES</u>

1.     Please identify the names and business addresses of all persons who participated in answering these interrogatories and their official position or relationship to Defendant.

2.    Please identify the name, address, and telephone number of each person who assisted you or with whom you consulted in connection with answering these interrogatories.

3.    How many persons did Defendant employ during each of the years of 1997, 1998, and 1999?

    4.    Identify, including address and telephone number, all persons who you believe have any information or knowledge, or claim to have the same, with respect to any facts or matters relating to the subject matter of this action; with respect to each such person, state the following:

    a.    The subject matter of each such person's knowledge;

    b.    The date, place, and circumstances of the obtaining of such knowledge or information;

    c.    Whether such person has been interviewed by you or by your representative or counsel either prior to or subsequent to the commencement of the present action.  With respect to each such interview, state the following:

    i.    The date and location of the interview;

    ii.    The identify of each person present at the interview;

    iii.    Whether a statement has been taken from the person, as the term "statement" is defined in Federal Rules of Civil Procedure 26(b); and

    iv.    The identity of documents memorializing, reflecting, or referring to the interview.

5.     Identify all persons Defendant intends to call as an expert witness at trial and, as to each such person, state all opinions to be expressed, the basis of such opinion, and the reasons for such opinions. Include within your answer as to each expert witness, the following information:

    a.     Identify any exhibits to be used as a summary of or support for the opinion.

    b.     List the qualifications of the expert witness, including a list of all publications authored by the expert within the preceding ten years.

    c.     Provide the amount of compensation to be paid for the expert's study and testimony.

    d.     Provide a listing of any other cases in which the expert has testified as an expert at trial or by deposition within the preceding five (5) years.

6.     Please identify the name, address and telephone number of each witness who Defendant intends to depose and who will or may be called to testify at the trial of this action, setting forth in summary form what testimony is expected to be elicited from each witness.

7.    Identify all documents and physical evidence upon which Defendant is basing its defense on in this action or which are otherwise relevant to this case, and, as to each such documents or item physical evidence, state the custodian, location, and provide a general description of such documents and/or item of physical evidence, including any and all documents and evidence in Defendant's possession, custody or control.

8.    Identify all documents and physical evidence which Defendant has prepared, expects to offer at trial or may offer at trial with respect to its defense against Plaintiff's allegations in her complaint.

9.     Please identify and describe any legal action or charge of discrimination that the Defendant has defended in any court or before any governmental agency with respect to allegations of gender discrimination or harassment within five (5) years prior to, or at any time subsequent to, the filing of this action. For purposes of this interrogatory, "identify and describe" includes without limitation the date and the place the action was filed, the name of the court, tribunal, board, commission or administrative agency in which the action was brought or filed, the names of all other parties involved in the case, the names of each attorney representing each party, and the final outcome of each action or its present status.

10.    Please list the name, race, gender, home address, last known address and home telephone number of each individual employed by Defendant (both present and past employees and full-time and part-time employees) as an Advisor or Tech in its service department with Defendant since January 1, 1997, as well as each employee's first and last position and the length of time each employee has or had been employed by Defendant during said time period.

## **VERIFICATION**

I, _____, as _____ of Page

Brothers Associates, Inc., having first been duly sworn in accordance with law, do hereby depose

and state that I have read the foregoing answers to interrogatories, and that they are true and

correct to the best of my knowledge and information.

_____

STATE OF FLORIDA

COUNTY OF _____

      BEFORE ME, the undersigned authority, personally appeared _____,
personally known to me or who produced _____ as identification, and who, after
being duly sworn, stated under oath that he/she signed the foregoing Answers to Interrogatories on
behalf of _____, and they are true and
correct to the best of his/her knowledge and information.

      SWORN TO AND SUBSCRIBED before me, this ____ day of _____, 2000.

_____
NOTARY PUBLIC

My Commission Expires:

14

Dated this _____ day of January, 2000.

                                    Loring N. Spolter, P.A.
                                    Attorney for Plaintiff
                                    International Building
                                    2455 E. Sunrise Blvd.
                                    Suite 807
                                    Fort Lauderdale, FL 33304
                                    Tel.  (954) 728-3494
                                    Fax  (954) 568-9192

By: _____
                                    Loring N. Spolter, Esq.
                                    Fla. Bar No. 864196

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

SHERRY MARTIN,

     Plaintiff,

v.

PAGE BROTHERS ASSOCIATES, INC.,
A Florida Corporation, d/b/a CORAL
SPRINGS AUTO MALL,

     Defendant.

_____/

## NOTICE OF NON-AVAILABILITY OF COUNSEL

LORING N. SPOLTER, undersigned counsel, hereby files this notice of Non-Availability for the dates of:

    * Friday, January 28, 2000 through Monday, February 7, 2000;

    * Friday, March 24, 2000 through Monday, April 3, 2000.

Counsel will be out of the state on the above mentioned dates and will be unavailable for Court trials or Court hearings or to respond to motions or pleadings.

Further, Counsel respectfully requests that no Court trials or hearings be set for this time, that no motions or pleadings be filed or mailed on these dates, and that no motions or pleadings be filed which have deadline dates for the stated time periods.

Respectfully submitted,

LORING N. SPOLTER
Attorney for Plaintiff
International Building, Suite 807
2455 E. Sunrise Boulevard
Fort Lauderdale, FL  33304
(954) 728-3494
Fla. Bar No.: 0864196

**CIVIL COVER SHEET**

00-6037

CIV-FERGUSON

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

Sherry Martin

**DEFENDANTS**

Page Brothers Associates Inc.
DBA Coral Springs Ab Mall

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

Broward    A-NORTH-6037-WDF/LSS

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

LORING N. SPOLTER, P.A.
International Bldg. Suite 807
2455 E. Sunrise Boulevard
Fort Lauderdale, FL 33304

954-728-7494

ATTORNEYS (IF KNOWN)    **NIGHT BOX**
**FILED**

**MAGISTRATE JUDGE**
**SNOW**

JAN 7 2000

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)    CLERK, USDC / SDFL / MIAMI

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☑4 |
| Citizen of Another State | ☐2 | ☑2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

29 USC 2601

IVa. **3** days estimated (for both sides) to try entire case.

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| A CONTRACT | TORTS | B FORFEITURE /PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / B ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | B ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | A **CIVIL RIGHTS** / B **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☑ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| B ☐ 220 Foreclosure | ☐ 442 Employment | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☑ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | B ☐ 791 Empl Ret Inc Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 550 Civil Rights | | | |

*A or B

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Refiled   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**    CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23    **DEMAND $**    Check YES only if demanded in complaint:
**JURY DEMAND:** ☑ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE   1/10/2000    SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
S/F  I-2
REV. 6/90

FOR OFFICE USE ONLY: Receipt No. _____    Amount: _____

Date Paid: _____    M/ifp: _____