UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

SHERRY MARTIN,

    Plaintiff,

v.

PAGE BROTHERS ASSOCIATES,
INC., a Florida corporation, d/b/a
CORAL SPRINGS AUTO MALL,

    Defendant.
_____/

CASE NO. 00-6037-CIV-FERGUSON
Magistrate Judge Snow

### DEFENDANT'S ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES

The defendant, PAGE BROTHERS ASSOCIATES, INC., a Florida corporation, d/b/a CORAL SPRINGS AUTO MALL ("PAGE"), responds to the complaint filed by the plaintiff, SHERRY MARTIN ("Martin") and states as follows:

### ANSWER

### Jurisdiction and Venue

1. Paragraph 1 does not require an answer as it makes no allegations of fact, but to the extent that an answer is required, Page admits that Martin has attempted to bring a cause of action pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the Florida Civil Rights Act, Florida Statutes § 760.01, *et seq.* ("FCRA"), but

NON-COMPLIANCE OF S.D. Fla. L.R. 5.1.B



denies that Martin has properly brought this action, that Page or its agents have engaged in any unlawful discriminatory or retaliatory actions or otherwise violated any state or federal law, or that Martin is entitled to any relief whatsoever.

2. Paragraph 2 does not require an answer as it makes no allegations of fact, but to the extent that an answer is required, Page admits that this Court has jurisdiction over actions asserting Title VII claims, federal civil rights claims, and violations of federal law, and that the Court has the discretion to exercise supplemental jurisdiction over state law claims. Page denies that Martin has properly brought this action, that Page has engaged in any unlawful discriminatory or retaliatory actions or otherwise violated any state or federal statutory or common law, that this Court should exercise supplemental jurisdiction in this case, or that Martin is entitled to any relief whatsoever.

3. Paragraph 3 does not require an answer as it makes no allegations of fact, but to the extent that an answer is required, Page admits that this Court has the discretion to exercise supplemental jurisdiction over state law claims. Page denies that Martin has properly brought this action, that Page has engaged in any unlawful discriminatory or retaliatory actions or otherwise violated any state or federal statutory or common law, that this Court should exercise supplemental jurisdiction in this case, or that Martin is entitled to any relief whatsoever.

4. Page admits that it employed Martin in the Southern District of Florida, that it conducts business in the Southern District of Florida, and that it is subject to personal jurisdiction there. Page denies all other allegations in paragraph 4.

## Conditions Precedent

5. Denied.

6. Page admits that Martin filed a charge of discrimination with United States Equal Opportunity Commission ("EEOC"), and that she asserts that the charge was filed and with the Florida Commission on Human Relations. Page denies all other allegations in paragraph 6.

7. Page admits that the EEOC issued a right-to-sue notice on October 14, 1999 and that a copy is attached to the complaint as Exhibit 1.

8. Page admits that this complaint was filed within 90 days of the issuance of the right-to-sue notice attached as Exhibit 1 to the complaint. Page denies all other allegations in paragraph 8.

## Parties

9. Page admits that Martin previously worked for it. Page is without knowledge sufficient to form a belief regarding Cook's residence.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Denied.

18. Admitted.

19. Admitted.

20. Denied.

21. Page is without knowledge sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 21.

22. Denied.

23. Denied.

24. Denied.

## Statement of Facts

25. Admitted.

26. Page admits that Martin informed her supervisor that she had been diagnosed with cancer. Page is without knowledge sufficient to form a belief regarding the truth or falsity of the remaining allegations in paragraph 26.

4

27. Page admits that Martin missed three weeks of work in or about July 1998. Page is without knowledge sufficient to form a belief regarding the truth or falsity of the remaining allegations in paragraph 27.

28. Page admits that Martin took three weeks of unpaid leave. Page denies all other allegations in paragraph 28.

29. Page is without knowledge sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 29.

30. Page admits that it allowed Martin to take time off and leave early and that Martin exhausted her vacation time. Page denies all other allegations in paragraph 30.

31. Page admits that it allowed Martin to elevate her legs and to park in a space close to the building. Page is without knowledge sufficient to form a belief regarding Martin's alleged ownership of a disabled parking placard. Page denies all other allegations in paragraph 31.

32. Page admits that Martin brought in pamphlets from entities such as the American Cancer Society and that she was allowed to elevate her leg. Page denies all other allegations in paragraph 32.

33. Denied.

34. Denied.

35. Admitted.

36. Page is without knowledge sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 36.

37. Page admits that it allowed Martin to leave work early. Page is without knowledge sufficient to form a belief regarding the truth or falsity of the remaining allegations in paragraph 37.

38. Page is without knowledge sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 38.

39. Page denies that Martin submitted to Page paperwork to take sick leave. Page is without knowledge sufficient to form a belief regarding the truth or falsity of the remaining allegations in paragraph 39.

40. Page admits that Martin worked Tuesday through Friday the first full week of September 1999 and that she did not work on the following Saturday. Page is without knowledge sufficient to form a belief regarding the truth or falsity of the remaining allegations in paragraph 40.

41. Admitted.

42. Denied.

43. Page admits that Martin told Taborsky she did not believe she would be able to get a job because of her health condition and that Taborsky acknowledged that possibility. Page denies all other allegations in paragraph 43.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Page admits that Martin has retained counsel in this action. Page is without knowledge sufficient to form a belief regarding the truth or falsity of the remaining allegations in paragraph 50.

51. Paragraph 51 does not require an answer as it makes no allegations of fact, but to the extent that an answer is required, Page denies that Martin is entitled to any legal, equitable, or other relief whatsoever, including attorneys' fees.

## COUNT I
### Family and Medical Leave Act

52. Page restates and realleges its responses to the factual allegations contained in paragraphs 1 through 51 of the complaint as though fully set forth herein.

53. Page admits that, at some times, Martin may have been eligible for FMLA leave. Page denies all other allegations in paragraph 53.

54. Page admits that Martin requested and was given time off from work due to her medical condition. Page denies all other allegations in paragraph 54.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

Page further denies that Martin is entitled to the relief requested in the "WHEREFORE" clause following paragraph 58 of the complaint, including subparts (a) through (g).

## COUNT II
## Title VII - Gender

59. Page restates and realleges its responses to the factual allegations contained in paragraphs 1 through 51 of the complaint as though fully set forth herein.

60. Denied, including subparts (a) and (b).

61. Denied.

62. Denied.

## COUNT III
## ADA

63. Page restates and realleges its responses to the factual allegations contained in paragraphs 1 through 51 of the complaint as though fully set forth herein.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

## COUNT IV
### Florida Civil Rights Act

71. Page restates and realleges its responses to the factual allegations contained in paragraphs 1 through 51 of the complaint as though fully set forth herein.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

Page further denies that Martin is entitled to the relief requested in the "WHEREFORE" clause following paragraph 76 of the complaint, including subparts (a) through (h).

## GENERAL DENIAL

Page further denies each and every allegation of the complaint not expressly admitted herein.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

1. Martin has failed to state any claim upon which relief may be granted.

2. Martin's claims under the FMLA are barred, in whole or in part, because Page at all times acted in good faith and on reasonable grounds for believing that its acts or omissions were not in violation of the FMLA.

3. Martin's claims under the FMLA are barred, in whole or in part, to the extent that Martin that was not an "eligible employee" as defined by the FMLA.

4. Martin's claims under the FMLA are barred, in whole or in part, to the extent that Martin that did not have a "serious health condition" as defined by the FMLA.

5. To the extent Martin seeks compensatory damages under the FMLA, such damages are barred by 29 U.S.C. § 2617.

6. Martin's claims for liquidated damages under the FMLA are barred because the acts, if any, and omissions, if any, of Page do not rise to the level required to sustain an award of liquidated damages as a matter of law.

7. The types of damages Martin claims under the FMLA are barred to the extent they are not included as possible remedies under Section 107 of the FMLA.

8. Martin was not an individual with a disability within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

9. Assuming Martin was an individual with a disability within the meaning of the Americans with Disabilities Act, which she was not, Martin could not perform the essential functions of her job with or without reasonable accommodation.

10. Assuming Martin was an individual with a disability within the meaning of the Americans with Disabilities Act, which she was not, Page could not accommodate Martin without undue hardship.

11. Martin has failed to satisfy the conditions precedent to filing and maintaining any cause of action under the Americans with Disabilities Act.

12. Martin has failed to exhaust her administrative remedies prior to filing and maintaining any cause of action under the Americans with Disabilities Act.

13. Martin's alleged claims under 42 U.S.C. § 12101 *et seq.* and/or 42 U.S.C. §§ 2000e *et seq.* are barred to the extent that such claims have not been the subject of a timely charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC"); with respect to which no investigation or conciliation effort has been made by the EEOC; or which were not made the subject of a timely civil action.

14. The Court lacks jurisdiction over all claims brought pursuant to 42 U.S.C. § 12101 *et seq.* and/or 42 U.S.C. § 2000e *et seq.* to the extent that such claims are based upon events occurring more than 300 days before Martin's filing of a prior charge of discrimination with the appropriate agency.

15. Martin's claims concerning the ADA and Title VII are barred to the extent that the allegations of her complaint are beyond the scope of her administrative charge.

16. Martin's claims under the FCRA are barred to the extent that they were not the subject of a timely charge filed with the Florida Commission on Human Relations pursuant to Chapter 760, Florida Statutes, with respect to which no investigation or conciliation effort has been made by the Florida Commission on Human Relations, or which were not made the subject of a timely civil action pursuant to Chapter 760, Florida Statutes.

17. Martin has failed to exhaust her administrative remedies under the FCRA.

18. Martin's pre-existing emotional, psychological, and physical condition prior to the alleged acts of misconduct was such that Page's act(s) did not proximately cause or contribute in any manner to Martin's alleged injuries and/or damages and Page may not be held liable for any such alleged injuries or damages.

19. Any award of compensatory or punitive damages under the ADA or Title VII is restricted by the limitations of 42 U.S.C. § 1981a(b).

20. Martin's claim for punitive damages under Title VII and the ADA are barred because the acts, if any, and omissions, if any, of Page do not rise to the level required to sustain an award of punitive damages, were not motivated by evil intent, do not evince a reckless or callous indifference to any of Page's protected rights, and are not so wanton or willful as to support an award of punitive damages as a matter of law.

21. Any award of punitive damages to Martin would violate the substantive and procedural safeguards guaranteed to Page by the United States Constitution. Any punitive damage award is therefore barred.

22. Any award of punitive damages will violate the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution in that standards for award of punitive damages are vague, are not rationally related to legitimate government interests, and do not provide a sufficiently high standard of proof in order to sustain a punitive damage award. Martin's claim for punitive damages is therefore barred.

23. Any award of punitive damages will violate the procedural safeguards guaranteed to Page by the Fifth and Sixth Amendments to the United States Constitution in that such damages are penal in nature. Consequently, Page is entitled to the same procedural safeguards afforded criminal defendants, including the protection from self-incrimination and a burden of proof equivalent to the "beyond a reasonable doubt" standard. Martin' claim for punitive damages is therefore barred.

24. Any award of punitive damages to Martin in this case is barred as violative of the Fourteenth Amendment to the United States Constitution to the extent that any evidence of the financial status or ability of Page to pay is admissible in determining the extent of the punishment awarded; such practice violates constitutional guarantees of equal protection under the law, and an award of punitive damages is therefore barred.

25. Martin has failed to mitigate her damages, if any, and her claims are therefore barred.

26. To the extent that Martin has failed to mitigate her damages, if any, Page is entitled to a set-off on the amount which Martin did or could have earned through reasonable efforts.

27. By her conduct, Martin is estopped to assert the claims or types of damages contained in the complaint.

28. By her conduct, Martin has waived her right to assert the claims contained in the complaint.

29. Page expressly denies that it or any employee under its supervision acted in any manner which violated Martin's rights, including engaging in discrimination or other unlawful actions toward Martin. If Martin's rights were violated by an employee of Page, such violation occurred outside the scope of employment and without the consent of Page. Page neither knew nor had reason to know of any such violation. Page did not condone, ratify, or tolerate any such conduct, but instead prohibited such conduct.

30. Any actions by Page were taken for lawful, legitimate business reasons.

31. Martin's claims are barred to the extent they involve transactions or events, or seek damages for periods, outside the applicable statutory limitations period.

32. Martin's claims are frivolous both in factual foundation and legal substance, and Page is entitled to an award of their costs and attorneys' fees pursuant to Title VII, the ADA, 28 U.S.C. § 1927, the FCRA and Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Page asserts that Martin should take nothing by this action, and that Page should recover its costs and reasonable attorneys' fees in this matter, together with such further and just relief as the Court deems appropriate.

Date: April 3, 2000

FISHER & PHILLIPS LLP
2300 NationsBank Tower
One Financial Plaza
Fort Lauderdale, Florida 33394
Phone:      (954) 525-4800
Facsimile:  (954) 525-8739

By:_____
James C. Polkinghorn
(Fla. Bar No. 0376892)
Cathy M. Stutin
(Fla. Bar No. 0865011)

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I certify that on this date I caused a true and correct copy of the foregoing **DEFENDANT'S ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES** to be served on the following individual by depositing same in the United States Mail, First Class, postage prepaid:

>Loring N. Spolter, Esquire
>International Building
>2455 E. Sunrise Boulevard
>Suite 807
>Fort Lauderdale, Florida 33304

Date: April 3, 2000