UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6037-CIV-FERGUSON/SNOW

SHERRY MARTIN,

     Plaintiff,

v.

PAGE BROTHERS ASSOCIATES INC.,
a Florida corporation, d/b/a CORAL
SPRINGS AUTO MALL,

     Defendant.

_____/

### PLAINTIFF'S MOTION TO COMPEL PURSUANT TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, SHERRY MARTIN ("Martin"), through her undersigned attorneys, files this Motion to Compel Discovery Pursuant to Plaintiff's First Request for Production of Documents, pursuant to Federal Rule of Civil Procedure 37 and Local Rule 26.1 of the United States District Court for the Southern District of Florida, and states:

### BACKGROUND

This is an employment discrimination case. Martin worked for the Defendant (a car dealership) in the Service Department. Shortly after she began working for the Defendant, she was diagnosed with cancer. Part of Martin's cancer was located in her legs, which after several surgeries, caused her to walk with a noticeable limp. After her first surgery, Steve Taborsky, her supervisor, told her that he "didn't want [Martin] in the service lane with crutches or a cane."

As Martin's illness progressed, she needed to take time off, but the Defendant never notified her of Family and Medical Leave Act leave. The Defendant also refused to reasonably accommodate Martin's disabilities by refusing to allow her to park in a disabled parking spot, and by refusing to allow Martin to elevate her leg. Taborsky finally told her, "That's why I have to fire you, because of your health. You know its affecting your job."



Martin filed her Complaint, alleging that the Defendant discriminated against her in the terms and conditions of employment, and by terminating her because of a condition of her disability and gender, in violation of 42 U.S.C. § 2000e *et seq.*, ("Title VII"), 42 U.S.C. § 12101 *et seq.*, *Florida Statutes* § 760.01 *et seq.*, ("Florida Civil Rights Act of 1992"), and she brought a claim alleging that her rights under the Family and Medical Leave Act were violated, 29 U.S.C. § 2601 *et seq.*

## PRELIMINARY STATEMENT

"Courts have treated discovery requests in employment discrimination cases liberally." *Lyoch v. Anheuser-Busch Cos.*, 164 F.R.D. 62, 65 (E.D. Mo. 1995) (citing *Finch v. Hercules, Inc.*, 149 F.R.D. 60, 62 (D. Del. 1993)). "[T]he necessity for liberal discovery to clarify complex issues encountered in litigation seeking to redress employment discrimination has been widely recognized." *Id.* (citing *Marshall v. Electric Hose & Rubber Co.*, 68 F.R.D. 287, 295 (D. Del. 1995)). Our own Circuit has long held that "liberal discovery rules are applied in Title VII litigation." *Sweat v. Miller Brewing Co.*, 708 F.2d 655, 658 (11th Cir. 1983).

In such cases, the plaintiff must be given access to information that will assist the plaintiff in establishing the existence of the alleged discrimination." *Lyoch*, 164 F.R.D. at 65 (citing *Flanagan v. Travelers Ins. Co.*, 111 F.R.D. 42, 45 (W.D. N.Y. 1986) (stating that the courts should avoid imposing unnecessary limits on discovery in employment discrimination cases) (citations omitted)). "Thus, the scope of discovery must go beyond the specifics of the plaintiff's claim." *Lyoch*, 164 F.R.D. at 65.

Further, as the late Honorable Charles Richey noted in discussing discovery problems in the Title VII area:

> Plaintiffs should be permitted a very broad scope of discovery in Title VII cases, even in individual employee cases. Since direct evidence of discrimination is rarely obtainable, plaintiffs must rely on circumstantial evidence and statistical data, and evidence of an employer's overall employment practices may be essential to plaintiff's prima facie case.

Charles Richey, *Manual on Employment Discrimination Law and Civil Rights Actions in the Federal Courts*, A-26 (Fed. Jud. Ctr. rev. ed. 1986).

The standard provided by the Federal Rules of Civil Procedure is that:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . . It is not grounds for objections that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The key phrase in this definition—"relevant to the subject matter involved in the pending action"—has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

The vast majority of Defendant's objections are couched in very general terms. The primary deficiency of these general objections interposed by the Defendant is that they are nothing more than "boilerplate" language, of no guidance to Martin or the Court in determining whether the objections are *bona fide*. The Eleventh Circuit has held that mere boilerplate objections to discovery requests, without more, are insufficient grounds upon which to withhold production of otherwise discoverable documents. *Panola Land Buyer's Ass'n v. Schuman*, 762 F.2d 1550 (11th Cir. 1985) (denying request for protective order based on conclusory objection); *Obiajulu v. City of Rochester, Dep't of Law*, 166 F.R.D. 293 (W.D. N.Y. 1996); *Gheesling v. Chater*, 162 F.R.D. 649, 650 (D. Kan. 1995).

## MEMORANDUM OF LAW

### A.    Request No. 4

Any and all EEO-1 reports filed by the Defendant from 1995 through the present.

**Defendant's Response:** Coral Springs objects to Request No. 4 on the grounds that it is overbroad and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Martin's Position:**    The requested EEO-1 reports are clearly discoverable, as the courts, including this Circuit, have so held. *Sweat v. Miller Brewing Co.*, 708 F.2d 655, 657-58 (11th Cir. 1983); *Siskonen v. Stanadyne, Inc.*, 124 F.R.D. 610 (W.D. Mich. 1989); *Witten v. A.H. Smith & Co.*, 100 F.R.D. 446 (D. Md. 1984) (rejecting the defendant-employer's objection based upon self-evaluation privilege and stating that EEO-1 reports "could contain potentially useful information of intent and motivation"); and

*Evans v. Local Union 2127, Int'l Bhd. of Electrical Workers*, 313 F. Supp. 1354 (N.D. Ga. 1969). Because the EEO-1 reports contain information with respect to the suspect classifications of Defendant's employees, and because binding precedent so holds, they are reasonably calculated to lead to the discovery of admissible evidence concerning discrimination on the part of Defendant. Therefore, their production should be compelled.

In response to Defendant's objection that the request is over broad, evidence of discrimination in general is admissible (and discoverable) to show a particular instance of discrimination—in individual-plaintiff disparate treatment actions. *Sweat v. Miller Brewing Co.*, 708 F.2d 655, 657-58 (11th Cir. 1983) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 805 (1973) and *Burns v. Thiokol Chemical Corp.*, 483 F.2d 300, 306 (5th Cir. 1973) (holding that company-wide statistical information concerning a company's general practices regarding minority employment is discoverable to show pretext in an individual disparate treatment case))). On this issue, the Eleventh Circuit has stated that:

> Statistical information concerning an employer's general policy and practice concerning minority employment may be relevant to a showing of pretext, even in a case alleging an individual instance of discrimination rather than a 'pattern and practice' of discrimination.

*Sweat v. Miller Brewing Co.*, 708 F.2d 655, 657-58 (11th Cir. 1983).

Finally, statistical information can be used in many ways in employment discrimination cases, and is readily admissible and discoverable. *Grant v. Newsgroup Boston, Inc.*, 55 F.3d 1, 8 (1st Cir. 1995) (to prove pretext in a promotional discrimination case); *Greene v. Safeway Stores, Inc.*, 98 F.3d 554, 559-60 (10th Cir. 1996) (to prove intent in a disparate treatment, age discrimination case); and *Winbush v. Iowa by Glenwood State Hosp.*, 66 F.3d 1471 (8th Cir. 1995) (to help establish a prima facie case under the *McDonnell Douglas / Burdine / Hicks* inferential model). Thus, the requested documents are reasonably calculated to lead to the discovery of admissible evidence, and are therefore subject to production.

**B.      Request No. 9**

4

The Personnel files of all employees who filed complaints with the Defendant or its predecessors or any government agency alleging gender discrimination based on disparate treatment, and/or disability discrimination with respect to the terms and conditions of employment, and/or family and Medical Leave Act violations by the Defendant in the past five (5) years.

**Defendant's Response:**     Coral Springs objects to Request No. 9 as over broad and seeking information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Coral Springs further objects to Request No. 9 on the grounds that it seeks private and confidential information, including statutorily protected information, regarding Coral Springs's employees.

**Martin's Position:**     In *Burns v. Thiokol Chemical Corp.*, 483 F.2d 300, 306 (5th Cir. 1973),[1] an employee filed a Title VII and 42 U.S.C. § 1981 action against his employer. The employee propounded a discovery request, which among other things—like Martin's here—sought information regarding information about the employer's employees which would have encompassed prior discrimination charges. The employer in *Burns*, like Defendant here—filed objections to the discovery request contending, among other things, that the plaintiff sought irrelevant and immaterial information, which would be unduly burdensome to respond to. The court, in an opinion which is binding in this Circuit, rejected the employer's objections, and reasoned that:

> Obviously, Thiokol failed to take account of the difference in degrees between the quantum of 'relevancy' which will support an effort to discover background information and the more demanding degree of 'relevancy' exacted by the trial judge at the evidentiary tender, as reflected by the statement of Rule 26(b) that 'It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.' Ultimate admissibility is simply not the test for relevancy of material to be discovered.

*Id.* at 304 n.8. The court emphasized that the purpose of the discovery provisions of the Federal Rules of Civil Procedure is to allow the parties to develop fully and crystallize concise factual issues for trial. *Id.*

---

[1] The *Burns* case was decided before the close of business on September 30, 1981 and is therefore binding precedent in this Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Furthermore, regarding the information that the discovery request would have required to have been produced about statistical information regarding its employees, the court in *Burns* stated that "[i]n the problem of racial discrimination, statistics often tell much, and Courts listen." *Id.* at 305. The court reasoned that:

> Our wide experience with cases involving racial discrimination in education, employment, and other segments of society have led us to rely heavily in Title VII cases on the empirical data which show an employer's overall pattern of conduct in determining whether he has discriminated against particular individuals or a class as a whole.

*Id.* Therefore, Martin is entitled to the requested documents.

Third, the request is reasonably calculated to lead to the discovery of admissible evidence, as Martin is entitled to use statistical evidence in a variety of other ways in order to prove intent and pretext under the *McDonnell Douglas* shifting burdens framework; see, *e.g., Grant v. Newsgroup Boston, Inc.*, 55 F.3d 1, 8 (1st Cir. 1995) (to prove pretext in a promotional discrimination case); *Greene v. Safeway Stores, Inc.*, 98 F.3d 554, 559-60 (10th Cir. 1996) (to prove intent in a disparate treatment, age discrimination case); and *Winbush v. Iowa by Glenwood State Hosp.*, 66 F.3d 1471 (8th Cir. 1995) (to help establish a prima facie case under the *McDonnell Douglas / Burdine / Hicks* inferential model). Thus, Martin is entitled to the requested documents.

Finally, employee personnel files are certainly discoverable, see, *e.g., Vining v. Runyon*, 99 F.3d 1056 (11th Cir. 1996) and *Coughlin v. Lee*, 946 F.2d 1152 (5th Cir. 1991); *see also, infra*, Martin's Position for Request No. 25, and information regarding charges of discrimination that other employees have filed in the past is also discoverable; see, *e.g., EEOC v. Citicorp Diners Club, Inc.*, 985 F.2d 1036 (10th Cir. 1993); *Lyoch v. Anheuser-Busch Cos.*, 164 F.R.D. 62, 70 (E.D. Mo. 1995) (discoverable going back five (5) years). Therefore, the Court should order the requested documents to be produced.

## C.    Request No. 13

Copies of all charges of gender discrimination and/or disability discrimination violation(s) filed against the Defendant in the past five (5) years with the Equal Employment Opportunity Commission,

Florida Commission on Human Relations, the United States Department of Labor, and/or any other federal, state or local agency, by employees of the Defendant.

**Defendant's Response:**    Coral Springs objects to Request No. 9 as over broad and seeking information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Coral Springs further objects to Request No. 9 on the grounds that it seeks private and confidential information, including statutorily protected information, regarding Coral Springs's employees.

**Martin's Position:**    Other charges of discrimination are certainly discoverable, as the courts have held that documents that defendants have regarding discrimination complaints from other employees are discoverable in employment discrimination suits. *EEOC v. Citicorp Diners Club, Inc.*, 985 F.2d 1036 (10th Cir. 1993); *Lyoch v. Anheuser-Busch Cos.*, 164 F.R.D. 62, 70 (E.D. Mo. 1995). *See Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 906 (6th Cir. 1990); *Hollander v. American Cyanamid Co.*, 895 F.2d 80, 84 (2d Cir. 1990); *Hunter v. Allis-Chalmers Corp.*, 797 F.2d 1417 (7th Cir. 1985); and *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978).

The courts have further reasoned that although a plaintiff alleges individual disparate treatment, "[c]omparative information is necessary to afford plaintiff a fair opportunity to develop her case and may be relevant to establish the pretextual nature of defendant's conduct." *Lyoch v. Anheuser-Busch Cos.*, 164 F.R.D. at 66 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) and *Rich v. Martin-Marietta Corp.*, 522 F2d 333 (10th Cir. 1975)); *Sweat v. Miller Brewing Co.*, 708 F.2d 655, 658 (11th Cir. 1983). *See also Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978). In *Lyoch*, the court compelled the production of other discrimination complaints, reasoning that they may determine a pattern or practice which may bear on the plaintiff, and held that going back five years for charges of other employees who have filed discrimination suits is reasonable. *Lyoch*, 164 F.R.D. at 70. Therefore, the requested documents must be produced, as they are reasonably calculated to lead to the discovery of admissible evidence.

**D.    Request No. 19**

Any "reservation of rights" letter from the Defendant's insurer regarding the above-entitled proceeding.

**Defendant's Response:**        Coral Springs objects to Request No. 19 as seeking private and confidential information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

**Martin's Position:**        The Local Rules expressly provide for the discovery of insurance of information. S.D. Fla. L.R. 26.1.G. Accordingly, the production of any such letter should be compelled.

### E.        Request No. 20

All documents which in any way support the Defendant's affirmative defenses.

**Defendant's Response:**        Coral Springs objects to Request No. 20 as seeking the disclosure of mental impressions, conclusions, opinions, or legal theories of Coral Springs or its counsel which is protected by the work product and attorney/client privileges.

Martin's Position:        Defendant's purported objection based on privilege is improper. Regarding Defendant's purported objection based on privilege, Defendant failed to comply with Local Rule 26.1.G.6(b) which requires a party basing a discovery objection on a claim of privilege to provide certain information in support of such a claim in the form of a privilege log. Specifically, pursuant to Local Rule 26.1.G.6(b)(ii)(A), a party basing a discovery objection to a document request based on privilege must, among other things, identify: 1) the type of document; 2) general subject matter of the document; and 3) its date. It is settled that in a general sense, a claim of privilege from discovery of material must be made on a statement-by-statement or document-by-document basis; a blanket claim of privilege is not acceptable. *Potts v. Allis-Chalmers Corp.*, 118 F.R.D. 597 (M.D. Ind. 1987). Because Defendant failed to comply with Local Rule 26.1.G.6(b), neither the Court nor Jones can ascertain whether Defendant's privilege objection is bona fide.

Moreover, Defendant repeatedly lodged privilege objections to many of Martin's instant document requests, despite the fact that the courts have warned litigants against the liberal use of objections based on privilege in civil litigation. Over ten years ago, one judge noted that "[t]he constant,

8

growing tendency of litigants to frustrate the trial discovery process . . . is dangerous and 'chilling' to a process which is geared toward a search for the truth." *Shelton v. AMC*, 805 F.2d 1323, 1331 (8th Cir. 1986) (Battey, J., dissenting). Judge Battey stated further that <u>Hickman v. Taylor</u>, 329 U.S. 495 (1947) "and its progeny light the way toward open discovery." *Id.* Federal Rule of Civil Procedure 26(b)(3) "had earlier embodied the proposition that discovery should be liberally permitted subject to the control of the court to prevent abuse." *Id.* Judge Battey further noted that the "often raised defense used to blunt persistent and piercing discovery is the defense of '*work-product*' and '*attorney-privilege*.' Such concepts, narrow in scope though they may be, are often attempted to be used as swords rather than shields. Upon reading this record one cannot help but to conclude that [one of the parties] raised such defenses in a hope of 'stone-walling' the process." *Id.* (emphasis added).

If Defendant possesses any documents responsive to this Request, it should be compelled to produce them, or to list the documents in a privilege log as required by the Local Rules of this Court, so that Martin and the Court can determine if the documents satisfy the appropriate claim of privilege. Certainly documents which pertain to affirmative defenses are discoverable.

**F.    Request No. 25**

The complete personnel file relating to each of the following employees, including but not limited to, the records pertaining to duties, promotion, salary, commission, bonuses, discharge, layoff or retirement:

    (a)    James Gilchrist

    (b)    Steve Taborsky

    (c)    Shawn Lee Ervin

    (d)    James Cocchiola

    (e)    Doug Quiery

    (f)    Dennis Cleary

    (g)    Ryan Williams

**Defendant's Response:**        Coral Springs objects to Request No. 25 as over broad and seeking information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Coral Springs further objects to Request No. 25 on the grounds that it seeks private and confidential information regarding Coral Springs's employees.

**Martin's Position:** The vast majority of courts deciding whether personnel files are discoverable in disparate treatment cases have held that they are discoverable. *Vining v. Runyon*, 99 F.3d 1056 (11th Cir. 1996); *Coughlin v. Lee*, 946 F.2d 1152 (5th Cir. 1991); *Weahkee v. Norton*, 621 F.2d 1080 (10th Cir. 1980); *Ladson v. Ulltra East Packing Corp.*, 164 F.R.D. 376 (S.D.N.Y. 1996); *Aramburu v. Boeing Co.*, 885 F. Supp. 1434 (D. Kan. 1995); *Griffith v. Wal-Mart Stores, Inc.*, 163 F.R.D. 4 (E.D. Ky. 1995); *Parrish v. Ford Motor Co.*, 953 F.2d 1384 (6th Cir. 1992) (unpublished text available on Westlaw); *Willis v. Golden Rule Ins.*, 1991 WL 35008 (E.D. Tenn. 1991); *Watts v. Kimmerly*, 1996 WL 911254 (W.D. Mich. 1996); *Brown v. Oregon Dep't of Corrections*, 173 F.R.D. 262 (D. Or. 1997); *Ragge v. MCA/Universal Studios*, 165 F.R.D. 601 (C.D. Cal. 1998); *Wilson v. Martin County Hosp. Dist.*, 149 F.R.D. 553 (W.D. Tex. 1993); *Gatewood v. Stone Container Corp.*, 170 F.R.D. 455 (S.D. Iowa 1996); *Hicks v. Big Brothers/Big Sisters of Am.*, 168 F.R.D. 528 (E.D. Pa. 1996); *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412 (E.D. Pa. 1996); *Costa v. Remillard*, 160 F.R.D. 434 (D.R.I. 1995). The cited cases are merely a portion of those holding personnel files are discoverable in disparate treatment discrimination cases.

The requested information is relevant, as it provides information for comparative purposes. Martin does not seek medical records, tax, or insurance records, or the like. The request seeks only job-related information in those personnel files for people who are clearly involved in the litigation, or whom Martin desires to use as comparators. The information is particularly relevant for the pretext stage; that is, so that Martin has access to documents which may be essential to rebut Defendant's alleged legitimate, non-discriminatory reasons. *Hollander v. American Cyanamid Co.*, 895 F.2d 80, 84 (2d Cir. 1990) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804-05 (1973) and *Lieberman v. Gant*, 630 F.2d 68-69 (2d Cir. 1980)). In *Hollander*, the court noted that employers rarely leave a paper trail or "smoking gun",

10

and that therefore disparate treatment plaintiffs often must build their cases from pieces of circumstantial evidence which cumulatively undercut the credibility of the various explanations offered by the employer. *Hollander*, 895 F.2d at 85.

Further, in *Vining*, the Eleventh Circuit held that it was error for a trial court to refuse to compel the production of personnel files of employees that the plaintiff desired to use as comparators. *See also Carter v. DecisionOne Corp.*, 122 F.3d 997, 1000 (11th Cir. 1997) (affirming verdict for plaintiff, and stating that the defendant's treatment of plaintiff in a manner different from its treatment of younger male sales representatives was a sufficient basis for the jury's verdict for discrimination) and *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1098-99 (11th Cir. 1996) (affirming judgment for the plaintiff, and relying in part on evidence of disparate treatment between groups of older managers, compared with managers under the age of 39, noting that "every manager under the age of thirty-nine who had been rated 'Below Expectations' was scheduled to be reappraised in the near future, while six out of eight of the managers over the age of forty-five who had been rated 'Below Expectations' was demoted or resigned"). Martin is entitled to review the requested files for the same reasons. Accordingly, Martin is entitled to the files for comparative purposes.

The Defendant's invasion of privacy argument has been rejected. For example, one commentator wrote, about a case which stated that there are privacy concerns with respect to personnel files, that the "standards employed in *Gehring* seem just plain wrong." Richard T. Seymour & Barbara Berish Brown, *Equal Employment Law Update* 32-694 (Spring ed. 1997). Moreover, contrary to what Defendant contends:

> Concerns for the privacy of employees can be protected by the entry of a confidentiality order, and cannot be allowed to outweigh the ability of a victim to prove discrimination in violation of a national policy. [The *Gehring* case] assumes important privacy interests but does not describe them; information on job history, employee qualifications, relative performance, and the like, do not normally involve very strong considerations of privacy. Finally, putting the defendant's personnel policies on trial is the *purpose* of fair employment litigation, not a result to be avoided at all costs. The point of obtaining personnel folders is to determine what the policies have really been, and how they have really been applied.

*Id.* at 32-694-695. Moreover, Martin will agree to enter into a confidentiality agreement with Defendant wherein she will agree not to disseminate any information from the files except for purposes of this litigation. Thus, production of the personnel files should be compelled.

G.      **Request No. 28**

All documents which indicate the breakdown of the workforce by each of the following characteristics: name, date of hire, rate of pay, date of birth of employees at the present time.

**Defendant's Response:** Coral Springs objects to Request No. 28 as over broad and seeking information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Coral Springs further objects to Request No. 28 on the grounds that it seeks private and confidential information regarding Coral Springs's employees.

**Martin's Position:** Documents which indicate the breakdown of the workforce, the applicant pool, and the market pool are all discoverable. *Hazelwood Sch. Dist. v. United States*, 433 U.S. 299, 307 & 308 n.13 (1977); *United States v. Hayes Int'l Corp.*, 456 F.2d 112, 120 (5th Cir. 1972); and *Albemarle Paper Co. v. Moody*, 422 U.S. 405 (1975). The above cases hold that the statistical prima facie case may be established by proof that the practices in question are used to select applicants for hire based upon race, age, or disability, in a pattern significantly different from that of the pool of applicants. The relevant labor market against which Defendant's hiring practices may be compared to determine the existence of disparities based upon race, age, or disability may depend upon the circumstances of the case, but the above courts utilized general population or labor force statistics.

In *Hayes*, the court held that the lopsided ratios between the number of blacks hired and their percentage of population in the relevant labor market satisfied the plaintiff's prima facie case in showing that the defendant engaged in past or present discriminatory hiring practices. *Hayes*, 456 F.2d at 120. Similarly, the Supreme Court stated that "statistics can be an important source of proof in employment discrimination cases," since:

> absent explanation, it is ordinarily to be expected that nondiscriminatory hiring practices will in time result in a work force more or less representative of the racial and ethnic composition of the population in the community from which employees are

12

hired. Evidence of long-lasting and gross disparity between the composition of a work force and that of the general population thus may be significant even though s. 703(j) makes clear that Title VII imposes no requirement that a work force mirror the general population.

*Hazelwood Sch. Dist.*, 433 U.S. at 307. Accordingly, documents regarding the relevant labor market, the applicant pool, and the breakdown of the work force are all discoverable.

### H.      Request No. 30

The personnel files of each employee who received the same treatment in activities such as hiring, selection, assignment, promotion, demotion, discipline, compensation, termination, layoff or other employment-related action which the Plaintiff contends are discriminatory.

**Defendant's Response:**      Coral Springs objects to Request No. 30 as vague, over broad and seeking information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Coral Springs further objects to Request No. 30 on the grounds that it seeks private and confidential information regarding Coral Springs's employees.

**Martin's Position:**     See *supra*, Martin's Position to Request No. 25.   The requested information is relevant, as it provides information for comparative purposes.   Martin does not seek medical records, tax, or insurance records, or the like.  In *Vining v. Runyon*, 99 F.3d 1056 (11th Cir. 1996), the Eleventh Circuit held that it was error for a trial court to refuse to compel the production of personnel files of employees that the plaintiff desired to use as comparators.  Accordingly, production of the requested documents should be compelled.

### I.      Request No. 31

The personnel files for each employee who is or was in a similar job description, had similar or comparable duties, or received compensation comparable to that of the Plaintiff, during the period of Plaintiff's employment.

**Defendant's Response:**      Coral Springs objects to Request No. 31 as vague, over broad and seeking information that is not relevant to the subject matter of this litigation and not reasonably

calculated to lead to the discovery of admissible evidence. Coral Springs further objects to Request No. 31 on the grounds that it seeks private and confidential information regarding Coral Springs's employees.

**Martin's Position:** See *supra*, Martin's Position to Request Nos. 25 and 30. Additionally, the requested information is relevant to Martin's termination claim for comparative purposes, because the Defendant may not have fired other employees who performed similarly to Martin, or Defendant may have disciplined such employees in a different manner (or not disciplined such employees at all). This Circuit has held that it is discriminatory for an employer to disparately discipline employees for violating the same work rule. *Anderson v. Savage Labs., Inc.*, 675 F.2d 1221 (11th Cir. 1982). Thus, the requested documents are discoverable, because Martin is entitled to review records which will show whether the Defendant did or did not uniformly discipline its employees.

### J.    Request No. 32

The personnel files for each employee who is or was in a similar job description, had similar or comparable duties, and who received compensation different from Plaintiff, during the period of Plaintiff's employment.

**Defendant's Response:** Coral Springs objects to Request No. 32 as vague, over broad and seeking information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Coral Springs further objects to Request No. 32 on the grounds that it seeks private and confidential information regarding Coral Springs's employees.

**Martin's Position:** See *supra*, Martin's Position to Request Nos. 25, 30, and 31.

### K.    Request No. 36

All documents relating to all inquiries or investigations conducted as a result of Plaintiff's claim or allegation of discrimination.

**Defendant's Response:** Coral Springs objects to Request No. 36 on the grounds that it seeks information protected by the work product and/or attorney client privileges.

**Martin's Position:** See *supra*, "Martin's Position" for Request No. 20 regarding Defendant's objection based on privilege, which was raised without the submission of a privilege log as required by

the Local Rules. Additionally, this request calls for witness statements, memoranda, journals, diaries and the like to be produced. For the sake of simplicity, Martin will discuss separately journals, diaries, calendars, and the like 1) *not* prepared in anticipation of litigation, and those 2) prepared in anticipation of litigation.

Journals, diaries and calendars *not* prepared in anticipation of litigation are generally discoverable; they need only comport with Federal Rule of Civil Procedure 26(b)(1)'s basic relevancy requirement. *Topol v. Trustees of Univ. of Pennsylvania*, 160 F.R.D. 476, 477 (E.D. Pa. 1995). In *Topol*, a sex harassment case, defendants moved to compel discovery of the plaintiff's diary. *Id.* The plaintiff moved for a protective order, contending that the diary was not relevant to her sexual harassment action. *Id.* The court in *Topol* disagreed with the plaintiff, finding that the plaintiff maintained the diary during the time period from which the allegations in her complaint arose, and that the diary pertained to her alleged harasser. *Id.* The court thus granted the defendant's motion to compel. *Id.*

Regarding journals, diaries, calendars, and the like prepared in anticipation of litigation, Federal Rule of Civil Procedure 26(b)(3) provides in relevant part:

> a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by of for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

This rule establishes a two-step test to govern claims of privilege. First, the party withholding documents must demonstrate that they were prepared in anticipation of litigation. Second, if such a showing is made, the discovering party must demonstrate substantial need of the information and an inability to obtain the information in any other way without undue hardship. *Rexford v. Olczak*, 176 F.R.D. 90, 91 (W.D.N.Y. 1997) (citing Fed. R. Civ. P. 26(b)(3) (stating that diaries, calendars, journals and the like "prepared in anticipation of litigation. . . [must be produced] upon the showing that the party seeking discovery has substantial need of the materials" ).

Assuming that any documents responsive to this request were prepared in anticipation of litigation, regarding the second step of the test, the courts have found that a party may demonstrate a "substantial need" for information contained in diaries, calendars, and journals *made after* the prospect of litigation became imminent by the fact itself of their contemporaneous nature, and the fact that a party's prior recorded statements may differ from his or her present account, and yet, without the diary, journal, or witness statement, the opposing party would be unable to determine that this is the case. *Id.* at 92; *Carolan v. New York Tel. Co.*, 1984 WL 368, *4 (S.D.N.Y. 1984); *White v. Office of the Pub. Defender for Maryland*, 170 F.R.D. 138, 150 (D. Md. 1997); *Zises v. Department of Soc. Servs of the Human Res. Admin. of New York*, 112 F.R.D. 223 (E.D.N.Y. 1986). The drafters of Rule 26(b)(3) contemplated that documents prepared in anticipation of litigation would be discoverable under these circumstances. Advisory Committee to 1970 Amendment (citing *Southern Ry. v. Lanham*, 403 F.2d 119 (5th Cir. 1969) (holding that one of the circumstances under which a witness' statement made in preparation for litigation may be discoverable is when the witness has given a contemporaneous account in a written statement while he is available to the party seeking discovery only a substantial time thereafter)).[2]

Furthermore, the courts have noted that it would be an exercise in futility to require a party to first attempt to obtain the substantial equivalent of that information by way of deposition. *Carolan*, 1984 WL 384 at *4; *see Rexford*, 176 F.R.D. at 92. The above cases make clear that parties should produce diaries, calendars, and journals in their possession *before* depositions are taken so that the opposing party can question witnesses about them. Thus, the requested information, including any diaries, calendars, journals, and witness statements that Defendants have maintained *in anticipation of litigation*, must be produced.

**L.**    <u>**Request No. 38**</u>

The year end balance sheets of the Defendant for 1997, 1998, and 1999.

---

[2] *Lanham* is binding precedent in this Circuit, because it was decided prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

**Defendant's Response:**      Coral Springs objects to Request No. 38 as over broad and seeking private and confidential information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

**Martin's Position:**      Before the Supreme Court decided *Kolstad v. American Dental Ass'n*, 119 S. Ct. 2118 (1999), there was a split in the circuits regarding the standard that a plaintiff must prove in order to recover punitive damages. *Compare Luciano v. Olsten Corp.*, 110 F.3d 210, 219-20 (2d Cir. 1997) (rejecting contention that punitive damages require showing of "extraordinarily egregious" conduct) *with Harris v. L & L Wings, Inc.*, 132 F.3d 978, 982 (4th Cir. 1997) (accepting the contention that "[p]unitive damages are 'an extraordinary remedy,' to be reserved for egregious cases").

In *Kolstad*, the Supreme Court held that plaintiffs do not have to prove egregiousness in order to recover punitive damages, and stated as follows: "[W]e reject [the] conclusion that eligibility for punitive damages can only be described in terms of an employer's 'egregious' misconduct." *Kolstad*, 119 S. Ct. at 2124. The Court further held that pursuant to 42 U.S.C. § 1981a (the statutory authority for punitive damage awards in Title VII and 42 U.S.C. § 1981(a) cases), plaintiffs need only prove that the defendant engaged in intentional discrimination with malice or reckless indifference. *Id.* The Court interpreted this to mean that in order to have punitive damages assessed against it an employer need only "discriminate in the face of a perceived risk that its actions will violate federal law to be liable in punitive damages." *Id.* at 2125.

In this case, Martin can show that the conduct of the Defendant warrants an award of punitive damages. First, the EEOC's regulations state that punitive damages are virtually *per se* applicable in cases where direct evidence of discrimination exists. (*EEOC Policy Guideline on Damages Provisions of the 1991 Civil Rights Act and Disparate Treatment Cases Approved by Commissioners*, July 7, 1992) (stating that punitive damages are applicable when there is "deliberate retaliatory conduct [by the] defendant"). These EEOC guidelines must be followed as long as they are not arbitrary or capricious. *Sims v. Trus Joist MacMillan*, 22 F.3d 1059 (11th Cir. 1994) (stating that regulations promulgated pursuant to Title VII by the EEOC must be upheld so long as they are reasonably related to statutory

purpose); *Doe v. Dekalb County Sch. Dist.*, 145 F.3d 1441, 1448 (11th Cir. 1998). This is a direct evidence case, as Martin's supervisor told her that he was firing her because of her disability. Second, "[t]he requisite level of recklessness . . . [required to support punitive damages] can be inferred from management's participation in the discriminatory conduct." *Kim v. Nash Finch Co.*, 123 F.3d 1046, 1066 (8th Cir. 1997). In this case, it was a management level official who was the decision-maker with respect to the adverse employment action that occurred.

The EEOC Guidelines state that the factors to consider when asserting a claim for punitive damages include:

    a)    the degree, nature and egregiousness of the defendant's conduct;

    b)    nature, extent, and severity of the harm to the claimant;

    c)    the duration of the alleged discriminatory conduct;

    d)    the existence and frequency of past discriminatory conduct;

    e)    the actions of the defendant after being informed of the discriminatory conduct;

    f)    evidence of a concealment or "coverup" by defendant; and

    g)    proof of threats or deliberate retaliatory conduct of defendant.

(*EEOC Policy Guideline on Damages Provisions of the 1991 Civil Rights Act and Disparate Treatment Cases Approved by Commissioners*, July 7, 1992). Each factor is not required for punitive damages to be awarded. *Nicks v. Missouri*, 67 F.3d 699, 703 (8th Cir. 1995) (finding only one factor but upholding punitive damage award). As stated above, in this case, there is direct evidence of discriminatory intent against Martin which requires the conclusion that punitive damages are a remedy that must be submitted to the jury, and which therefore warrants that the financial information sought by Martin be compelled.

With respect to the Defendant's contention that the request is overly broad, it is well settled that the financial position of a defendant is highly relevant in determining the appropriate amount of punitive damages. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270 (1981) (stating that "evidence of a tortfeasor's wealth is traditionally admissible as a measure of the amount of punitive damages that should

be awarded"). The EEOC has listed the following relevant factors to be considered by the fact-finder in determining the amount of a punitive damages award in a Title VII case:

A.     The revenues and liabilities of the business.

B.     The fair market value of the defendant's assets.

C.     The amount of liquid assets on hand, which includes amounts that they reasonably can borrow.

D.     The defendant's propensity to generate income in the future—projected earnings.

E.     The resale value of the business. This is particularly useful where the business has a unique spot in the market. For instance, large companies may be seeking to buy the business.

F.     Consider whether the [defendant] is affiliated with, or a subsidiary of, a larger entity that could provide additional financial resources to the defendant.

*EEOC Policy Guideline*, No. 915.002 (July 14, 1992). These EEOC guidelines must be upheld as long as they are reasonably related to Title VII's remedial purposes. *Sims v. Trus Joist MacMillan*, 22 F.3d 1059 (11th Cir. 1994) (stating that regulations promulgated pursuant to Title VII by the EEOC must be upheld so long as they are reasonably related to statutory purpose).

With respect to the Defendant's contention that Martin's request is premature, case law holds that plaintiffs in employment discrimination cases are entitled to this information when they originally request it. *Bessier v. Precise Tool & Eng'g Co.*, 778 F. Supp. 1509 (W.D. Mo. 1991); *Fretz v. Keltner*, 109 F.R.D. 303 (D. Kan. 1985); *Raiser v. O'Shaughnessy*, 1992 WL 309541 at *1 (N.D. Ill.); and *Tillery v. Lynn*, 607 F. Supp. 399, 402 (S.D. N.Y. 1985). In *Bessier*, the plaintiff was granted discovery of defendant's financial records to prepare a case on the issue of punitive damages. The financial records included: 1) financial statements; 2) income tax returns; 3) documents reflecting the defendant's gross income, net income, and expenditures; 4) bank statements and deposit records; and 5) general ledgers. Accordingly, the Defendant should be compelled to produce the financial information requested.

Moreover, magistrate judges in the Southern District of Florida routinely compel financial information in employment discrimination cases where plaintiffs request it and where defendants refuse

to produce it. (*See, e.g., Order* by Magistrate Judge Lurana Snow in *Irving v. Hooley Family Mangement, Inc., et al.*, Case No. 97-7150-CIV-FERGUSON (May 6, 1998); (*Order* by Magistrate Judge Ted Bandstra in *O'Dell v. Worldcom, Inc.*, Case No. 96-8550-CIV-DAVIS (March 25, 1997); (*Order* by Magistrate Judge Barry Garber in *Jhuboolall v. City of South Miami et al.*, Case No. 99-0718-CIV-SEITZ (Sep. 16, 1999); (*Order* by Magistrate Judge William Turnoff in *Holmes v. Adrian Art Deco Rivera Hotels and Restaurants, Inc., et al.*, Case No. 99-0532-CIV-JORDAN (No. 1, 1999). Accordingly, production of the instant discovery is documentary proof (and with respect to the interrogatories, admissible evidence) of the Defendant's finances. Finally, Martin agrees to enter into a confidentiality order wherein she will agree not to disseminate any of the financial information, and to only use it for purposes of this litigation. Therefore, the Court should compel the production of the financial information in this case.

**M.    Request No. 39**

The annual financial statements for 1997, 1998, and 1999 showing Defendant's assets, gross income, net income, liabilities, and net worth.

**Defendant's Response:**    Coral Springs objects to Request No. 39 as over broad and seeking private and confidential information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

**Martin's Position:**    See *supra*, "Martin's Position" for Request No. 38.

## CONCLUSION

For the foregoing reasons, the production requests and answers to interrogatories requested pursuant to Martin's First Request to Produce should be compelled to be produced by Defendant within ten (10) days.

## CERTIFICATE PURSUANT TO LOCAL RULE 26.1.I

I HEREBY CERTIFY that counsel have conferred in a good faith effort to resolve the issues raised in the foregoing motion, and have been unable to do so.

LORING N. SPOLTER, P.A.
2455 E. Sunrise Blvd.
Suite 807
Fort Lauderdale, Florida 33304
Tel. (954) 728-3494
Fax. (954) 563-2252

By: _____
Loring Spolter Esq.
Fla. Bar No. 0864196

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing had been duly furnished by U.S.

mail to: Cathy Stutin, Esq., Fisher & Phillips, P.A., Attorneys for Defendant, One Financial Plaza, Suite

2300, Fort Lauderdale, Florida 33304, this _____ day of April, 2000.
                                                         May

By: _____
Loring Spolter Esq.
Fla. Bar No. 0864196