UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6037-CIV-FERGUSON/SNOW

SHERRY MARTIN,

    Plaintiff,

v.

PAGE BROTHERS ASSOCIATES INC.,
a Florida corporation, d/b/a CORAL
SPRINGS AUTO MALL,

    Defendant.

_____/

## JOINT SCHEDULING AND STATUS REPORT

Pursuant to Local Rule 16.1.B(7) of the United States District Court for the Southern District of Florida, the parties hereby file their Joint Scheduling and Status Report and Proposed Scheduling Order.

1.    Statement of the Nature of the Claims

    a.   Plaintiff's Statement

Plaintiff, Sherry Martin ("Martin"), brought this action against Defendant alleging disability and gender discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act, and the Florida Civil Rights Act of 1992, and Martin brings a claim for violation of the Family and Medical Leave Act. Shortly after Martin began working for the Defendant, she was diagnosed with cancer. Martin underwent surgeries and other treatment to eradicate the cancer. During Martin's recovery period, the Defendant never informed her of FMLA leave, even though she required time off for

rehabilitation. The Defendant treated her less favorably than similarly situated male and non-disabled people, and Martin was eventually told by her manager, "That's why I have to fire you, because of your health. You know its affecting your job."

Martin seeks a permanent injunction enjoining Defendant from discriminating on the basis of gender and disability, and from violating FMLA; back pay with prejudgment interest and lost benefits; front pay; compensation for non-pecuniary losses, including emotional pain, suffering, humiliation, etc.; punitive damages; and attorney's fees and costs.

    b.   Defendant's Statement

The Defendant, Page Brothers Associates, Inc., denies that it violated any of the Plaintiff's rights under the FMLA, the ADA, Title VII, or the FCRA. The Defendant did not treat the Plaintiff less favorably than similarly situated male and non-disabled employees. Further, the Plaintiff's employment was terminated because of her job performance, not because of her gender, alleged disability or requests for time off. The Defendant also denies that the Plaintiff has properly brought this action, or that she is entitled to any of the relief requested.

    2.   Brief Summary of Uncontested/Stipulated Facts

Martin is female, and suffered from cancer during her employment with the Defendant. Martin began working for the Defendant on or about May 17, 1998. The Defendant is in the automotive business. Martin's employment was terminated by the Defendant on September 13, 1999.

    3.   Brief Summary of the Issues as Presently Known

        a.   Whether the Defendant engaged in unlawful employment practices, namely gender discrimination, in violation of Title VII and the Florida Civil Rights Act of 1992 by

2

treating Martin less favorably in the terms and conditions of her employment and by terminating her employment.

    b.    Whether the Defendant engaged in unlawful employment practices, namely disability discrimination, in violation of the ADA and FCRA by treating Martin less favorably in the terms and conditions of her employment and by terminating her employment.

    c.    Whether the Defendant violated FMLA.

    d.    Whether Martin has complied with all conditions precedent and necessary to the bringing of this action.

    e.    Whether Martin has complied with her common law duty to mitigate her damages.

    f.    Whether Martin can recover punitive damages.

    g.    Whether Martin has stated any claim upon which relief can be granted.

    h.    Whether Martin's claims for liquidated damages under FMLA are barred because the acts, if any, and omissions, if any, of Page do not rise to the level required to sustain an award of liquidated damages as a matter of law.

    i.    Whether Martin has satisfied the conditions precedent to filing and maintaining any cause of action under the Americans with Disabilities Act.

    j.    Whether Martin has satisfied the conditions precedent to filing and maintaining any cause of action under Title VII.

    k.    Whether Martin has satisfied the conditions precedent to filing and maintaining any cause of action under the FCRA.

l.  Whether Martin's claims concerning the ADA and Title VII are barred to the extent that the allegations of her Complaint are beyond the scope of her administrative Charge of Discrimination.

m.  Whether Martin's pre-existing emotional, psychological, and physical condition prior to the alleged acts of misconduct was such that Page's act(s) did not proximately cause or contribute in any manner to Martin's alleged injuries and/or damages and Page may not be held liable for any such alleged injuries or damages.

n.  Whether Martin can recover compensatory damages.

4.  Summary of Pending Motions

Martin's Motion to Compel Discovery Pursuant to Martin's First Request for Production of Documents. There are no other pending motions at this time.

5.  Progress of Discovery/Readiness for Trial

Martin has served her First Request for Production of Documents and First Set of Interrogatories to Page, and Page has served the same on Martin. Page has also served a timely response to Martin's initial discovery requests and issued various subpoenas for documents. The parties anticipate that additional discovery will be conducted and scheduled throughout the discovery period. It is anticipated that the case will be ready for trial and/or final pretrial conference in April, 2001.

6.  Projected Time Necessary for Trial

This case is a jury trial. The parties anticipate that the trial of this matter will take two (2) to three (3) days.

7.  Unique Legal or Factual Aspects of Case

There are no unique legal or factual aspects to this case that are known at this time.

8. Status of Potential Settlement

The parties are willing to discuss settlement, and will do so at the appropriate time. The parties will inform the Court promptly if a settlement is reached.

9. Referral of Matters to a Magistrate Judge

The parties do not consent to trial before the Magistrate Judge, or ruling on dispositive motions by the Magistrate Judge. There are no unique issues which should be referred to a special master or magistrate judge at this time.

10. Other Matters to Aid the Court to Fairly Administer this Action

None at this time.

Respectfully submitted,

LORING SPOLTER, P.A.  
Attorney for Plaintiff  
2455 E. Sunrise Blvd.  
Suite 807  
Fort Lauderdale, FL 33304  
Tel: (954) 728-3494  
Fax: (954) 563-2252  

By: _____  
LORING N. SPOLTER, ESQ.  
Florida Bar No. 864196  

FISHER & PHILLIPS, LLP.  
Attorneys for Defendant  
2300 NationsBank Tower  
One Financial Plaza  
Fort Lauderdale, Florida 33394  
Tel: (954) 525-4800  
Fax: (954) 525-8739  

By: _____  
JAMES C. POLKINGHORN, ESQ.  
Florida Bar No. 0376892  
CATHY M. STUTIN, ESQ.  
Florida Bar No. 0865011  

5