UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

SHERRY MARTIN,

    Plaintiff,

v.

PAGE BROTHERS ASSOCIATES,
INC., a Florida corporation, d/b/a
CORAL SPRINGS AUTO MALL,

    Defendant.

_____/

CASE NO. 00-6037-CIV-FERGUSON
Magistrate Judge Snow

## CONFIDENTIALITY STIPULATION

    The parties, Sherry Martin and Page Brothers Associates, Inc., a Florida corporation,
d/b/a Coral Springs Auto Mall, to this action jointly stipulate to the entry of the attached
Protective Order, the entry of which the parties believe is reasonable and necessary to protect
defendant's confidential, proprietary business information, as well as confidential employee
information which may be the subject of discovery in this action.

    WHEREFORE, the parties respectfully request that the Court enter the attached
Protective Order.



Respectfully submitted,

Loring N. Spolter, P.A.                          Fisher & Phillips LLP

By: _____          By: _____
Loring N. Spolter, Esquire                       Cathy M. Stutin
(Fla. Bar No. 864196)                            (Fla. Bar No. 0865011)
International Building, Ste. 807                  NationsBank Tower 2300
2455 E. Sunrise Boulevard                        One Financial Plaza
Fort Lauderdale, Florida 33304                   Fort Lauderdale, Florida 33394
Telephone: (954) 728-3494                        Telephone: (954) 525-4800
Facsimile:  (954) 563-2252                       Facsimile:  (954) 525-8739

Attorneys for Plaintiff                          Attorneys for Defendant

Dated: May 17, 2000                              Dated: May 19, 2000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

SHERRY MARTIN,                          CASE NO. 00-6037-CIV-FERGUSON
                                        Magistrate Judge Snow

    Plaintiff,

v.

PAGE BROTHERS ASSOCIATES, INC.,
a Florida corporation, d/b/a CORAL
SPRINGS AUTO MALL,

    Defendant.

_____/

## PROTECTIVE ORDER

**THIS ORDER** is entered pursuant to Rule 26(c) of the Federal Rules of Civil

Procedure, upon the Stipulation of the parties, Sherry Martin ("Martin") and Page Brothers

Associates, Inc., a Florida corporation, d/b/a Coral Springs Auto Mall ("Page"), to protect

Page's confidential, proprietary business information, as well as its confidential employee

information which may be the subject of discovery in this action.

**THE COURT** recognizes that Page possesses confidential, proprietary business

information, as well as confidential employee information which may be subject to discovery

in this action, but which should not be made available to the public generally as a result of

or incident to the otherwise public proceedings herein.

Accordingly, it is hereby **ORDERED AND ADJUDGED**, as follows:

1.      Documents produced by Page shall be revealed only to Martin's attorney and members and employees of his firm who assist in actual trial preparation, to Martin, to experts and to such other persons as Page agrees in writing the documents may be disclosed to, or whom Page may unilaterally designate from time-to-time, and who sign a copy of a confirming confidentiality agreement and who otherwise agree to be bound by this Order.

2.      Counsel for Martin, and all other persons including those persons to whom the Page agrees the documents may be disclosed as set forth above in paragraph 1, to whom confidential documents or information is disclosed in accordance with this Order, shall use all such documents or information solely for the purposes of preparation for trial and the trial of this action, and for no other purpose unless otherwise expressly authorized by defendant. At the conclusion of the proceedings in this action, all such documents and copies of such documents and all other documents containing information taken from confidential documents, shall be maintained by Martin's counsel in strict confidence in accordance with this Order and for the sole purpose for complying with professional liability coverage requirements, and will not be used in any other litigation by any person.

3.      No copies, extracts, notes, or summaries of the information received pursuant to the provisions of this Agreement shall be made by Martin, or the attorneys representing Martin in this matter, for distribution or use by anyone for any reason, except as permitted in Paragraph 2 above.

2

4.    Confidential information developed, revealed by, or included within any discovery proceedings, formal or informal, whether in the form of depositions, transcripts, interrogatory answers, documentary production, or contained in motions, affidavits, briefs, or other documents admitted to the Court, shall be subject to this Order, and the court reporter and clerk are directed to maintain such documents under seal and to make such documents available only to the Court and to counsel in this action until further order of the Court.

5.    This Order may be construed and modified by the Court, on application of either party or on its initiative for just cause and to ensure that adjudication of all issues may be had in the light of all relevant and material facts without publishing or otherwise destroying the value of Page's confidential business or employee information or harming Page's competitive position.

6.    Should Martin wish to challenge the "confidential" designation of any documents she may do so, first by written request to Page, and then upon motion to the Court, upon the grounds that the public interest outweighs Page's interest in maintaining the confidentiality of the information and documents or upon other grounds available to Martin pursuant to applicable law.

3

**DONE AND ORDERED**, in Chambers, Ft. Lauderdale, Florida, this ___ day of

_____, 2000.

_____

HONORABLE WILKIE FERGUSON
UNITED STATES DISTRICT COURT JUDGE

**Copies Furnished to:**
Loring N. Spolter, Esquire
Cathy M. Stutin, Esquire

4