UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6037-CIV-FERGUSON/SNOW

SHERRY MARTIN,

    Plaintiff,

v.

PAGE BROTHERS ASSOCIATES INC.,
a Florida corporation, d/b/a CORAL
SPRINGS AUTO MALL,

    Defendant.
_____/

### PLAINTIFF'S UNOPPOSED MOTION TO AMEND TRIAL DATE, DISCOVERY DEADLINE, AND OTHER SCHEDULING DATES

    Plaintiff, SHERRY MARTIN ("Martin"), files this Unopposed Motion to Amend Trial Date, Discovery Deadline, and Other Scheduling Dates, and states:

    1.    Discovery was voluntarily stayed between the parties for many weeks in this case because the parties underwent settlement negotiations. The parties were not able to agree on settlement (obviously), and now the discovery period is set to end shortly.

    2.    The parties had agreed to an *initial exchange* of documents in early October, 2000. Defense counsel canceled that exchange due to a family medical emergency. Because the parties have not even engaged in an initial exchange of documents, the parties have been unable to analyze this case in any depth, that is, to determine what subsequent sets of discovery should be propounded, and which witnesses to depose. Moreover, the parties cannot depose witnesses until the pertinent documents in the case have been reviewed.



3. Additionally, counsel for Martin has many other commitments during the rest of this year and early next year associated with his practice that require his time.

4. Accordingly, martin requests that the Court grant a *six month extension* on all scheduling dates in this matter, including the discovery period, the dispositive motion cut-off, the pretrial conference and the trial date. A proposed order has been submitted with this Motion, which adds six months time to each date in the Court's original Order Setting Trial Date and Discovery Schedule.

5. The parties need more time to prepare their respective cases, and Martin needs to obtain certain documents from the Defendant in order to make a determination as to whether to retain an expert witness(es) in this case, (and if so which one).

6. This Motion is filed in good faith and not for dilatory purposes. The proposed new dates are all approximately four months in the future from the original proposed dates.

7. Martin contacted the Defendant regarding its position on this matter by letter, and the Defendant has voiced no opposition to granting this Motion.

### MEMORANDUM OF LAW

Rule 6(b) of the Federal Rules of Civil Procedure provides that:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the Court for cause shown may at any time in its discretion . . . order the period enlarged if request therefor is made before the expiration of the period originally prescribed. . . .

By its express terms, Rule 6(b) affords wide discretion to this Court to enlarge time periods established by Court Order. *Woods v. Allied Concord Financial Corp.*, 373 F.2d 733 (5th Cir.

1967).[1] Enlargements of time should be available when a party demonstrates a reasonable basis for such a request. *Beaufort Concrete Co. v. Atlantic States Constr. Co.*, 352 F.2d 460 (5th Cir. 1965), *cert. denied*, 384 U.S. 1004 (1966). As stated, this Motion is not made for dilatory reasons, but rather the nature of this case and the settlement negotiations engaged in by the parties wherein discovery was stayed requires that the parties be given some additional time to litigate this matter.

WHEREFORE, Martin respectfully requests that the Court grant her Unopposed Motion to Amend Trial Date, Discovery Deadline, and Other Scheduling Dates.

Respectfully submitted,

LORING N. SPOLTER, P.A.
Attorney for Plaintiff
International Building
2455 E. Sunrise Blvd.
Suite 807
Fort Lauderdale, FL 33304
Tel: (954) 728-3494
Fax: (954) 563-2252

By:
Loring N. Spolter, Esq.
Florida Bar No. 0864196

---

[1] *Woods* is binding authority because it was decided by the former Fifth Circuit prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing had been duly furnished by U.S. mail to: Francisco Lopez, Esq., Fisher & Phillips, P.A., Attorneys for Defendant, One Financial Plaza, Suite 2300, Fort Lauderdale, Florida 33304, this ___ day of October, 2000.

By: _____
Loring N. Spolter, Esq.
Fla. Bar No. 864196

4