UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

00 NOV 15 PM 1:13 U.S. DIST. CT. S.D. OF FLA.-FTL

CASE NO. 00-6037-CIV-FERGUSON/SNOW

SHERRY MARTIN,

Plaintiff,

v.

PAGE BROTHERS ASSOCIATES INC., a Florida corporation, d/b/a CORAL SPRINGS AUTO MALL,

Defendant.

______________________________________/

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY PURSUANT TO PLAINTIFF'S SIXTH SET OF INTERROGATORIES**

Plaintiff, SHERRY MARTIN ("Martin"), through her undersigned attorneys, files this Motion to Compel Discovery Pursuant to Plaintiff's Sixth Set of Interrogatories, pursuant to Federal Rule of Civil Procedure 37 and Local Rule 26.1 of the United States District Court for the Southern District of Florida, and states:

**BACKGROUND**

This is an employment discrimination and Family and Medical Leave Act case. Martin worked for the Defendant (a car dealership) in the Service Department. Shortly after she began working for the Defendant, she was diagnosed with cancer. Part of Martin's cancer was located in her legs, which after several surgeries, caused her to walk with a noticeable limp. After her first surgery, Steve Taborsky, her supervisor, told her that he "didn't want [Martin] in the service lane with crutches or a cane."



As Martin's illness progressed, she needed to take time off, but the Defendant never notified her of Family and Medical Leave Act leave. The Defendant also refused to reasonably accommodate Martin's disabilities by refusing to allow her to park in a disabled parking spot, and by refusing to allow Martin to elevate her leg. Taborsky finally told her, "That's why I have to fire you, because of your health. You know its affecting your job." The Defendant has taken the position in this litigation that Martin was terminated because she took too many days off of work.

Martin filed her Complaint, alleging that the Defendant discriminated against her in the terms and conditions of employment, and by terminating her because of a condition of her disability and gender, in violation of 42 U.S.C. § 2000e *et seq.*, ("Title VII"), 42 U.S.C. § 12101 *et seq.*, *Florida Statutes* § 760.01 *et seq.*, ("Florida Civil Rights Act of 1992"), and she brought a claim alleging that her rights under the Family and Medical Leave Act were violated, 29 U.S.C. § 2601 *et seq.*

**PRELIMINARY STATEMENT**

"Courts have treated discovery requests in employment discrimination cases liberally." *Lyoch v. Anheuser-Busch Cos.*, 164 F.R.D. 62, 65 (E.D. Mo. 1995) (citing *Finch v. Hercules, Inc.*, 149 F.R.D. 60, 62 (D. Del. 1993)). "[T]he necessity for liberal discovery to clarify complex issues encountered in litigation seeking to redress employment discrimination has been widely recognized." *Id.* (citing *Marshall v. Electric Hose & Rubber Co.*, 68 F.R.D. 287, 295 (D. Del. 1995)). Our own Circuit has long held that "liberal discovery rules are applied in Title VII litigation." *Sweat v. Miller Brewing Co.*, 708 F.2d 655, 658 (11th Cir. 1983).

In such cases, the plaintiff must be given access to information that will assist the plaintiff in establishing the existence of the alleged discrimination." *Lyoch*, 164 F.R.D. at 65

(citing *Flanagan v. Travelers Ins. Co.*, 111 F.R.D. 42, 45 (W.D. N.Y. 1986) (stating that the courts should avoid imposing unnecessary limits on discovery in employment discrimination cases) (citations omitted)). "Thus, the scope of discovery must go beyond the specifics of the plaintiff's claim." *Lyoch*, 164 F.R.D. at 65.

Further, as the late Honorable Charles Richey noted in discussing discovery problems in the Title VII area:

> Plaintiffs should be permitted a very broad scope of discovery in Title VII cases, even in individual employee cases. Since direct evidence of discrimination is rarely obtainable, plaintiffs must rely on circumstantial evidence and statistical data, and evidence of an employer's overall employment practices may be essential to plaintiff's prima facie case.

Charles Richey, *Manual on Employment Discrimination Law and Civil Rights Actions in the Federal Courts*, A-26 (Fed. Jud. Ctr. rev. ed. 1986).

The standard provided by the Federal Rules of Civil Procedure is that:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . . It is not grounds for objections that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The key phrase in this definition—"relevant to the subject matter involved in the pending action"—has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

**STANDARD OF REVIEW**

The "party objecting to discovery bears the burden of sustaining its objections." *Ziemack v. Centel Corp.*, 1995 WL 729295, *1 (N.D. Ill. 1995) (citing Wright & Miller, *Federal Practice and Procedure, Civil 2d* §§ 2008 & 2176 (1994)). Therefore, although Martin is the moving

party herein, the burden of proof lies squarely on the Defendant, not Martin. Moreover, "[t]he discovery rules should be liberally construed in favor of discovery where possible." *Wirtz v. Capital Air Serv., Inc.*, 42 F.R.D. 641, 643 (D. Kan. 1967).

## MEMORANDUM OF LAW

### A. Interrogatory No. 2

Identify all dates in which JAMES CATCHIOLA did not report for work during the term of his/her employment. As part of your answer, for each date this current or former employee did not report to work state whether there was a known reason for his/her not reporting to work and identify such reason (Examples: specifically cited basis for request, sick day, vacation day, personal day, unexcused absence, etc.).

**Defendant's Response:** Page Brothers objects to this Request [sic] as outside the scope of S.D.Fla.L.R. 26.1.G. Page Brothers further objects to the Request [sic] on the grounds that it seeks information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Page Brothers further objects to this Request [sic] on the grounds that it is unduly burdensome and seeks private information, including statutorily protected information, regarding Page Brothers' employees. Subject to those objections and without waiving same, Page Brothers states that it does not have specific knowledge of how many days, if any, Mr. Cocchiola did not report to work.

**Martin's Position:** The primary deficiency of the Defendant's objection is that it is nothing more than "boilerplate" language, of no guidance to Martin or the Court in determining whether the objection is *bona fide*. The case law holds that mere boilerplate objections to discovery requests, without more, are insufficient grounds upon which to withhold answers to discovery requests. *Panola Land Buyer's Ass'n v. Schuman*, 762 F.2d 1550 (11th Cir. 1985)

(denying request for protective order based on conclusory objection); *Obiajulu v. City of Rochester, Dep't of Law*, 166 F.R.D. 293 (W.D. N.Y. 1996); *Gheesling v. Chater*, 162 F.R.D. 649, 650 (D. Kan. 1995).

Specifically, concerning the Defendant's assertion that this Interrogatory violates Local Rule 26.1.G., the Defendant's objection gives no indication at all how the interrogatory violates that provision. First, Discovery in this case has now been ongoing for several months, and therefore Local Rule 26.1.G's restrictions on interrogatories served at the commencement of discovery do not apply. Second, Martin has already served a set of basic identity interrogatories. Basic identity interrogatories, as stated in Local Rule 26.1.G.2, are those that are served at the commencement of discovery, and are generally restricted to seeking the identities of certain witnesses and documents. *Fischer and Porter Co. v. Tolson*, 143 F.R.D. 93, 95 (E.D. Pa. 1992) (differentiating between "interrogatories which seek the identification of witnesses or of documents that support or contradict any of the controverted allegations" with contention interrogatories which ask a party to elucidate its claims or contentions). Consequently, Martin should not be restricted to merely being able to propound basic identity interrogatories at this stage of the litigation.

In addition to basic identity interrogatories and contention interrogatories described in the Local Rules of this Court, "a party has substantial latitude in drafting interrogatories . . . [because n]o particular form for interrogatories is mandated by the Federal Rules." *Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486, 491 (W.D. N.C. 1998) (citing Fed. R. Civ. P. 33). Therefore, Interrogatory No. 2 is not procedurally deficient.

Moreover:

> Contention interrogatories ask a party: to state what it contends; to state whether it makes a specified contention; to state all the facts upon which it bases a contention; to take a position, and explain or defend that position, with

> respect to how the law applies to the facts; or to state the legal or theoretical basis for a contention.

*B. Braun Medical, Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (citations omitted); 7 Moore's *Federal Practice* § 33.02[2][b] (3d ed. 1998). In this case, Interrogatory No. 2 is not a contention interrogatory, as the Interrogatory merely asks the Defendant to *identify* the days off that Martin took. Accordingly, Interrogatory No. 2 is not outside the scope of Local Rule 26.1.G.

The Defendant's next contention is that the Interrogatory asks for information that is irrelevant. The information requested (how many days off similarly situated employees took off) is relevant because Martin is bringing a claim that she was discriminated against in that male, non-disabled employees were allowed to take days off work, but that she was subjected to adverse employment action for taking a similar (or less) amount of days off as male employees. Additionally, the Defendant has contended that Martin was terminated because she took too many days off work. Accordingly, the exact number of days that other employees took off is relevant (particularly as compared to similarly situated male employees).

The Defendant's next contention is that answering the interrogatory would be unduly burdensome for it. The Defendant's "unduly burdensome" objection is unwarranted, as the courts have noted that "[t]he production of discovery materials is often a costly and burdensome enterprise. It can involve many hours of labor . . . . The resistance to discovery [because it may be burdensome] will not be sustained, however, unless the discovery sought is found to be unreasonably burdensome." *Orbovich v. Macalester College*, 119 F.R.D. 411, 416 (D. Minn. 1988). With respect to interrogatories, one court held that "interrogatories will not be stricken merely because, due to the complexity of a given litigation, responding to the interrogatories entails a 'certain amount of burdensome labor.'" *Tribune Co. v. Purcigliotti*, 1997 WL 540810,

*1 (S.D. N.Y. 1997) (quoting *Convergent Bus. Sys., Inc. v. Diamond Reporting, Inc.*, 1989 WL 92038, *2 (E.D. N.Y. 1989)).

The courts have rejected the Defendant's assertion that discovery should be denied because the costs associated with responding to discovery would be high, and/or that a retrieval system for the information sought had not been designed and/or implemented. *Baine v. General Motors Corp.*, 141 F.R.D. 328, 331 (N.D. Ala. 1991); *Kozlowski v. Sears, Roebuck & Co.*, 73 F.R.D. 73 (D. Mass. 1976); *Buckley v. Vidal*, 50 F.R.D. 271 (E.D. N.Y. 1970); *Michel v. Meier*, 8 F.R.D. 464 (E.D. Pa. 1948). One respected commentator has stated the following with respect to whether discovery should be made in like circumstances:

> The mere fact that compliance with an inspection order will cause great labor and expense or even considerable hardship and possibility of injury to the business of the party from whom discovery is sought does not of itself require denial of the motion [to compel production or inspection]. Rule 26(c) speaks of "undue burden or expense" and discovery has normally been allowed unless the hardship is unreasonable in light of the benefits to be secured from the discovery.

Charles A. Wright, *et al.*, 8A *Federal Practice and Procedure Civ. 2d*, § 2214 (1994). One case which followed Wright & Miller states as follows:

> The mere fact that producing documents would be burdensome and expensive and would interfere with a party's normal operations is not inherently a reason to refuse an otherwise legitimate discovery request. * * * Nor can the lack of an adequate filing system insulate a party from discovery.

*Baine v. General Motors Corp.*, 141 F.R.D. 328, 331 (N.D. Ala. 1991). Similarly, in *Kozlowski v. Sears, Roebuck & Co.*, 73 F.R.D. 73 (D. Mass. 1976), which was a products liability action against a pajamas manufacturer and marketer alleging the pajamas were "caused to ignite", the court held that information concerning accidents similar to the one alleged in the complaint was clearly relevant and a proper subject for pretrial discovery, notwithstanding defendant marketer's

attempt to absolve itself of the responsibility of producing such evidence by alleging the Herculean effort that would be necessary to locate the documents in its files.

Moreover, in *Buckley v. Vidal*, 50 F.R.D. 271 (E.D. N.Y. 1970), the court held that the inconvenience to defendant, in a libel action in production of source material upon which defendant's public statements concerning plaintiff, was outweighed by the principle that mutual knowledge of all relevant facts gathered by both parties is essential to proper litigation, and plaintiff was entitled to production of source material. In *Michel v. Meier*, 8 F.R.D. 464 (E.D. Pa. 1948), the court granted a motion to compel discovery over objection that the demands were burdensome and oppressive, and that compliance would require expenditure of large amounts of money, and seriously hamper current operations.

In this case, the production of the discovery will not hamper the Defendant's operations (nor has the Defendant alleged that it would). Although the production may require some effort on the part of the Defendant, the requested information is important evidence in this case, as stated above.

The Defendant's next contention is that answering Interrogatory No. 2 will cause the Defendant to reveal confidential, private, statutorily protected information. The Defendant does not set forth what private information will be revealed. Martin has already agreed to enter into a confidentiality agreement wherein she agrees not to disseminate any information that she learns in this case, except for in the normal course of litigation. Proving that Martin was treated less favorably with respect to taking days off is an important aspect of this case, as stated above. Martin's good faith acknowledgement to keep any information confidential should assuage any fears that the Defendant has concerning providing the sought after information. On the other

hand, the information requested does not appear to be particularly sensitive, as it does not concern trade secret or patent information.

The Defendant's final argument is that it does not have specific knowledge of how many days the employee did not report to work. Defendant's implied assertion that it does not have to determine how many days the employee did not report to work is mistaken. Possession is not the talisman that determines whether a party must produce documents; rather, a party must produce documents that are in its control, custody, or possession. *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984). Control is not defined as possession, "but as the legal right to control." *Id.* That a party does not possess documents sought through discovery is immaterial if such documents remain in the party's custody or control; a party controls documents that it has the right, authority, or ability to obtain on demand. *Scott v. Arex, Inc.*, 124 F.R.D. 39 (D. Conn. 1989). Documents which are technically in the possession of a sister corporation must be produced. *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 204 (1958); *Advance Labor Serv., Inc. v. Hartford Acc. & Indemnity, Co.*, 60 F.R.D. 632 (D. Ill. 1973). Business entities that are related in other ways must also produce documents that are technically in possession of the other entity. *Gerling Int'l Insurance Co. v. C.I.R.*, 839 F.2d 131, 140-41 (3d Cir. 1988) (parent-subsidiary relationship); *Japan Halon Co. v. Great Lakes Chemical Corp.*, 155 F.R.D. 626 (D. Ind. 1993).

The Defendant was/is the employee's employer. Certainly, the Defendant can determine how many days he missed (whether due to sickness, vacation, or whatever). According to the above cases, the Defendant has such a duty. No other entity could determine this information. Accordingly, the Court should compel the Defendant to frame an adequate answer to Martin's Interrogatory No. 2 to Martin's Sixth Set of Interrogatories.

**B. Interrogatory No. 3**

Identify all dates in which SHAWN LEE ERWIN did not report for work during the term of his/her employment. As part of your answer, for each date this current or former employee did not report to work state whether there was a known reason for his/her not reporting to work and identify such reason (Examples: specifically cited basis for request, sick day, vacation day, personal day, unexcused absence, etc.).

**Defendant's Response:** Page Brothers objects to this Request [sic] as outside the scope of S.D.Fla.L.R. 26.1.G. Page Brothers further objects to the Request [sic] on the grounds that it seeks information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Page Brothers further objects to this Request [sic] on the grounds that it is unduly burdensome and seeks private information, including statutorily protected information, regarding Page Brothers' employees. Subject to those objections and without waiving same, Page Brothers states that it does not have specific knowledge of how many days, if any, Mr. Erwin did not report to work.

**Martin's Position:** See *supra*, "Martin's Position" for Interrogatory No. 2.

**C. Interrogatory No. 4**

Identify all dates in which DOUG QUIERY did not report for work during the term of his/her employment. As part of your answer, for each date this current or former employee did not report to work state whether there was a known reason for his/her not reporting to work and identify such reason (Examples: specifically cited basis for request, sick day, vacation day, personal day, unexcused absence, etc.).

**Defendant's Response:** Page Brothers objects to this Request [sic] as outside the scope of S.D.Fla.L.R. 26.1.G. Page Brothers further objects to the Request [sic] on the grounds

that it seeks information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Page Brothers further objects to this Request [sic] on the grounds that it is unduly burdensome and seeks private information, including statutorily protected information, regarding Page Brothers' employees. Subject to those objections and without waiving same, Page Brothers states that it does not have specific knowledge of how many days, if any, Mr. Quiery did not report to work.

**Martin's Position:** See *supra*, "Martin's Position" for Interrogatory No. 2.

**D. Interrogatory No. 5**

Identify all dates in which ALCE BUCKLEY did not report for work during the term of his/her employment. As part of your answer, for each date this current or former employee did not report to work state whether there was a known reason for his/her not reporting to work and identify such reason (Examples: specifically cited basis for request, sick day, vacation day, personal day, unexcused absence, etc.).

**Defendant's Response:** Page Brothers objects to this Request [sic] as outside the scope of S.D.Fla.L.R. 26.1.G. Page Brothers further objects to the Request [sic] on the grounds that it seeks information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Page Brothers further objects to this Request [sic] on the grounds that it is unduly burdensome and seeks private information, including statutorily protected information, regarding Page Brothers' employees. Subject to those objections and without waiving same, Page Brothers states that it does not have specific knowledge of how many days, if any, Ms. Buckley did not report to work.

**Martin's Position:** See *supra*, "Martin's Position" for Interrogatory No. 2.

E. **Interrogatory No. 6**

Identify all dates in which AL (Last Name Not Known) [held same job title/position as Plaintiff], did not report for work during the term of his/her employment. As part of your answer, for each date this current or former employee did not report to work state whether there was a known reason for his/her not reporting to work and identify such reason (Examples: specifically cited basis for request, sick day, vacation day, personal day, unexcused absence, etc.).

**Defendant's Response:** Page Brothers objects to this Request [sic] as outside the scope of S.D.Fla.L.R. 26.1.G. Page Brothers further objects to the Request [sic] on the grounds that it seeks information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Page Brothers further objects to this Request [sic] on the grounds that it is unduly burdensome and seeks private information, including statutorily protected information, regarding Page Brothers' employees. Subject to those objections and without waiving same, Page Brothers states that it does not have specific knowledge of how many days, if any, Al Thomas did not report to work.

**Martin's Position:** See *supra*, "Martin's Position" for Interrogatory No. 2.

**CONCLUSION**

For the foregoing reasons, the foregoing answers requested pursuant to Martin's Sixth Set of Interrogatories should be compelled to be produced by Defendant within ten (10) days of the Court's Order compelling same.

**CERTIFICATE PURSUANT TO LOCAL RULE 26.1.I**

I HEREBY CERTIFY that counsel have conferred in a good faith effort to resolve the issues raised in the foregoing motion, and have been unable to do so.

LORING N. SPOLTER, P.A.
2455 E. Sunrise Blvd.
Suite 807
Fort Lauderdale, Florida 33304
Tel. (954) 728-3494
Fax. (954) 563-2252

By: ______________________
Loring N. Spolter Esq.
Fla. Bar No. 0864196

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing had been duly furnished by U.S. mail to: Cathy Stutin, Esq., Fisher & Phillips, P.A., Attorneys for Defendant, One Financial Plaza, Suite 2300, Fort Lauderdale, Florida 33304, this 14th day of November, 2000.

By: ______________________
Loring N. Spolter Esq.
Fla. Bar No. 0864196