UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6037-CIV-FERGUSON/SNOW

SHERRY MARTIN,

    Plaintiff,

v.

PAGE BROTHERS ASSOCIATES INC.,
a Florida corporation, d/b/a CORAL
SPRINGS AUTO MALL,

    Defendant.
_____/

### PLAINTIFF'S MOTION TO COMPEL DISCOVERY OF DOCUMENTS DESIGNATED AS PRIVILEGED ON DEFENDANT'S PRIVILEGE LOG

Plaintiff, Sherry Martin ("Martin"), through her undersigned attorneys, files this Motion to Compel Discovery of Documents Designated as Privileged on Defendant's Privilege Log, and states:

### BACKGROUND

This is an employment discrimination and Family and Medical Leave Act case. Martin worked for the Defendant (a car dealership) in the Service Department. Shortly after she began working for the Defendant, she was diagnosed with cancer. Part of Martin's cancer was located in her legs, which after several surgeries, caused her to walk with a noticeable limp. After her first surgery, Steve Taborsky, her supervisor, told her that he "didn't want [Martin] in the service lane with crutches or a cane."

As Martin's illness progressed, she needed to take time off, but the Defendant never notified her of Family and Medical Leave Act leave. The Defendant also refused to reasonably accommodate Martin's disabilities by refusing to allow her to park in a disabled parking spot, and

by refusing to allow Martin to elevate her leg. Taborsky finally told her, "That's why I have to fire you, because of your health. You know its affecting your job." The Defendant has taken the position in this litigation that Martin was terminated because she took too many days off of work.

Martin filed her Complaint, alleging that the Defendant discriminated against her in the terms and conditions of employment, and by terminating her because of a condition of her disability and gender, in violation of 42 U.S.C. § 2000e *et seq.*, ("Title VII"), 42 U.S.C. § 12101 *et seq.*, *Florida Statutes* § 760.01 *et seq.*, ("Florida Civil Rights Act of 1992"), and she brought a claim alleging that her rights under the Family and Medical Leave Act were violated, 29 U.S.C. § 2601 *et seq.*

## STANDARD OF REVIEW

The "party objecting to discovery bears the burden of sustaining its objections." *Ziemack v. Centel Corp.*, 1995 WL 729295, *1 (N.D. Ill. 1995) (citing Wright & Miller, *Federal Practice and Procedure, Civil 2d* §§ 2008 & 2176 (1994)). Therefore, although Martin is the moving party herein, the burden of proof lies squarely on the Defendant, not Martin. Moreover, "[t]he discovery rules should be liberally construed in favor of discovery where possible." *Wirtz v. Capital Air Serv., Inc.*, 42 F.R.D. 641, 643 (D. Kan. 1967). The Eleventh Circuit has long held that "liberal discovery rules are applied in Title VII litigation." *Sweat v. Miller Brewing Co.*, 708 F.2d 655, 658 (11th Cir. 1983).

## MEMORANDUM OF LAW

The Defendant has submitted a Log of Privileged Documents concerning others. (*Defendant's Log of Privileged Documents*, attached hereto as Exhibit "1"). Martin asserts that none of the documents contained on the Defendant's Privileged Document Log are privileged, because they all consist of witness statements that were taken at or near the time of the events in question.

2

Initially, privileges are disfavored in the law and waiver of them is to be accomplished liberally, as one court noted:

> The privilege remains an exception to the general duty to disclose. Its benefits are all indirect and speculative; its obstruction is plain and concrete. * * * It is worth preserving for the sake of a general policy, but it is nonetheless an obstacle to the investigation of the truth. It ought to be strictly confined within the narrowest possible limits consistent with the logic of its principle.

*NLRB v. Harvey*, 349 F.2d 900, 907 (4th Cir. 1965). Additionally, the courts have warned litigants against the use of objections based on privilege in civil litigation. Over ten years ago, one judge noted that "[t]he constant, growing tendency of litigants to frustrate the trial discovery process . . . is dangerous and 'chilling' to a process which is geared toward a search for the truth." *Shelton v. AMC*, 805 F.2d 1323, 1331 (8th Cir. 1986) (Battey, J., dissenting). Judge Battey stated further that *Hickman v. Taylor*, 329 U.S. 495 (1947) "and its progeny light the way toward open discovery." *Id.* Federal Rule of Civil Procedure 26(b)(3) "had earlier embodied the proposition that discovery should be liberally permitted subject to the control of the court to prevent abuse." *Id.* Judge Battey further noted that the "often raised defense used to blunt persistent and piercing discovery is the defense of '*work-product*' and '*attorney-privilege*.' Such concepts, narrow in scope though they may be, are often attempted to be used as swords rather than shields. Upon reading this record one cannot help but to conclude that [one of the parties] raised such defenses in a hope of 'stone-walling' the process." *Id.* (emphasis added).

The Defendant has not stated whether or not the document was prepared in anticipation of litigation, which is a crucial distinction. Martin will discuss the differences concerning whether any privilege applies to documents 1) *not* prepared in anticipation of litigation, and those 2) prepared in anticipation of litigation.

Such communications *not* prepared in anticipation of litigation are generally discoverable; they need only comport with Federal Rule of Civil Procedure 26(b)(1)'s basic relevancy

3

requirement. *Topol v. Trustees of Univ. of Pennsylvania*, 160 F.R.D. 476, 477 (E.D. Pa. 1995). In *Topol*, a sex harassment case, defendants moved to compel discovery of the plaintiff's diary. *Id.* The plaintiff moved for a protective order, contending that the diary was not relevant to her sexual harassment action. *Id.* The court in *Topol* disagreed with the plaintiff, finding that the plaintiff maintained the diary during the time period from which the allegations in her complaint arose, and that the diary pertained to her alleged harasser. *Id.* The court thus granted the defendant's motion to compel. *Id.*

Regarding such communications, and the like *prepared in anticipation of litigation*, Federal Rule of Civil Procedure 26(b)(3) provides in relevant part:

> a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

This rule establishes a two-step test to govern claims of privilege. First, the party withholding documents must demonstrate that they were prepared in anticipation of litigation. Second, if such a showing is made, the discovering party must demonstrate substantial need of the information and an inability to obtain the information in any other way without undue hardship. *Southern Ry. Co. v. Lanham*, 403 F.2d 119, 131 (5th Cir. 1968)[1]; *Rexford v. Olczak*, 176 F.R.D. 90, 91 (W.D. N.Y. 1997) (citing Fed. R. Civ. P. 26(b)(3) (stating that diaries, calendars, journals and the like "prepared in anticipation of litigation. . . [must be produced] upon the showing that the party seeking discovery has substantial need of the materials" ).

---

[1] *Lanham* is binding precedent in this Circuit, because it was decided prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

4

Assuming that this document was prepared in anticipation of litigation, regarding the second step of the test, the courts have found that a party may demonstrate a "substantial need" for information contained in internal communications *made after* the prospect of litigation became imminent by the fact itself of their contemporaneous nature, and the fact that a party's prior recorded statements may differ from his or her present account, and yet, without the diary, journal, or witness statement, the opposing party would be unable to determine that such is the case. *Lanham*, 403 F.2d at 131; *Rexford*, 176 F.R.D. at 92; *Carolan v. New York Tel. Co.*, 1984 WL 368, *4 (S.D.N.Y. 1984); *White v. Office of the Pub. Defender for Maryland*, 170 F.R.D. 138, 150 (D. Md. 1997); *Zises v. Department of Soc. Servs of the Human Res. Admin. of New York*, 112 F.R.D. 223 (E.D.N.Y. 1986). The drafters of Rule 26(b)(3) contemplated that documents prepared in anticipation of litigation would be discoverable under these circumstances. Advisory Committee to 1970 Amendment (citing *Lanham*, 403 F.2d at 119) (holding that one of the circumstances under which a witness' statement made in preparation for litigation may be discoverable is when the witness has given a contemporaneous account in a written statement while he is available to the party seeking discovery only a substantial time thereafter)).[2]

---

[2] The document at issue is also important for impeachment purposes. The Supreme Court has held—as have other courts—that a party to a civil suit is entitled to production of documents that would be useful to impeach a witness. *Hickman v. Taylor*, 329 U.S. 495, 511 (1947); *Duck v. Warren*, 160 F.R.D. 80, 83 (S.D. W. Va. 1994); *Tisby v. Buffalo Gen. Hosp.*, 157 F.R.D. 157 (W.D. N.Y. 1994); *Davidson Pipe Co. v. Laventhol and Horwath*, 120 F.R.D. 455 (S.D. N.Y. 1988); and *Boring v. Keller*, 97 F.R.D. 404, 408 (D. Colo. 1983).

In *Davidson Pipe*, 120 F.R.D. at 461, the court cited certain general propositions, such as, "[i]nformation showing that a person having knowledge of discoverable facts may not be worthy of belief is always relevant to the subject matter of the action[,]" (quoting 8 Wright & Miller, *Federal Practice and Procedure* § 2015 (1970)), and that "[d]iscovery is commonly allowed in which the discovering party seeks information with which to impeach witnesses for the opposition." *Id.* The court then noted that:

> several of Davidson's officers were purportedly involved in the activities in question, and at least some of them are likely to testify at trial. Therefore, it is appropriate to seek impeachment evidence from sources other than the witness against whom it might be used at trial.

Furthermore, the courts have noted that it would be an exercise in futility to require a party to first attempt to obtain the substantial equivalent of that information by way of deposition. *Carolan*, 1984 WL 384 at *4; *see Rexford*, 176 F.R.D. at 92. The above cases make clear that parties should produce such communications in their possession *before* depositions are taken so that the opposing party can question witnesses about them. Thus, the document at issue, even if drafted *in anticipation of litigation*, must be produced.

In a case on point, the former Fifth Circuit held that documents relating to inquiries and investigations that a Defendant has conducted are discoverable. *Lanham*, 403 F.2d at 131. The court in *Lanham* held as follows:

> Next we consider the order to produce as it relates to the investigati[ve] reports prepared by appellant's claim agents. The reports encompassed by the court's order contain, in addition to witness statements and facts personally observed by the agents, the claim agents' opinions and conclusions drawn from the facts and interviews. It is well established that statements taken by a claim agent, as well as facts personally observed by him, are the proper subjects of discovery.

*Id.* (citations omitted). The court in *Lanham* compelled the production of such internal communications. It is hard to imagine that there is any difference between the internal communications in *Lanham* between the claim agents and the attorney, and the internal communications that are listed on the Log of Privileged Documents in this case. Accordingly, the Defendant's objection based upon privilege must be overruled.

---

*Id.* at 462. The court then set out the parameters it thought should be used to determine whether impeachment material is relevant:

> Discovery should be limited for purposes of impeachment in the same way that discovery is constrained: by determining whether it is reasonably likely to lead to admissible evidence. *In the context of discovery for impeachment purposes, this means deciding whether disclosure may reveal information affecting the credence afforded to a witness' trial testimony.*

*Id.* (emphasis added). The document sought may reveal information affecting the credence to be afforded the testimony of witnesses in this case.

6

**CONCLUSION**

For the foregoing reasons, the documents that the Defendant maintains are privileged should be compelled to be produced by Defendant within ten (10) days of the Court's Order compelling same, because those documents are not privileged.

**CERTIFICATE PURSUANT TO LOCAL RULE 26.1.1**

I HEREBY CERTIFY that counsel have conferred in a good faith effort to resolve the issues raised in the foregoing motion, and have been unable to do so.

LORING N. SPOLTER, P.A.
2455 E. Sunrise Blvd.
Suite 807
Fort Lauderdale, Florida 33304
Tel. (954) 728-3494
Fax. (954) 563-2252

By: _____
Loring N. Spolter Esq.
Fla. Bar No. 0864196

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing had been duly furnished by U.S. mail to: Cathy Stutin, Esq., Fisher & Phillips, P.A., Attorneys for Defendant, One Financial Plaza, Suite 2300, Fort Lauderdale, Florida 33304, this ____ day of November, 2000.

By: _____
Loring N. Spolter Esq.
Fla. Bar No. 0864196

MARTIN VS. PAGE BROTHERS ASSOCIATES, INC.
CASE NO. 00-6037-CIV-FERGUSON/SNOW

### LOG OF PRIVILEGED DOCUMENTS

Key to Privileges Asserted (Priv.):
A-C = Attorney-Client
W-P = Work Product

| No. | Date | Author | Addressee | Document | Priv. | Subject |
|---|---|---|---|---|---|---|
| 1 | 10/18/99 | W. Smith | File | Notes | A-C / W-P | Interview with J. Gilchrist concerning S. Martin. |
| 2 | 10/18/99 | W. Smith | File | Notes | A-C / W-P | Interview with S. Taborsky concerning S. Martin. |
| 3 | 10/18/99 | W. Smith | File | Notes | A-C / W-P | Interview with R. McDermott concerning S. Martin. |
| 4 | 10/18/99 | W. Smith | File | Notes | A-C / W-P | Interview with A. Buckley concerning S. Martin. |
| 5 | 10/27/99 | W. Smith | File | Notes | A-C / W-P | Interview with J. Cocchiola concerning S. Martin. |

Various A-C: Miscellaneous Communication (Faxes, Letters, Memoranda, Notes and Legal Statements) Between Attorneys and Client.

EXHIBIT 1