UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SHERRY MARTIN.

Plaintiff.

v.

PAGE BROTHERS ASSOCIATES,
INC.. a Florida corporation. d/b/a
CORAL SPRINGS AUTO MALL,

Defendant.

_____/

CASE NO. 00-6037-CIV-FERGUSON
Magistrate Judge Snow

NIGHT BOX
FILED

DEC - 4 2000

CLARENCE MADDOX
CLERK USDC / SOFL / FTL

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTIONS TO COMPEL DEFENDANT TO RESPOND TO PLAINTIFF'S FIFTH SET OF INTERROGATORIES, SIXTH SET OF INTERROGATORIES, FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS AND THIRD REQUEST FOR ADMISSIONS AND MOTION FOR AN AWARD OF EXPENSES

The defendant. PAGE BROTHERS ASSOCIATES. INC.. a Florida corporation. d/b/a

CORAL SPRINGS AUTO MALL. ("Page Brothers"). opposes Plaintiff's Motions to

Compel Defendant to Respond to Plaintiff's Fifth Set of Interrogatories. Sixth Set of

Interrogatories, Fifth Request for Production of Documents and Third Request For

Admissions and moves for an award of expenses incurred in opposing those motions. In

support. Page Brothers states as follows:



## I. **INTRODUCTION**

The plaintiff, Sherry Martin ("Martin"), brings this action against Page Brothers for alleged violations of the Family and Medical Leave Act ("FMLA"), the Civil Rights Act of 1964, as amended ("Title VII"), and the Americans with Disabilities Act ("ADA"). Page Brothers denies the alleged violations.

On September 29, 2000 and October 2, 2000, Martin served her Fifth Set of Interrogatories, Sixth Set of Interrogatories, Fifth Request for Production of Documents and Third Request For Admissions. These discovery requests mainly deal with the number of days off either Martin or her co-workers took while working at Page Brothers and the reasons for such missed days. In response to these discovery requests, Page Brothers diligently searched its payroll and personnel records. Those records, however, do not necessarily indicate which days those employees missed work or the reason for the missed day. Accordingly, Page Brothers was unable to specify exactly when those employees were absent from work and/or the reason for any such absences.

Page Brothers thus responded to Martin's discovery requests that "it does not have specific knowledge of how many days [an employee] did not report to work," and that it could not respond "based on the information currently available to it." Counsel for Page Brothers further explained in correspondence to Martin's counsel that it was not possible for Page Brothers to respond more specifically to Martin's discovery requests because its records do not necessarily reflect which days an employee missed work or the reason for the absence.

(See Letters to L. Spolter dated November 14, 2000 and November 21, 2000). In these same

letters, counsel for Page Brothers offered Martin the opportunity to verify its responses by

allowing Martin to review and copy the relevant records. Martin, however, refused to accept

Page Brothers' offer and, instead, chose to file these frivolous motions to compel.

## II.    MEMORANDUM OF LAW IN OPPOSITION

### Martin's Discovery Requests Seek Information Which Page Brothers Is Unable to Provide or Determine Based on the Information Available

Federal Rule of Civil Procedure 33(d) states:

> Where the answer to an interrogatory may be derived or
> ascertained from the business records of the party upon whom
> the interrogatory has served . . . it is a sufficient answer to such
> interrogatory to specify the records from which the answer may
> be derived or ascertained and to afford to the party serving the
> interrogatory reasonable opportunity to examine, audit or
> inspect such records and to make copies, compilations, abstracts
> or summaries.

Rule 34(a) allows a party to serve on another party a request to produce "designated

documents" for inspection and copying. Rule 36(a) requires that a party which cites a lack

of information or knowledge as the reason for its failure to either admit or deny a request for

admission, to state that it "has made reasonable inquiry and that the information known or

readily obtainable by the party is insufficient to enable the party to admit or deny."

Page Brothers is in compliance with these rules. It has inspected its personnel and

payroll records and determined that, based on the information available to it, it is impossible

to determine which days the employees in question missed from work or the reason for the

missed day. Page Brothers explained that circumstance to Martin's counsel on numerous occasions and offered Martin the opportunity to inspect and copy its records. Review of those records would demonstrate to Martin's counsel that Page Brothers' response is accurate and complete. Counsel for Martin's failure to undertake such a review before involving the Court in this dispute demonstrates a lack of good faith and warrants an award of expenses to Page Brothers incurred in responding to his frivolous motions.

## III. CONCLUSION

For the reasons stated herein, this Court should deny Plaintiff's Motions to Compel Defendant to Respond to Plaintiff's Fifth Set of Interrogatories. Sixth Set of Interrogatories. Fifth Request for Production of Documents and Third Request For Admissions. Further, the Court should grant Page Brothers' motion for reasonable expenses incurred in opposing the motion, including attorneys' fees, pursuant to Federal Rule of Civil Procedure 37(a)(4)(B).

Date: December 4, 2000

FISHER & PHILLIPS LLP
2300 Bank of America Tower
One Financial Plaza
Fort Lauderdale, Florida 33394
Telephone: (954) 525-4800
Facsimile: (954) 525-8739

By: _____
    Cathy M. Stutin
    (Fla. Bar No. 0865011)
    Francisco Lopez, Jr.
    (Fla. Bar No. 0181617)

Attorneys for Defendant

4

## CERTIFICATE OF SERVICE

I certify that on this date I caused a true and correct copy of the foregoing **DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTIONS TO COMPEL DEFENDANT TO RESPOND TO PLAINTIFF'S FIFTH SET OF INTERROGATORIES, SIXTH SET OF INTERROGATORIES, FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS AND THIRD REQUEST FOR ADMISSIONS AND MOTION FOR AN AWARD OF EXPENSES** to be served on the following individuals by depositing same in the United States Mail, First Class, postage prepaid:

> Loring N. Spolter, Esquire
> International Building
> 2455 E. Sunrise Boulevard
> Suite 807
> Fort Lauderdale, Florida 33304

Date: December 4, 2000

5

## FISHER & PHILLIPS LLP
ATTORNEYS AT LAW

www.laborlawyers.com

**Fort Lauderdale**
Suite 2300
One Financial Plaza
Ft. Lauderdale, FL 33394-0005
(954) 525-4800 Tel
(954) 525-8739 Fax

Francisco Lopez, Jr., Esq.
Direct Dial: (954) 847-4712
E-Mail: flopez@laborlawyers.com

November 14, 2000

Loring N. Spolter, Esquire
International Building
2455 E. Sunrise Boulevard, Suite 807
Ft. Lauderdale, Florida 33304

**VIA FACSIMILE AND**
**__REGULAR MAIL__**

Re:    Sherry Martin v. Page Brothers Associates, Inc.
Case No: 00-6037-CIV-FERGUSON/SNOW

Dear Mr. Spolter:

As I was trying to explain to you before you hung up the telephone, it is not possible for us to determine what days an employee missed work or the reason for the absence because our client's payroll records do not necessarily provide that information. If you would like to verify this, you are more than welcome to review and copy the relevant payroll records.

We certainly hope that we can resolve this matter without involving the court, or at least until you have reviewed the payroll records to confirm what we are saying.

Sincerely,

Francisco Lopez, Jr.
For FISHER & PHILLIPS LLP

FL:kk

Atlanta · Chicago · Fort Lauderdale · Irvine · New Orleans · San Diego · San Francisco

# FISHER & PHILLIPS LLP
### ATTORNEYS AT LAW

www.laborlawyers.com

**Fort Lauderdale**
Suite 2300
One Financial Plaza
Ft. Lauderdale, FL 33394-0005
(954) 525-4800 Tel
(954) 525-8739 Fax

Francisco Lopez, Jr., Esq.
Direct Dial: (954) 847-4712
E-Mail: flopez@laborlawyers.com

November 21, 2000

Loring N. Spolter, Esquire
International Building
2455 E. Sunrise Boulevard, Suite 807
Ft. Lauderdale, Florida 33304

**VIA FACSIMILE AND**
**REGULAR MAIL**

Re:     Sherry Martin v. Page Brothers Associates, Inc.
Case No: 00-6037-CIV-FERGUSON/SNOW

Dear Mr. Spolter:

I have reviewed your letter of November 15, 2000 and certainly accept your apology. I understand your frustration and hold no ill-feelings. I would, however, like to clarify a couple of points from your letter.

First, I am not "uncertain as to what records" Page Brothers keeps. What I was trying to explain is that the records we have do not necessarily reflect what days an employee missed work or the reason for any absences. As we have previously offered, if you would like to verify this, you are more than welcome to review and copy the relevant payroll records.

Second, our discovery responses were not deceiving or misleading. We consistently represented to you that Page Brothers "does not have specific knowledge of how many days, if any," an employee had failed to report to work and that it could neither "admit or deny [the request] based on the information currently available to it" for the reason stated above. You may not like that response. It is, however, the truth.

Third, we do take lightly your suggestion that documents "have somehow suddenly become missing." You have no basis for such an accusation, and we suggest that you refrain from making any such allegations in the future.

Mr. Loring N. Spolter, Esquire
November 21, 2000
Page 2

Loring, I hope we can put this all behind us and concentrate fully on representing our clients.

Sincerely,

Francisco Lopez, Jr.
For FISHER & PHILLIPS LLP

FL/kk