UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SHERRY MARTIN,   CASE NO. 00-6037-CIV-FERGUSON
                 Magistrate Judge Snow

    Plaintiff,

v.

PAGE BROTHERS ASSOCIATES,
INC., a Florida corporation, d/b/a
CORAL SPRINGS AUTO MALL,

    Defendant.

_____/

**NIGHT BOX FILED**
DEC - 5 2000
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION
### TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY OF
### DOCUMENTS DESIGNATED AS PRIVILEGED ON DEFENDANT'S
### PRIVILEGE LOG AND MOTION FOR AN AWARD OF EXPENSES

The defendant, PAGE BROTHERS ASSOCIATES, INC., a Florida corporation, d/b/a

CORAL SPRINGS AUTO MALL, ("Page Brothers"), opposes Plaintiff's Motion to Compel

Discovery of Documents Designated as Privileged on Defendant's Privilege Log and moves

for an award of expenses incurred in opposing that motion. In support, Page Brothers states

as follows:

### I. INTRODUCTION

The plaintiff, Sherry Martin ("Martin"), is suing Page Brothers for alleged violations

of the Family and Medical Leave Act ("FMLA"), the Civil Rights Act of 1964, as amended

("Title VII"), and the Americans with Disabilities Act ("ADA"). In Martin's First Request

for Production of Documents, she requested under Request No. 36, "[a]ll documents relating

to all inquiries or investigations conducted as a result of Plaintiff's claim or allegation of discrimination." Page Brothers objected to that request on the grounds that it sought information protected by the work-product and/or attorney-client privileges and provided Martin with a privilege log pursuant to Rule 26.1.G.6.(b) of the Local Rules of the United States District Court for the Southern District of Florida. (See Log of Privileged Documents attached at Tab 1). That log references the witness interview notes that Page Brothers' attorney, Wendy Smith, prepared in anticipation of this litigation.

Martin has moved to compel production of Ms. Smith's attorney notes. For the reasons stated below, this Court should deny Martin's motion and award Page Brothers the costs and attorneys' fees it has incurred in opposing that motion.

### III.   MEMORANDUM OF LAW IN OPPOSITION

On September 25, 1999, Martin filed a charge of discrimination with the Equal Employment Opportunity Commission. Following receipt of the charge, Page Brothers retained Fisher & Phillips to defend it against Martin's allegations. On October 18, 1999 and October 27, 1999, Ms. Smith, who was then an attorney at Fisher & Phillips, orally interviewed several of Page Brothers' employees to prepare Page Brothers' defense and in anticipation of this litigation. During those interviews, Ms. Smith took notes regarding the statements the witnesses made to her.

Martin's motion to compel discovery of Ms. Smith's interview notes must fail because the attorney-client privilege bars their disclosure. Martin's motion should also be rejected

2

because Martin's counsel never conferred with counsel for Page Brothers regarding the resolution of this motion in violation of Fed.R.Civ.P. 37 and S.D. Fla. L.R. 26.1.

### A. Attorney Notes from Employee Interviews Obtained in Anticipation of Litigation Are Not Discoverable

The United States Supreme Court and the Eleventh Circuit Court of Appeals have both held that an attorney's notes taken down from witness interviews conducted in anticipation of litigation or for trial constitute the mental impressions and legal theories of the attorney and are therefore not discoverable. Upjohn Co. v. United States, 449 U.S. 383, 399-400 (1981); Cox v. Administrator U.S. Steel & Carnegie, 17 F.3d 1386, 1422 (11th Cir. 1994).

In Cox, the plaintiffs moved to compel the production of documents created by defendant's attorneys relating to the statements of several witnesses. Cox, 17 F.3d at 1421. The district court denied the motions and sanctioned the plaintiffs. Id. The Eleventh Circuit affirmed both the denial of the motion and the imposition of sanctions. Id. at 1421-23. As the Eleventh Circuit explained, "the Supreme Court made clear that an attorney's notes and memorandum of a witness's oral statements is considered to be opinion work product," (citing Upjohn, 449 U.S. 399-400), and "opinion work product enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances.'" Cox, 17 F.3d at 1422 (quoting In re Murphy, 560 F.2d 326, 336 (8th Cir. 1977)).

3

Martin has not and cannot present any "rare and extraordinary circumstances" that might warrant discovery of counsel for Page Brothers' opinion work product.[1] Therefore, Page Brothers may not be compelled to disclose the witness interviews prepared by its counsel. Rather, Martin should recognize that "[d]iscovery was hardly intended to enable a learned profession to perform its functions . . . on wits borrowed from the adversary." Hickman v. Taylor, 329 U.S. 495, 516 (1947).

### B. Plaintiff's Motion Does Not Comply With The Federal Rules or the Local Rules.

Rule 37 of the Federal Rules of Civil Procedure provides in relevant part as follows:

> [I]f a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for . . . an order compelling inspection in accordance with the request. The motion **must** include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

Fed.R.Civ.P. 37(a)(2)(B) (emphasis added). Rule 26.1 of the Local Rules of the United States District Court for the Southern District of Florida similarly provides in relevant part as follows:

---

[1] Contrary to Martin's argument in support of her motion to compel, the Supreme Court in Upjohn makes clear that opinion work product "cannot be disclosed simply on a showing of substantial need and ability to obtain the equivalent without undue hardship." Upjohn, 449 U.S. at 401. Moreover, Martin did not even allege any facts that could arguably meet that lesser standard.

4

> Prior to filing any discovery motion, counsel for the moving party **shall** confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with counsel for the opposing party in a good faith effort to resolve by agreement the issues to be raised in the discovery motion . . . . Failure to comply with the requirements of this rule may be cause for the court to grant or deny the discovery motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

S.D. Fla. L.R. 26.1.I (emphasis added). Thus, in order to bring a proper motion to compel discovery, the moving party must personally engage in two-way communication with the nonresponsive party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention. Shuffle Master, Inc. v. Progressive Games, Inc., 170 F.R.D. 166, 171 (D. Nev. 1996); Kidwiler v. Progressive Paloverde Ins. Co., 192 F.R.D. 193 (N.D.W.V. 2000). Here, Martin did not engage in <u>any</u> meaningful discussion regarding the production of privileged documents.

This Court has held that "failure to confer with counsel is inexcusable . . . ." Taylor v. Florida Atlantic University, 132 F.R.D. 304, 306 (S.D. Fla. 1990). Only where temporal exigencies required speedy action and where efforts at informal compromise would have been clearly futile will the failure to meet-and-confer be excused. See e.g., Reidy v. Runyan, 169 F.R.D. 486, 490 (E.D.N.Y.1997) (excusing failure to confer because compromise was unlikely given defendant's history of noncompliance with court orders); Matsushita Electric Corporation v. 212 Copiers Corp., No. 93 Civ. 3243, 1996 WL 87245 at * 1 (S.D.N.Y. Feb.

5

29, 1996) (conference would be futile in bitter litigation which included contempt citations directing the jailing of some defendants for noncompliance with court orders); In re NASDAQ Market-Makers Antitrust Litigation, No. 94 Civ. 3996, 1996 WL 187409 at *2 (S.D.N.Y. Apr. 18, 1996) (excusing failure to confer in part because of imminence of deadlines for filing papers relating to class certification motion). Martin did not and cannot make any such claim in this case. Rather, a discussion between Page Brothers and Martin regarding the relevant case law on opinion work product could have avoided the filing of Martin's motion and this Court's involvement.

Under ordinary circumstances, the failure to meet and confer mandates denial of a motion to compel. Schick v. Fragin, Nos. 96 B 42902, 96 B 43969, 96/9218A, 1997 WL 465217 at *3 (Bankr. S.D.N.Y. Aug.12, 1997). As noted by one court:

> Discovery disputes should not be referred to the Court unless such serious differences exist between counsel that further efforts of negotiation are pointless or unless Court intervention is necessary to resolve a disputed issue of law. As rapidly increasing dockets place ever greater demands on the resources of the Court, counsel should not cry "Wolf!" whenever problems arise in discovery.

American Health Systems v. Crozier-Keystone Health System, No. 93-0543, 1994 WL 505034 at *1 (E.D. Pa. 1994) (internal citations and quotations omitted). In the instant action, Martin's counsel not only failed to confer and meet with counsel for Page Brothers, but he also included a false certification that he and counsel for Page Brothers had "conferred

6

in good faith." As a result, Martin's filing of her motion to compel is an express violation of both Rule 37 and Local Rule 26.1. Accordingly, the motion to compel should be denied.

**C.  Page Brothers Should Be Awarded Expenses Incurred In Defending this Frivolous Motion.**

Rule 37 of the Federal Rules of Civil Procedure provides:

> If a motion is denied, the court . . . <u>shall</u>, after affording an opportunity to be heard, <u>require the moving party or the attorney filing the motion or both of them to pay the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees</u>, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(4)(B) (emphasis added). Here, Martin's motion was not "substantially justified," or even potentially justified. Given Martin's decision to disregard her obligation to confer in good faith under Rule 37 and Local Rule 26.1 before filing this motion and given the binding Supreme Court and Eleventh Circuit precedent directly contrary to the position assumed by Martin in her motion, Page Brothers is entitled to recover the costs and attorneys' fees, it incurred in responding to Martin's baseless motion.

## IV. CONCLUSION

Based on the reasons and authorities cited above, Page Brothers respectfully requests that the Court deny Plaintiff's Motion to Compel Discovery of Documents Designated as Privileged on Defendant's Privilege Log and award Page Brothers the reasonable costs and attorneys' fees which it has incurred in responding to that motion.

Date: December 5, 2000

FISHER & PHILLIPS LLP
2300 Bank of America Tower
One Financial Plaza
Fort Lauderdale, Florida 33394
Telephone: (954) 525-4800
Facsimile: (954) 525-8739

By: _____
Cathy M. Stutin
(Fla. Bar No. 0865011)
Francisco Lopez, Jr.
(Fla. Bar No. 0181617)

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I certify that on this date I caused a true and correct copy of the foregoing **DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY OF DOCUMENTS DESIGNATED AS PRIVILEGED ON DEFENDANT'S PRIVILEGE LOG AND MOTION FOR AN AWARD OF EXPENSES** to be served on the following individuals by depositing same in the United States Mail, First Class, postage prepaid:

>Loring N. Spolter, Esquire
>International Building
>2455 E. Sunrise Boulevard
>Suite 807
>Fort Lauderdale, Florida 33304

Date: December 5, 2000

## MARTIN VS. PAGE BROTHERS ASSOCIATES, INC.
## CASE NO. 00-6037-CIV-FERGUSON/SNOW

### LOG OF PRIVILEGED DOCUMENTS

Key to Privileges Asserted (Priv.):
A-C = Attorney-Client
W-P = Work Product

| No. | Date | Author | Addressee | Document | Priv. | Subject |
| --- | --- | --- | --- | --- | --- | --- |
| 1 | 10/18/99 | W. Smith | File | Notes | A-C<br>W-P | Interview with J. Gilchrist concerning S. Martin. |
| 2 | 10/18/99 | W. Smith | File | Notes | A-C<br>W-P | Interview with S. Taborsky concerning S. Martin. |
| 3 | 10/18/99 | W. Smith | File | Notes | A-C<br>W-P | Interview with R. McDermott concerning S. Martin. |
| 4 | 10/18/99 | W. Smith | File | Notes | A-C<br>W-P | Interview with A. Buckley concerning S. Martin. |
| 5 | 10/27/99 | W. Smith | File | Notes | A-C<br>W-P | Interview with J. Cocchiola concerning S. Martin. |

Various A-C: Miscellaneous Communication (Faxes, Letters, Memoranda, Notes and Legal Statements) Between Attorneys and Client.