UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6037-CIV-FERGUSON/SNOW

SHERRY MARTIN,

    Plaintiff,

v.

PAGE BROTHERS ASSOCIATES INC.,
a Florida corporation, d/b/a CORAL
SPRINGS AUTO MALL,

    Defendant.
_____/



### PLAINTIFF'S COMBINED REPLY MEMORANDUM TO PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY PURSUANT TO PLAINTIFF'S FIFTH REQUEST FOR THE PRODUCTION OF DOCUMENTS, FIFTH AND SIXTH SET OF INTERROGATORIES, AND THIRD REQUEST FOR ADMISSIONS

Plaintiff, SHERRY MARTIN ("Martin"), through her undersigned attorneys, files this Combined Reply Memorandum to Plaintiff's Motions to Compel Discovery Pursuant to Plaintiff's Fifth Request for the Production of Documents, Fifth and Sixth Set of Interrogatories, and Third Request for Admissions, and states:

#### PRELIMINARY STATEMENT

The Defendant has filed a Response which primarily takes two positions: 1) the Defendant cannot determine what days off its employees took, because it could not determine same upon reviewing "personnel records", and 2) Martin's Motions were frivolous and therefore Defendant should be entitled to an award of attorney's fees as a result. These two contentions, neither of which has merit, will be discussed in turn. The information requested is important because Martin alleges that with respect to taking off days of work she was treated less favorably

than males and/or non-disabled people (that is, that she endured adverse employment action for the same behavior as males and/or non-disabled people). Martin seeks information for comparative purposes, and because such information is circumstantial evidence of discrimination.

## MEMORANDUM OF LAW

The Defendant contends that it should not have to provide any of the information requested because it has checked its personnel records and it cannot find the information. Such a response is misplaced. The Defendant has made little effort to find the information. For example, the Defendant could ask its employees to inform it when they missed work. The employees would know, or at least be able to determine when they missed work (as they could obtain such information from their doctor(s), dentist, etc.).

Possession is not the talisman that determines whether a party must produce documents; rather, a party must produce documents that are in its control, custody, or possession. *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984). Control is not defined as possession, "but as the legal right to control." *Id.* That a party does not possess documents sought through discovery is immaterial if such documents remain in the party's custody or control; a party controls documents that it has the right, authority, or ability to obtain on demand. *Scott v. Arex, Inc.*, 124 F.R.D. 39 (D. Conn. 1989). In this case, the Defendant can request the information sought from its employees (as required by the case law). The Defendant has a duty to do so, and should be compelled to do so. The Defendant's argument that it offered Martin the opportunity to copy and inspect its records is without merit. The Defendant is in a far better position to communicate with its employees, rather than having Martin contact them.

Moreover, an analogous argument exists regarding corporate defendants having a duty to produce documents that it does not in its possession, but which it could obtain. For example, documents which are technically in the possession of a sister corporation must be produced. *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 204 (1958); *Advance Labor Serv., Inc. v. Hartford Acc. & Indemnity, Co.*, 60 F.R.D. 632 (D. Ill. 1973). Business entities that are related in other ways must also produce documents that are technically in possession of the other entity. *Gerling Int'l Insurance Co. v. C.I.R.*, 839 F.2d 131, 140-41 (3d Cir. 1988) (parent-subsidiary relationship); *Japan Halon Co. v. Great Lakes Chemical Corp.*, 155 F.R.D. 626 (D. Ind. 1993). Certainly, the Defendant has an obligation to discover the information, which is central to Martin's case (by asking its employees), and therefore the information should be compelled.

Concerning the Defendant's request for attorneys' fees, Martin has drafted and served 7 motions to compel discovery in this case, 6 of which were filed with the Court. This shows that the Defendant has not approached discovery in good faith. If any party should be filing requests for attorneys' fees, it should be Martin. Martin has not requested attorneys' fees in either her Motions, or by separate Motion, because she desires the information, rather than running to the Court crying for attorneys' fees every step of the way. In essence, Martin has requested information which is central to her claim, and after the Defendant has made a cursory argument that since such information cannot easily be obtained from a personnel record search, Martin should be sanctioned by having Defendant's attorneys' fees. Such an argument is completely misplaced. Defendant's argument makes it far too easy for any employer in an employment discrimination case to simply refuse that information that is not readily available from personnel files, but which it could obtain if it desired.

## CONCLUSION

For the foregoing reasons, the Defendant should be compelled to produce responsive documents to Martin's discovery requests within ten (10) days of the Court's Order compelling same.

> LORING N. SPOLTER, P.A.
> 2455 E. Sunrise Blvd.
> Suite 807
> Fort Lauderdale, Florida 33304
> Tel. (954) 728-3494
> Fax. (954) 563-2252
>
> By: _____
> Loring N. Spolter Esq.
> Fla. Bar No. 0864196

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing had been duly furnished by U.S. mail to: Cathy Stutin, Esq., Fisher & Phillips, P.A., Attorneys for Defendant, One Financial Plaza, Suite 2300, Fort Lauderdale, Florida 33304, this ___ day of December, 2000.

> By: _____
> Loring N. Spolter Esq.
> Fla. Bar No. 0864196