UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6037-CIV-FERGUSON/SNOW

SHERRY MARTIN,

    Plaintiff,

v.

PAGE BROTHERS ASSOCIATES INC.,
a Florida corporation, d/b/a CORAL
SPRINGS AUTO MALL,

    Defendant.
_____/



### PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HER MOTION TO COMPEL DISCOVERY OF DOCUMENTS DESIGNATED AS PRIVILEGED ON DEFENDANT'S PRIVILEGE LOG

Plaintiff, Sherry Martin ("Martin"), through her undersigned attorneys, files this Reply Motion to Compel Discovery of Documents Designated as Privileged on Defendant's Privilege Log, and states:

#### PRELIMINARY STATEMENT

The Defendant puts forth three arguments in its Response to Martin's Motion to Compel, 1) Martin did not comply with Local Rule 26.1.I which requires that parties confer or reasonably attempt to confer before filing such motions, 2) attorney notes constitute opinion work product and are thus privileged from discovery, and 3) Martin's Motion was frivolous, which requires that the Defendant be awarded attorneys' fees. The Defendant's arguments are without merit, because 1) Local Rule 26.1.I does not require actual conferral, but rather only requires that the parties make a reasonable attempt to confer, 2) attorney notes are not at issue here, but rather witness statements that were taken contemporaneously to (or shortly thereafter) the alleged discrimination, and



therefore the case law cited by the Defendant involving attorney opinion work product are inapposite, and 3) given the legal authority cited by Martin, including a recent opinion on this issue by Chief Judge Zloch, attached hereto as Exhibit "1", requires the conclusion that Martin's Motion was not frivolous, and therefore the Defendant's request for attorney's fees should be denied. In any event, it is the Defendant, not Martin, who has been unreasonable in this litigation concerning discovery, which is evidenced by the fact that martin has had to draft seven (7) motions to compel, and has had to file six (6) of those motions with the Court.

### MEMORANDUM OF LAW

### I. MARTIN FULLY COMPLIED WITH LOCAL RULE 26.1.I., BECAUSE UNDERSIGNED COUNSEL REASONABLY ATTEMPTED TO CONFER WITH DEFENSE COUNSEL

The Defendant cites Federal Rule of Civil Procedure 37 and Local Rule 26.1.I., including the language in both rules which states that parties need only *reasonably attempt to confer* (and not *actually* confer), but the Defendant concludes that Martin must have actually conferred with Defendant, and to have failed to have done so requires that Martin's Motion be denied. (*Defendant's Response* at 4-7) (citing Fed. R. Civ. P. 37 and S.D. Fla. L.R. 26.1.I.). Rule 37 states that motions to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make discovery," *id.* at 4 (citing Fed. R. Civ. P. 37), and that the party moving to compel "shall confer . . . or make reasonable effort to confer (orally or in writing), with counsel for the opposing party . . . ." *Id.* at 5 (citing S.D. Fla. L.R. 26.1.I.). Despite the fact that both the federal rule and the local rule only require reasonable conferral, the Defendant states in its Response that "in order to bring a proper motion to compel discovery, the moving party must personally engage in two-way communication with the nonresponsive party." *Id.* For this proposition, the Defendant relies on two district court cases: one from Nevada and one from West Virginia. *Id.*

2

Contrary to the Defendant's contention, neither the federal rule nor the local rule require actual two-way communication on each disputed discovery request. In any event, Martin did reasonably attempt to confer with the Defendant, as his office telephoned defense counsel on two occasions to discuss the dispute, but defense counsel was not in. Moreover, the discovery request that the Defendant drafted the privilege log for was Martin's First Request for Production of Documents (which contained a request seeking witness statements). Martin originally filed a twenty-page Motion to Compel concerning her First Request for Production, and the Defendant capitulated on all of its objections, after having several discussions with undersigned counsel, in the month or so after Martin filed her Motion. Therefore, in addition to the two more recent phone calls, Martin and the Defendant have *actually* conferred about the request for production at issue. Undersigned counsel is a sole practitioner who only has so much time to spend on discovery disputes.[1] Undersigned counsel does not have the luxury (nor the federal or local rules require same) to have scores of phone calls and letters over a period of weeks or months when the discovery time table is so short in the federal courts. Martin needs certain discovery in order to take depositions, and in order to propound further written discovery requests in order to prove her case. Martin served her First Request to Produce in the early part of this year, and filed her Motion to Compel Discovery pursuant to that request in April, 2000. How many more months does Martin have to wait?[2] It is far too easy for the Defendant to stall in order to eventually deprive Martin of

---

[1] For example, undersigned counsel does not have a secretary and/or receptionist, and keeps a tape recorder to collect incoming messages. He gathers those messages and listens to them at night (or his law clerk does), and he makes the necessary return phone calls when he is able.

[2] The Defendant's argument makes absolutely no sense in this situation, because it is not as if it was going to produce the discovery in dispute had Martin actually conferred with the Defendant more recently. Moreover, if the Defendant was going to capitulate after Martin filed a Motion to Compel, then why was the Defendant lodging such a broad range of objections in the first place? The Defendant certainly did not act in good faith by forcing Martin to file a lengthy Motion to Compel only to capitulate later, on all of the disputes except for the few documents it listed on its privilege log. Note that although this occurred, Martin did not seek attorneys' fees in her Motion to Compel, or seek them under a separate motion.

the discovery simply by the discovery period ending. As stated above, there have been several in this case as evidenced by the sheer number of motions to compel which have been filed by Martin.

Although the Defendant is adamant in its position that Martin should have conferred with it, the Defendant is refusing to provide any of the discovery; therefore, Martin would have had to file the Motion to Compel in any event regardless of whether actual conferral occurred. The Defendant boldly states that "a discussion between Page Brothers ad Martin regarding the relevant case law on opinion work product could have avoided the filing of Martin's motion and this Court's involvement." (*Defendant's Response* at 6). That is not likely given the two parties' difference of opinion concerning the discoverability of the evidence in question, as set forth in Martin's Motion and below. Objections to discovery requests based on privilege are rarely upheld in the federal courts.

Finally, the Defendant states that undersigned counsel "included a false certification that he and counsel for Page Brothers had 'conferred in good faith.'" *Id.* at 6-7. First, undersigned counsel, as stated above, actually conferred with the Defendant after filing her Motion to Compel in April, 2000. Therefore, Martin's certification is not false. Assuming *arguendo* that such conferral regarding the original disputes involving the Motion to Compel is not properly considered actual conferral, then the certificate is incorrect, but, as stated above, Martin complied with the federal and local rules in any event by attempting to confer.

## II. THE DEFENDANT'S ARGUMENT THAT THE WITNESS STATEMENTS ARE NOT DISCOVERABLE IS BASED ON INAPPOSITE CASE LAW DEALING WITH ATTORNEY, OPINION WORK PRODUCT, WHICH IS NOT AT ISSUE HERE

The Defendant claims that the documents in question fall under the attorney work product exception. However, Martin believes that the documents (or at least part of the documents) falls into the contemporaneously taken witness statement exception to that privilege. The actual request

that is the subject of the privilege log is believed to be Request No. 36 of Martin's First Request for Production of Documents, as follows:

**Request No. 36**

All documents relating to all inquiries or investigations conducted as a result of Plaintiff's claim or allegation of discrimination.

**Defendant's Response:** Coral Springs objects to Request No. 36 on the grounds that it seeks information protected by the work product and/or attorney client privileges.

In addition to the case law set forth in Martin's instant Motion, a recent opinion by Judge Zloch on this issue is informative. (*Order*, attached hereto as Exhibit "1", *Johnson v. Double Eagle Distributing, Inc.*, Case No. 00-6594-CIV-ZLOCH). In that case, a witness, Kevin Minihane, provided a witness statement (at or shortly after the discrimination occurred), which the defendant provided to the EEOC. *Id.* at 1. The court cited Rule 26(b)(3) which provides that witness statements taken in anticipation of litigation are discoverable "upon a showing that the party seeking discovery has a substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." *Id.* at 2 (citing Fed. R. Civ. P. 26(b)(3)). The court then stated as follows:

> To determine whether the work-product privilege applies, the party withholding the document must first establish that the document was prepared in anticipation of litigation. If this showing is made, the party seeking the discovery must demonstrate a substantial need for the information and an inability to obtain the information needed without undue hardship. The Court notes that the parties do not dispute that the subject was created in anticipation of litigation. As to the second part of the inquiry, the Court finds that the Plaintiff has demonstrated a substantial need for the document and an undue hardship. Specifically, although the Plaintiff has the ability to take Kevin Minihane's deposition, the Plaintiff needs this document prior to any deposition so that the Plaintiff may question this witness about the even recorded therein.

*Id.*

In this case, it is likewise agreed by the parties that the documents in question were generated in anticipation of litigation. The inquiry then is the second prong of the test. The information at issue here is discoverable for the same reason that the information in *Johnson* was discoverable, that is, because the information is needed to question the witnesses about during their depositions. In particular, any statements from Steve Taborsky (one of the decision-makers) is particularly relevant, because he uttered comments which constitute direct evidence of discrimination. Namely, after Martin's first surgery, Taborsky told her that he "didn't want [Martin] in the service lane with crutches or a cane." As Martin's illness progressed, she needed to take time off, but the Defendant never notified her of Family and Medical Leave Act leave. The Defendant also refused to reasonably accommodate Martin's disabilities by refusing to allow her to park in a disabled parking spot, and by refusing to allow Martin to elevate her leg. Taborsky finally told her, "That's why I have to fire you, because of your health. You know its affecting your job."

This testimony constitutes direct evidence of discrimination.[3] Martin is concerned that in any statements or notes at issue, Taborsky may have admitted uttering the statements in question. If

---

[3] Whether "evidence is characterized as 'direct' or 'circumstantial' dramatically affects the allocation of the evidentiary burdens" in disparate treatment cases. *Carter v. Three Springs Residential Treatment*, 132 F.3d 635, 641 (11th Cir. 1998). The *Price Waterhouse* direct evidence model of proving disparate treatment is as follows:

> once a plaintiff produces direct evidence of a discriminatory motive, and the trier of fact accepts this testimony, 'the ultimate issue of discrimination is proved.' As such, 'the defendant may avoid a finding of liability only by proving by a preponderance of the evidence that it would have made the same decision even if it had not taken the [illegitimate criterion] into account.'

*Evans v. McClain of Georgia, Inc.*, 131 F.3d 957, 962 (11th Cir. 1997) (citations omitted); *Ferrill v. The Parker Group, Inc.*, 168 F.3d 468, 472 (11th Cir. 1999). *See also Carter*, 132 F.3d at 641 (holding that once direct evidence is proffered, the burden of persuasion at trial shifts to the defendant to prove by a preponderance of the evidence that it would have fired the plaintiff had it not taken sex into account).

Direct evidence cases are a broad category of cases where direct evidence of discrimination exists. Direct evidence cases should not be confused with mixed-motive cases. Mixed motive cases can be defined more precisely as a subset of direct evidence cases where the plaintiff offers direct evidence of discrimination, and the employer contends—typically in addition to rebutting the direct evidence in an effort

so, Martin should unquestionably be entitled to information which directly proves her claims. In statement form, unquestionably the information is discoverable. If the information is contained in attorney notes that truly represents defense counsel's opinions as to the litigation (such as in a memorandum to the file, as opposed to simply a verbatim writing of what the witness told defense counsel), Martin acknowledges that such may be protected from disclosure. In any event, Martin does not seek "memos to the file", but rather is interested in documents which state what the witness said happened. Martin believes that the best way to resolve this dispute is for the Court to review the documents *in camera*, in order to determine they, or any part of them are discoverable. Any part that the Court believes indicates defense counsel's inner thoughts about the case can be redacted. However, any information concerning admissions by the witnesses which could possibly constitute direct evidence of discrimination must be provided to Martin, particularly if Taborsky denies such statements at trial or in his deposition.

### III. THE DEFENDANT'S REQUEST FOR ATTORNEY'S FEES

As stated above in the substantive section of this Reply, Martin is actually entitled to the information (or at least part of it). Therefore, an award of attorneys' fees is improvident. Moreover, Martin has had to file six motions to compel in this case, and she has not moved for fees. It is unfortunate that in this day and age a plaintiff cannot file a motion to compel discovery (what may be actual proof of direct evidence of discrimination, which would warrant that summary

---

to prove it unworthy of belief—that it would have made the same decision anyway based on a non-discriminatory business reason or reasons.
   The Eleventh Circuit has described direct evidence case as follows:

> evidence which if believed, proves [the] existence of [a] fact in issue without inference or presumption. . . . [We have] found direct evidence where actions or statements of an employer reflect[ ] a discriminatory or retaliatory attitude correlating to the discrimination or retaliation complained of by the employee.
>    As we have explained in the age discrimination context, [an] example of direct evidence would be a management memorandum saying, `Fire Earley—he is too old.`

judgment be granted in her favor), without the defendant requesting attorney's fees in its response. In any event, clearly *Southern Ry. Co. v. Lanham*, 403 F.2d 119, 131 (5th Cir. 1968)[4] and Rule 26(b)(3) on its face require the conclusion that Martin's Motion was not frivolous.

### CONCLUSION

For the foregoing reasons, the documents that the Defendant maintains are privileged should be compelled to be produced by Defendant within ten (10) days of the Court's Order compelling same, because those documents are not privileged, or in the alternative, the Court should review them *in camera*.

> LORING N. SPOLTER, P.A.
> 2455 E. Sunrise Blvd.
> Suite 807
> Fort Lauderdale, Florida 33304
> Tel. (954) 728-3494
> Fax. (954) 563-2252
>
> By: _____
> Loring N. Spolter Esq.
> Fla. Bar No. 0864196

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing had been duly furnished by U.S. mail to: Cathy Stutin, Esq., Fisher & Phillips, P.A., Attorneys for Defendant, One Financial Plaza, Suite 2300, Fort Lauderdale, Florida 33304, this ___ day of December, 2000.

> By: _____
> Loring N. Spolter Esq.
> Fla. Bar No. 0864196

---

*Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1189-90 (11th Cir. 1997) (citations omitted).
[4] *Lanham* is binding precedent in this Circuit, because it was decided prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6594-CIV-ZLOCH

LLYOD JOHNSON,

        Plaintiff,

vs.

DOUBLE EAGLE DISTRIBUTING
INC., a Florida corporation,

        Defendant.
_____/

**O R D E R**

FILED by _____ D.C.
AUG 3 1 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

THIS MATTER is before the Court upon the Plaintiff, Llyod Johnson's Motion To Compel Discovery Pursuant To Plaintiff's First Request For Production Of Documents (DE 16). The Court has carefully reviewed the merits of said Motion and the entire Court file herein, and is otherwise fully advised in the premises.

As to Request No. 8, the Defendant has raised a work-product objection to producing an unsigned witness statement by Kevin Minihane which was submitted to the Broward County Human Rights Division. The Court notes that the Defendant failed to raise an objection based upon work product within 30 days of receiving the subject discovery request, as required by Fed.R.Civ.P. 33 and Local Rule 26.1.G.6(a) of the Local Rules for the United States District Court for the Southern District of Florida. Therefore, the Court finds that the Defendant has waived its objection to producing the subject document based upon the work product privilege.

**EXHIBIT 1**

Even assuming arguendo that the Defendant did not waive its work-product privilege, the Court nevertheless finds that the Plaintiff is entitled to the subject document. The Court notes that Fed.R.Civ.P. 26(b)(3) provides in relevant part:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's . . . agent) only upon a showing that the party seeking discovery has a substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

To determine whether the work-product privilege applies, the party withholding the document must first establish that the document was prepared in anticipation of litigation. If this showing is made, the party seeking the discovery must demonstrate a substantial need for the information and an inability to obtain the information needed without undue hardship. The Court notes that the parties do not dispute that the subject document was created in anticipation of litigation. As to the second part of the inquiry, the Court finds that the Plaintiff has demonstrated a substantial need for the document and an undue hardship. Specifically, although the Plaintiff has the ability to take Kevin Minihane's deposition, the Plaintiff needs this document prior to any deposition so that the Plaintiff may question this witness about the event recorded therein.

As to Requests No. 24, 29, 30, and 31, which request certain information contained in the personnel files of some of the Defendant's employees, the Court notes that, under federal law, no general privilege for personnel files exists. See Watts v. Kimmerly, 1996 WL 911254 *3 (W.D. Mich. 1996). The Court further notes that the requested information is relevant to the issue of whether similarly situated employees where treated more favorably and to the issue of pretext. To the extent that the subject files contain information regarding non-party employees, the Court notes that the Defendant may move for a protective order limiting the use of the provided documents to use in this case.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The Plaintiff, Llyod Johnson's Motion To Compel Discovery Pursuant To Plaintiff's First Request For Production Of Documents (DE 16) be and the same is hereby **GRANTED**;

2. On or before September 15, 2000, the Defendant, Double Eagle Distributing Inc., shall provide full and complete responses to the Request Nos. 8, 21, 24, 27, 29, 30, and 31 of the Plaintiff's First Request For Production; and

3. Upon failure of the Defendant to comply with the provisions of this Order, the Court will entertain the appropriate Motion For Sanctions, including but not limited

to, holding the Defendant in contempt of Court.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _3/st_ day of August, 2000.

_____
WILLIAM J. ZLOCH
Chief United States District Judge

Copies furnished:

Harry O. Boreth, Esq.
For Plaintiff

Steven M. Parrish, Esq.
For Defendant

4