

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6037-CIV-FERGUSON/SNOW

SHERRY MARTIN,

    Plaintiff,

v.

PAGE BROTHERS ASSOCIATES INC.,
a Florida corporation, d/b/a CORAL
SPRINGS AUTO MALL,

    Defendant.
_____/

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY PURSUANT TO PLAINTIFF'S SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

Plaintiff, SHERRY MARTIN ("Martin"), through her undersigned attorneys, files this Motion to Compel Discovery Pursuant to Plaintiff's Sixth Request for Production of Documents to Defendant, pursuant to Federal Rule of Civil Procedure 37 and Local Rule 26.1 of the United States District Court for the Southern District of Florida, and states:

**BACKGROUND**

This is an employment discrimination and Family and Medical Leave Act case. Martin worked for the Defendant (a car dealership) in the Service Department. Shortly after she began working for the Defendant, she was diagnosed with cancer. Part of Martin's cancer was located in her legs, which after several surgeries, caused her to walk with a noticeable limp. After her first surgery, Steve Taborsky, her supervisor, told her that he "didn't want [Martin] in the service lane with crutches or a cane."



As Martin's illness progressed, she needed to take time off, but the Defendant never notified her of Family and Medical Leave Act leave. The Defendant also refused to reasonably accommodate Martin's disabilities by refusing to allow her to park in a disabled parking spot, and by refusing to allow Martin to elevate her leg. Taborsky finally told her, "That's why I have to fire you, because of your health. You know its affecting your job." The Defendant has taken the position in this litigation that Martin was terminated because she took too many days off of work.

Martin filed her Complaint, alleging that the Defendant discriminated against her in the terms and conditions of employment, and by terminating her because of a condition of her disability and gender, in violation of 42 U.S.C. § 2000e *et seq.*, ("Title VII"), 42 U.S.C. § 12101 *et seq.*, *Florida Statutes* § 760.01 *et seq.*, ("Florida Civil Rights Act of 1992"), and she brought a claim alleging that her rights under the Family and Medical Leave Act were violated, 29 U.S.C. § 2601 *et seq.*

### MEMORANDUM OF LAW

**I. AS THE PARTY OBJECTING TO DISCOVERY, THE DEFENDANT HAS THE BURDEN OF PROOF TO SHOW THAT DISCOVERY NOT BE MADE**

The "party objecting to discovery bears the burden of sustaining its objections." *Ziemack v. Centel Corp.*, 1995 WL 729295, *1 (N.D. Ill. 1995) (citing Wright & Miller, *Federal Practice and Procedure, Civil 2d* §§ 2008 & 2176 (1994)). Therefore, although Martin is the moving party herein, the burden of proof lies squarely on the Defendant, not Martin. Moreover, "[t]he discovery rules should be liberally construed in favor of discovery where possible." *Wirtz v. Capital Air Serv., Inc.*, 42 F.R.D. 641, 643 (D. Kan. 1967).

**II. THE DOCUMENTS RESPONSIVE TO THE PLAINTIFF'S SPECIFIC REQUESTS SHOULD BE COMPELLED**

**A.   Request No. 1**

Originals and/or copies of any all financial statements prepared by you or for you individually or jointly with others showing your financial condition, assets and liabilities, balance sheets, income statements, etc., prepared from January 1, 1996 to this date.

**Defendant's Response:**   Page Brothers objects to this request on the grounds that it is over broad, vague, and seeks confidential information that is not relevant to the subject matter of this litigation. Page Brothers further objects to this request as intending to harass and annoy. Subject to those objections and without waiving same, Page Brothers has previously produced in response to Martin's First Request for Production copies of its financial statements/balance sheets for years 1997, 1998, and 1999.

**Martin's Position:**   Martin contends that the Defendant waived its objections by producing its financial statements, balance sheets, and tax returns previously. Martin needs more detailed information in order to ascertain the applicable amount of punitive damages in this case, as set forth in detail below. In conferral between the parties, martin agreed not to seek any documents which predate 1997.

Before the Supreme Court decided *Kolstad v. American Dental Ass'n*, 119 S. Ct. 2118 (1999), there was a split in the circuits regarding the standard that a plaintiff must prove in order to recover punitive damages. *Compare Luciano v. Olsten Corp.*, 110 F.3d 210, 219-20 (2d Cir. 1997) (rejecting contention that punitive damages require showing of "extraordinarily egregious" conduct) *with Harris v. L & L Wings, Inc.*, 132 F.3d 978, 982 (4th Cir. 1997) (accepting the contention that "[p]unitive damages are 'an extraordinary remedy,' to be reserved for egregious cases").

In *Kolstad*, the Supreme Court held that plaintiffs do not have to prove egregiousness in order to recover punitive damages, and stated as follows: "[W]e reject [the] conclusion that eligibility for punitive damages can only be described in terms of an employer's 'egregious' misconduct." *Kolstad*, 119 S. Ct. at 2124. The Court further held that pursuant to 42 U.S.C. § 1981a (the statutory authority for punitive damage awards in Title VII and 42 U.S.C. § 1981(a) cases), plaintiffs need only prove that the defendant engaged in intentional discrimination with malice or reckless indifference. *Id.*

In this case, Martin can show that the conduct of the Defendant warrants an award of punitive damages. The EEOC's regulations state that punitive damages are virtually *per se* applicable in cases where retaliation or direct evidence of discrimination exist. (*EEOC Policy Guideline on Damages Provisions of the 1991 Civil Rights Act and Disparate Treatment Cases Approved by Commissioners*, July 7, 1992) (stating that punitive damages are applicable when there is "deliberate retaliatory conduct [by the] defendant"). These EEOC guidelines must be followed as long as they are not arbitrary or capricious. *Sims v. Trus Joist MacMillan*, 22 F.3d 1059 (11th Cir. 1994) (stating that regulations promulgated pursuant to Title VII by the EEOC must be upheld so long as they are reasonably related to statutory purpose); *Doe v. Dekalb County Sch. Dist.*, 145 F.3d 1441, 1448 (11th Cir. 1998). In this case, Martin has direct evidence of discrimination, because Taborsky told her that he was firing her because she was too sick to work anymore. This was after Martin complained of discrimination and FMLA violations. Therefore, Martin's allegations of retaliation and direct evidence of discrimination on the part of the decision-maker require the conclusion that punitive damages are applicable in this case.

The EEOC Guidelines state that the factors to consider when asserting a claim for punitive damages include:

a) the degree, nature and egregiousness of the defendant's conduct;

b) nature, extent, and severity of the harm to the claimant;

c) the duration of the alleged discriminatory conduct;

d) the existence and frequency of past discriminatory conduct;

e) the actions of the defendant after being informed of the discriminatory conduct;

f) evidence of a concealment or "coverup" by defendant; and

g) proof of threats or deliberate retaliatory conduct of defendant.

(*EEOC Policy Guideline on Damages Provisions of the 1991 Civil Rights Act and Disparate Treatment Cases*, Approved by Commissioners, July 7, 1992). Each factor is not required for punitive damages to be awarded. *Nicks v. Missouri*, 67 F.3d 699, 703 (8th Cir. 1995) (finding only one factor but upholding punitive damage award). As stated above, this case involves allegations of, among other things, retaliation and discriminatory animus, which requires the conclusion that punitive damages are a remedy that must be submitted to the jury, and which therefore warrants that the financial information sought by Martin be compelled.

With respect to the Defendant's contention that the request is overly broad, it is well settled that the financial position of a defendant is highly relevant in determining the appropriate amount of punitive damages. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270 (1981) (stating that "evidence of a tortfeasor's wealth is traditionally admissible as a measure of the amount of punitive damages that should be awarded"). The EEOC has listed the following relevant factors to be considered by the fact-finder in determining the amount of a punitive damages award in a Title VII case:

A. The revenues and liabilities of the business.

B. The fair market value of the defendant's assets.

    C.    The amount of liquid assets on hand, which includes amounts that they reasonably can borrow.

    D.    The defendant's propensity to generate income in the future—projected earnings.

    E.    The resale value of the business. This is particularly useful where the business has a unique spot in the market. For instance, large companies may be seeking to buy the business.

    F.    Consider whether the [defendant] is affiliated with, or a subsidiary of, a larger entity that could provide additional financial resources to the defendant.

*EEOC Policy Guideline*, No. 915.002 (July 14, 1992). These EEOC guidelines must be upheld as long as they are reasonably related to Title VII's remedial purposes. *Sims v. Trus Joist MacMillan*, 22 F.3d 1059 (11th Cir. 1994) (stating that regulations promulgated pursuant to Title VII by the EEOC must be upheld so long as they are reasonably related to statutory purpose).

    Case law holds that plaintiffs in employment discrimination cases are entitled to this information when requested. *Bessier v. Precise Tool & Eng'g Co.*, 778 F. Supp. 1509 (W.D. Mo. 1991); *Fretz v. Keltner*, 109 F.R.D. 303 (D. Kan. 1985); *Raiser v. O'Shaughnessy*, 1992 WL 309541 at *1 (N.D. Ill.); and *Tillery v. Lynn*, 607 F. Supp. 399, 402 (S.D. N.Y. 1985). In *Bessier*, the plaintiff was granted discovery of defendant's financial records to prepare a case on the issue of punitive damages. The financial records included: 1) financial statements; 2) income tax returns; 3) documents reflecting the defendant's gross income, net income, and expenditures; 4) bank statements and deposit records; and 5) general ledgers. Accordingly, the Defendant should be compelled to produce the financial information requested.

    Moreover, magistrate judges in the Southern District of Florida routinely compel financial information in employment discrimination cases where plaintiffs request it and where defendants refuse to produce it. *See, e.g., Order* by Magistrate Judge Lurana Snow in *Irving v.*

*Hooley Family Mangement, Inc., et al.*, Case No. 97-7150-CIV-FERGUSON (May 6, 1998); (Order by Magistrate Judge Linnea Johnson in *Johnson et al. v. Barton Protective Services, Inc., et al.*, Case No. 00-6524-CIV-DIMITROULEAS (Feb. 2, 2001); (*Order* by Magistrate Judge Ted Bandstra in *O'Dell v. Worldcom, Inc.*, Case No. 96-8550-CIV-DAVIS (March 25, 1997); (*Order* by Magistrate Judge Barry Garber in *Jhuboolall v. City of South Miami et al.*, Case No. 99-0718-CIV-SEITZ (Sep. 16, 1999); (*Order* by Magistrate Judge William Turnoff in *Holmes v. Adrian Art Deco Rivera Hotels and Restaurants, Inc., et al.*, Case No. 99-0532-CIV-JORDAN (Nov. 1, 1999). Accordingly, production of the instant discovery is documentary proof of the Defendant's finances.

Regarding the Defendant's objection that the request seeks confidential information, Martin agrees not to disseminate any of the information concerning the Defendant's finances, except as an exhibit at the actual trial of this case. Martin is entitled to the documents at this juncture of the case so that she can value the case for settlement purposes. It is not possible to accurately value this case without knowing what the potential punitive damages award might be. Receipt of the Defendant's financial information is a prerequisite to determine a potential punitive damages award. Accordingly, the Defendant's financial information must be compelled to be produced to Martin.

**B.    Request No. 6**

Any and all writings, including but not limited to books, records, or any other documents, evidencing any and all income from any source whatsoever received by you for the years 1996 to date.

**Defendant's Response:**    Page Brothers objects to this request on the grounds that it is over broad, vague, and seeks confidential information that is not relevant to the subject matter

of this litigation. Page Brothers further objects to this request as intending to harass and annoy. Subject to those objections and without waiving same, Page Brothers has previously produced in response to Martin's First Request for Production: (1) copies of its tax returns for years 1997, 1998 and 1999; and (2) copies of its financial statements/balance sheets for years 1997, 1998, and 1999.

**Martin's Position:** See *supra*, "Martin's Position" for Request No. 1.

### C.  Request No. 7

Any and all books, records, memoranda, and writings of any kind, in any way related to monies received by you from any source for any reimbursement, dividend, interest, payment, or return on any investment received by you since January 1, 1996.

**Defendant's Response:** Page Brothers objects to this request on the grounds that it is over broad, vague, and seeks confidential information that is not relevant to the subject matter of this litigation. Page Brothers further objects to this request as intending to harass and annoy. Subject to those objections and without waiving same, Page Brothers has previously produced in response to Martin's First Request for Production: (1) copies of its tax returns for years 1997, 1998 and 1999; and (2) copies of its financial statements/balance sheets for years 1997, 1998, and 1999.

**Martin's Position:** See *supra*, "Martin's Position" for Request No. 1.

### D.  Request No. 8

Copies of any and all statements from stockbrokers or any other source which accurately reflect your stock holdings from January 1, 1996 through this date.

**Defendant's Response:** Page Brothers objects to this request on the grounds that it is over broad, vague, and seeks confidential information that is not relevant to the subject matter of this litigation. Page Brothers further objects to this request as intending to harass and annoy.

**Martin's Position:** See *supra*, "Martin's Position" for Request No. 1.

### E. Request No. 9

Copies of any and all statements from any source evidencing dividends paid or accrued, or interest paid or accrued, to or on behalf of you individually or jointly, for the years 1996 to date.

**Defendant's Response:** Page Brothers objects to this request on the grounds that it is over broad, vague, and seeks confidential information that is not relevant to the subject matter of this litigation. Page Brothers further objects to this request as intending to harass and annoy.

**Martin's Position:** See *supra*, "Martin's Position" for Request No. 1.

### F. Request No. 10

Any other financial, business, and/or property records, and all other documents which describe, summarize, or disclose the extent and nature of all financial interests, real and personal property, and property rights owned by you, whether owned directly, jointly or otherwise, whether tangible or intangible, from January 1, 1996 through the date of production.

**Defendant's Response:** Page Brothers objects to this request on the grounds that it is over broad, vague, and seeks confidential information that is not relevant to the subject matter of this litigation. Page Brothers further objects to this request as intending to harass and annoy. Subject to those objections and without waiving same, Page Brothers has previously produced in response to Martin's First Request for Production: (1) copies of its tax returns for years 1997,

1998 and 1999; and (2) copies of its financial statements/balance sheets for years 1997, 1998, and 1999.

**Martin's Position:** See *supra*, "Martin's Position" for Request No. 1.

### G. Request No. 11

The deeds to all real property owned by you, whether such property is owned individually, jointly, with any person and/or entity, or through trust.

**Defendant's Response:** Page Brothers objects to this request on the grounds that it is over broad, vague, and seeks confidential information that is not relevant to the subject matter of this litigation. Page Brothers further objects to this request as intending to harass and annoy.

**Martin's Position:** See *supra*, "Martin's Position" for Request No. 1.

### H. Request No. 12

Lists of any and all corporate securities, stocks, bonds owned by you from January 1, 1996 through the date of production.

**Defendant's Response:** Page Brothers objects to this request on the grounds that it is over broad, vague, and seeks confidential information that is not relevant to the subject matter of this litigation. Page Brothers further objects to this request as intending to harass and annoy.

**Martin's Position:** See *supra*, "Martin's Position" for Request No. 1.

### I. Request No. 15

All statements or passbooks with respect to all savings accounts, checking accounts, and savings and loan association share accounts owed by you.

**Defendant's Response:** Page Brothers objects to this request on the grounds that it is over broad, vague, and seeks confidential information that is not relevant to the subject matter of this litigation. Page Brothers further objects to this request as intending to harass and annoy.

**Martin's Position:** See *supra*, "Martin's Position" for Request No. 1.

### J. Request No. 21

Any and all papers which may have been filed with regard to any dissolution of your business enterprise(s), bankruptcy, reorganization, or sale of your business enterprise(s) or any substantial part thereof, from 1996 to date.

**Defendant's Response:** Page Brothers objects to this request on the grounds that it is over broad, vague, and seeks confidential information that is not relevant to the subject matter of this litigation. Page Brothers further objects to this request as intending to harass and annoy.

**Martin's Position:** See *supra*, "Martin's Position" for Request No. 1.

### K. Request No. 22

Any and shareholder agreements, partnership agreements, and/or joint venture agreements of any business enterprise(s) in which you have an interest.

**Defendant's Response:** Page Brothers objects to this request on the grounds that it is over broad, vague, and seeks confidential information that is not relevant to the subject matter of this litigation. Page Brothers further objects to this request as intending to harass and annoy.

**Martin's Position:** See *supra*, "Martin's Position" for Request No. 1.

### L. Request No. 25

A list of all cash (currency) on hand, including that located in various financial institutions, and a statement of the amount of any cash and the location of any cash.

**Defendant's Response:** Page Brothers objects to this request on the grounds that it is over broad, vague, and seeks confidential information that is not relevant to the subject matter of this litigation. Page Brothers further objects to this request as intending to harass and annoy. Subject to those objections and without waiving same, Page Brothers has previously produced in

response to Martin's First Request for Production copies of its financial statements/balance sheets for years 1997, 1998, and 1999.

**Martin's Position:**    See *supra*, "Martin's Position" for Request No. 1.

### M. Request No. 26

Copies of all contracts on which you, or any business enterprise(s) in which you have an interest, are now performing services or rendering materials, or upon which anyone is indebted to you for services or materials already furnished.

**Defendant's Response:**    Page Brothers objects to this request on the grounds that it is over broad, vague, and seeks confidential information that is not relevant to the subject matter of this litigation. Page Brothers further objects to this request as intending to harass and annoy.

**Martin's Position:**    See *supra*, "Martin's Position" for Request No. 1.

### N. Request No. 29

All certificates of stock issued by any corporation in which you have held an interest, or if none have been issued to date, copies of all ledgers or capital accounts showing the names of all stockholders and the extent of their interests.

**Defendant's Response:**    Page Brothers objects to this request on the grounds that it is over broad, vague, and seeks confidential information that is not relevant to the subject matter of this litigation. Page Brothers further objects to this request as intending to harass and annoy.

**Martin's Position:**    See *supra*, "Martin's Position" for Request No. 1.

### CONCLUSION

For the foregoing reasons, the production requests requested pursuant to Martin's Sixth Request to Produce should be compelled to be produced by Defendant within ten (10) days of the Court's Order compelling same.

### CERTIFICATE PURSUANT TO LOCAL RULE 26.1.I

I HEREBY CERTIFY that counsel have conferred in a good faith effort to resolve the issues raised in the foregoing motion, and have been unable to do so.

LORING N. SPOLTER, P.A.
2455 E. Sunrise Blvd.
Suite 807
Fort Lauderdale, Florida 33304
Tel. (954) 728-3494
Fax. (954) 563-2252

Fla. Bar No. 996851

By: _____
Loring N. Spolter Esq.
Fla. Bar No. 0864196

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing had been duly furnished by U.S. mail to: Cathy Stutin, Esq., Fisher & Phillips, P.A., Attorneys for Defendant, One Financial Plaza, Suite 2300, Fort Lauderdale, Florida 33304, this 14th day of March, 2001.

Fla. Bar No. 96808

By: _____
Loring N. Spolter Esq.
Fla. Bar No. 0864196

13