UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6037-CIV-FERGUSON/SNOW

SHERRY MARTIN,

    Plaintiff,

v.

PAGE BROTHERS ASSOCIATES INC.,
a Florida corporation, d/b/a CORAL
SPRINGS AUTO MALL,

    Defendant.

_____/

### PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE JOINT PRETRIAL STIPULATION

Plaintiff, SHERRY MARTIN ("Martin"), through her undersigned attorneys, files this Motion For Extension of Time to File Joint Pretrial Stipulation, and states:

### BACKGROUND

This is an employment discrimination and Family and Medical Leave Act case. Martin worked for the Defendant (a car dealership) in the Service Department. Shortly after she began working for the Defendant, she was diagnosed with cancer. Part of Martin's cancer was located in her legs, which after several surgeries, caused her to walk with a noticeable limp. After her first surgery, Steve Taborsky, her supervisor, told her that he "didn't want [Martin] in the service lane with crutches or a cane."

As Martin's illness progressed, she needed to take time off, but the Defendant never notified her of Family and Medical Leave Act leave. The Defendant also refused to reasonably accommodate Martin's disabilities by refusing to allow her to park in a disabled parking spot,

and by refusing to allow Martin to elevate her leg. Taborsky finally told her, "That's why I have to fire you, because of your health. You know its affecting your job." The Defendant has taken the position in this litigation that Martin was terminated because she took too many days off of work.

Martin filed her Complaint, alleging that the Defendant discriminated against her in the terms and conditions of employment, and by terminating her because of a condition of her disability and gender, in violation of 42 U.S.C. § 2000e *et seq.*, ("Title VII"), 42 U.S.C. § 12101 *et seq.*, *Florida Statutes* § 760.01 *et seq.*, ("Florida Civil Rights Act of 1992"), and she brought a claim alleging that her rights under the Family and Medical Leave Act were violated, 29 U.S.C. § 2601 *et seq.*

### MEMORANDUM OF LAW

1. The two-week trial calendar is currently set for May 7, 2001.

2. The Joint Pretrial Stipulation is due to be filed on or before March 26, 2001.

3. Undersigned counsel suffered a snow-boarding accident in Colorado, which resulted in a broken shoulder. This has slowed undersigned counsel down to the point where he was unable to prepare a draft of the Joint Pretrial Stipulation in the case.

4. Accordingly, Martin requests a one-week extension to file the Joint Pretrial Stipulation, and thus requests that the due date for filing the Joint Pretrial Stipulation be extended up to and including April 2, 2001.

### CONCLUSION

For the foregoing reasons, Martin respectfully requests that the Court extend the time for filing the Joint Pretrial Stipulation to April 2, 2001.

LORING N. SPOLTER, P.A.
2455 E. Sunrise Blvd.
Suite 807
Fort Lauderdale, Florida 33304
Tel. (954) 728-3494
Fax. (954) 563-2252

By: _____
Loring N. Spolter Esq.
Fla. Bar No. 0864196

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing had been duly furnished by U.S. mail to: Cathy Stutin, Esq., Fisher & Phillips, P.A., Attorneys for Defendant, One Financial Plaza, Suite 2300, Fort Lauderdale, Florida 33304, this ___ day of March, 2001.

By: _____
Loring N. Spolter Esq.
Fla. Bar No. 0864196