UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6037-CIV-FERGUSON/SNOW

SHERRY MARTIN,

    Plaintiff,

v.

PAGE BROTHERS ASSOCIATES INC.,
a Florida corporation, d/b/a CORAL
SPRINGS AUTO MALL,

    Defendant.
_____/

### PLAINTIFF'S MOTION TO SPECIALLY SET TRIAL DATE

Plaintiff, SHERRY MARTIN ("Martin"), through her undersigned attorneys, files this Motion to Specially Set Trial Date, and states:

### BACKGROUND

This is an employment discrimination and Family and Medical Leave Act case. Martin worked for the Defendant (a car dealership) in the Service Department. Shortly after she began working for the Defendant, she was diagnosed with cancer. Part of Martin's cancer was located in her legs, which after several surgeries, caused her to walk with a noticeable limp. After her first surgery, Steve Taborsky, her supervisor, told her that he "didn't want [Martin] in the service lane with crutches or a cane."

As Martin's illness progressed, she needed to take time off, but the Defendant never notified her of Family and Medical Leave Act leave. The Defendant also refused to reasonably accommodate Martin's disabilities by refusing to allow her to park in a disabled parking spot, and by refusing to allow Martin to elevate her leg. Taborsky finally told her, "That's why I have

to fire you, because of your health. You know its affecting your job." The Defendant has taken the position in this litigation that Martin was terminated because she took too many days off of work.

Martin filed her Complaint, alleging that the Defendant discriminated against her in the terms and conditions of employment, and by terminating her because of a condition of her disability and gender, in violation of 42 U.S.C. § 2000e *et seq.*, ("Title VII"), 42 U.S.C. § 12101 *et seq.*, *Florida Statutes* § 760.01 *et seq.*, ("Florida Civil Rights Act of 1992"), and she brought a claim alleging that her rights under the Family and Medical Leave Act were violated, 29 U.S.C. § 2601 *et seq.*

### MEMORANDUM OF LAW

1. The two-week trial calendar is currently set for May 7, 2001.

2. Although the Court's Order Setting Trial Date and Discovery Schedule states that "**[t]his schedule shall not be modified absent compelling circumstances**" (emphasis in original), Martin moves the Court to enter an order specially setting this case for trial at or near the May 7, 2001 two-week trial calendar date, in an abundance of caution.

3. Martin has terminal cancer. Attached as Exhibit "1" is an Affidavit of Dr. Jane D. Skelton, Martin's oncologist, which sets forth that Martin's cancer has spread through her body, and that Martin is expected to die in the near future.

4. Accordingly, if Martin's trial is delayed, there will be a distinct possibility that Martin will die before her claims can be vindicated. Martin notes that direct evidence of discrimination exists in this case, as her supervisor, Taborsky, told her that he was firing her because of her disability.

## CONCLUSION

For the foregoing reasons, Martin respectfully requests that the trial date be specially set.

        LORING N. SPOLTER, P.A.
        2455 E. Sunrise Blvd.
        Suite 807
        Fort Lauderdale, Florida 33304
        Tel. (954) 728-3494
        Fax. (954) 563-2252

        By: _____
            Loring N. Spolter Esq.
            Fla. Bar No. 0864196

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing had been duly furnished by U.S. mail to: Cathy Stutin, Esq., Fisher & Phillips, P.A., Attorneys for Defendant, One Financial Plaza, Suite 2300, Fort Lauderdale, Florida 33304, this __27__ day of March, 2001.

        By: _____
            Loring N. Spolter Esq.
            Fla. Bar No. 0864196

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6037-CIV-FERGUSON/SNOW

SHERRY MARTIN,

    Plaintiff,

v.

PAGE BROTHERS ASSOCIATES INC.,
a Florida corporation, d/b/a CORAL
SPRINGS AUTO MALL,

    Defendant.

_____/

**AFFIDAVIT OF DR. JANE D. SKELTON**

STATE OF FLORIDA   )
                           ) ss
COUNTY OF BROWARD  )

    The undersigned, DR. JANE D. SKELTON, first being duly sworn according to law, deposes and states:

    1.    I am over the age of 18 years old, and I am of sound mind and body, and otherwise *sui juris*.

    2.    I, Dr. Jane D. Skelton, am an oncologist who is medically treating Sherry Martin. I am a medical doctor in the field of oncology, which is the treatment of patients who have cancer.

    3.    Mrs. Martin has metastatic melanoma, a form of cancer, which has spread into her retroperitoneal lymph nodes. This was initially treated with radiation, and subsequently through chemotherapy.

# EXHIBIT 1

4. Mrs. Martin currently has an additional site of metastatic disease with spread of the melanoma to her right axilla.

5. Mrs. Martin has already pursued medical therapies. Unfortunately, at this time, she is being followed with the anticipation that her disease will progress. Mrs. Martin's condition is not curable, as there is no effective or curative therapy known for metastatic melanoma. The progression of her disease will likely occur over the ensuing months.

6. Mrs. Martin's outlook is guarded with this unfortunate terminal illness. I am certainly concerned that she will have increasing symptomatic illness in the upcoming months. On average, patients who have cancer in the same body areas as does Mrs. Martin, and whose cancer has progressed to the same extent as it has in Mrs. Martin die within two years time.

7. While there is no way of knowing Mrs. Martin's actual remaining lifespan, I forecast that Mrs. Martin will most likely not survive two years from this date.

FURTHER AFFIANT SAYETH NAUGHT

Dr. Jane D. Skelton

SWORN TO and SUBSCRIBED before me this _12th_ day of _March_, 2001, by DR. Jane D. Skelton, who is personally known to me or who produced ___(Known to me)___, as identification, and who did take an oath.

NOTARY PUBLIC, STATE OF FLORIDA

My Commission Expires:



MELANIE M. YOUNG
Notary Public - State of Florida
My Commission Expires Jan 18, 2005
Commission # CC794444

2