UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SHERRY MARTIN,

    Plaintiff,

v.

PAGE BROTHERS ASSOCIATES,
INC., a Florida corporation, d/b/a
CORAL SPRINGS AUTO MALL,

    Defendant.

_____/

CASE NO.  00-6037-CIV-FERGUSON
Magistrate Judge Snow



### DEFENDANT'S MEMORANDUM OF LAW IN
### OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
### DISCOVERY PURSUANT TO PLAINTIFF'S SIXTH REQUEST
### FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

The defendant, PAGE BROTHERS ASSOCIATES, INC., a Florida corporation, d/b/a

CORAL SPRINGS AUTO MALL, ("Page Brothers"), opposes Plaintiff's Motion to Compel

Discovery Pursuant to Plaintiff's Sixth Request for Production of Documents.  In support,

Page Brothers states as follows:

### I.  INTRODUCTION

The plaintiff, Sherry Martin ("Martin"), brings this action against Page Brothers for

alleged violations of the Family and Medical Leave Act ("FMLA"), the Civil Rights Act of

1964, as amended ("Title VII"), and the Americans with Disabilities Act ("ADA").  Page

Brothers denies the alleged violations.

On January 24, 2001, Martin served her Sixth Request for Production of Documents.

These discovery requests deal entirely with the financial condition of Page Brothers from

1996 to the present.[1]  Martin argues that she is entitled to this information in order to assess

her claim for punitive damages.

## II.    MEMORANDUM OF LAW IN OPPOSITION

### Martin's Discovery Requests Seek Information Which Page Brothers Has Either Already Produced or Which is Irrelevant, Over Broad, Vague, Confidential, Unduly Burdensome and Intended to Harass and Annoy

Page Brothers does not dispute that Martin may be entitled to discover certain

financial information.[2]  In fact, Page Brothers has previously produced in response to

Martin's First Request for Production: (1) copies of its tax returns for years 1997, 1998 and

1999; and (2) copies of its financial statements/balance sheets for years 1997, 1998, and

1999.  Moreover, Page Brothers is supplementing these responses with its tax returns and

---

[1]Martin has agreed to limit her request by excluding the year 1996.

[2]Contrary to Martin's assertions, the law is far from clear that she is entitled to discover Page Brothers' financial information to assess her claim for punitive damages.  The Eleventh Circuit has never ruled on the issue.  Rather, the only circuit to deal directly with this question held that evidence of a defendant's wealth should be irrelevant to the assessment of punitive damages.  Kemezy v. Peters, 79 F.3d 33, 35-36 (7th Cir. 1996); Zazu Designs v. L'Oreal, S.A., 979 F.2d 499, 508-09 (7th Cir. 1992).  In a subsequent case involving employment discrimination, the lower court expressly followed Kemezy and Zazu Designs.  Yund v. Covington Foods, Inc. 193 F.R.D. 582, 589 (S.D.Ind. 2000).  In Yund, the Court held that although various Supreme Court decisions "recognized that wealth is commonly deemed relevant to the assessment of punitive damages, we conclude that neither case so holds as a matter of controlling law that conflicts with Zazu Designs."  Id.  The Court in Yund therefore denied the plaintiff's motion to compel discovery of financial information.  Id.

financial statements/balance sheets for year 2000, which it has recently completed. These documents provide more than enough information on Page Brothers' financial condition for Martin to assess her claim for punitive damages. For example, Page Brothers' year 2000 tax return is a 10 page document completed by independent accountants describing in great detail Page Brothers' income, investments, expenses, assets and liabilities. Similarly, Page Brothers' financial statement/balance sheet for year 2000 is a four page spread sheet document providing specific information on Page Brothers' financial condition with a detailed breakdown of its income, assets and liabilities.

Martin, however, has unreasonably demanded more. Her 29 additional requests include, but are not limited to, all writings evidencing income from any source whatsoever, all writings evidencing any returns on investment, property records, deeds to real property, all bank statements, shareholder agreements, all of Page Brothers' contracts, and all certificates of stock. These requests for specific financial information are irrelevant, over broad, vague, unduly burdensome and more importantly intended to harass and annoy. Moreover these requests seek confidential information for which there is no need to disclose.

Page Brothers has been cooperative in providing Martin with more than enough information for her to properly assess her claim for punitive damages. This Court should not

allow Martin to now harass and annoy Page Brothers with unnecessary and burdensome

requests.[3]

### III. CONCLUSION

For the reasons stated herein, this Court should deny Plaintiff's Motion to Compel

Discovery Pursuant to Plaintiff's Sixth Request for Production of Documents to Defendant

and award Page Brothers the reasonable costs and attorneys' fees which it has incurred in

responding to that motion.


Date: April 5, 2001

FISHER & PHILLIPS LLP                    By: _____
2300 Bank of America Tower                    Cathy M. Stutin
One Financial Plaza                           (Fla. Bar No. 0865011)
Fort Lauderdale, Florida 33394                Francisco Lopez, Jr.
Telephone: (954) 525-4800                     (Fla. Bar No. 0181617)
Facsimile: (954) 525-8739
                                              Attorneys for Defendant


---

[3]Martin has thus far in this case served on Page Brothers, six sets of interrogatories, six requests for production of documents and three sets of requests for admissions, totaling 192 specific discovery requests.

4

## CERTIFICATE OF SERVICE

I certify that on this date I caused a true and correct copy of the foregoing

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S**

**MOTION TO COMPEL DISCOVERY PURSUANT TO PLAINTIFF'S SIXTH**

**REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT** to be served on

the following individuals by depositing same in the United States Mail, First Class, postage

prepaid:

> Loring N. Spolter, Esquire
> International Building
> 2455 E. Sunrise Boulevard
> Suite 807
> Fort Lauderdale, Florida 33304

Date: April 5, 2001