UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6037-CIV-FERGUSON/SNOW

SHERRY MARTIN,

    Plaintiff,

v.

PAGE BROTHERS ASSOCIATES INC.,
a Florida corporation, d/b/a CORAL
SPRINGS AUTO MALL,

    Defendant.
_____/

## PLAINTIFF'S MOTION FOR RECONSIDERATION CONCERNING THE COURT'S DENIAL OF PLAINTIFF'S MOTION TO SPECIALLY SET TRIAL DATE

Plaintiff, SHERRY MARTIN ("Martin"), through her undersigned attorneys, files this Motion for Reconsideration Concerning the Court's Denial of Plaintiff's Motion to Specially Set Trial Date, and states:

### BACKGROUND

This is an employment discrimination (Title VII and the Americans with Disabilities Act) and Family and Medical Leave Act case.

### MEMORANDUM OF LAW

1. The two-week trial calendar is currently set for May 7, 2001. The Court recently held a conference in this case, whereat the Court indicated that this case will proceed to trial in May. Before the hearing, Martin, because she is terminally ill, filed a Motion to Specially Set Trial Date. Martin's Motion requested that the Court specially set this matter for May 7, 2001, the start of the assigned trial calendar.



2. After the hearing, the Court summarily denied Martin's Motion to Specially Set Trial Date. In an abundance of caution, Martin is seeking a declaration from the Court as to whether the Court still intends to try this case in May, 2001, because Martin is not sure whether the Court denied her Motion because it thought granting it would superfluous in light of the Court's oral pronouncement at the hearing or whether the Court has changed its mind.

3. In the last few days, it has been discovered that Martin's cancer has spread into her brain. This is a negative development which will further reduce the short time Martin has to live. Martin has direct evidence of discrimination, and desires to vindicate the unlawful discrimination that she suffered before she dies.

4. This case is brought (in part) pursuant to Title VII. Title VII (specifically 42 U.S.C. § e-5(f)(5)) provides that, in an employment discrimination case brought under 42 U.S.C. § 2000e-2 or e-3, if the district court judge to whom the case is assigned "has not scheduled the case for trial within one hundred and twenty days after issue has been joined, that judge may appoint a master pursuant to Rule 53 of the Federal Rules of Civil Procedure." In making such a referral, it is not necessary for the parties to consent, or for the court to make a finding that the issues are complicated or that exceptional circumstances exist. Rather, in enacting this provision, Congress sought to relax the requirements for such referrals to special masters so that these types of cases could be resolved expediently. See *Parker v. Dole*, 668 F. Supp. 1563 (N.D. Ga. 1987), for a detailed discussion of the legislative history. This procedure has gained widespread acceptance throughout the country. *See, e.g., Gonzalez v. Carlin*, 907 F.2d 573, 577 (5th Cir. 1990); *Madsen-Rubino v. Widnall*, 1999 WL 511164 (9th Cir. 1999); *EEOC v. Yenkin-Majestic Paint Corp.*, 112 F.3d 831 (6th Cir. 1997); *Haynes v. W.C. Caye & Co.*, 52 F.3d 928 (11th Cir. 1995); and *Day v. Wayne County Bd. of Auditors*, 749 F.2d 1199 (6th Cir. 1984).

5. The local rules of this Court clearly permit the entry of an order of reference to a special master, since they expressly provide that a "Magistrate Judge may be designated by a District Judge to serve as a special master in appropriate civil cases in accordance with 28 U.S.C. § 636(b)(2) and Rule 53 of the Federal Rules of Civil Procedure," and authorize Magistrate Judges to "perform any additional duty as is not inconsistent with the Constitution and laws of the United States." S.D. Fla. Magistrate Judge Rule 1(g) and (i)16. This case has been pending for far more than 120 days. Accordingly, Martin requests that the Court assign this case to a special master, *e.g.*, the Magistrate Judge in the case, for immediate trial (such as on May 7, 2001). While the above section of Title VII is typically ignored, it is critical here.

6. Alternatively, Martin requests that the Court transfer the case to another district judge who is capable of setting the case for trial forthwith in light of Martin's terminal condition, or in lieu of that, allow Martin to take an emergency interlocutory appeal of this matter to the Eleventh Circuit..

### CONCLUSION

For the foregoing reasons, Martin respectfully requests that the trial date be specially set for as soon as possible, or that the Court refer the case to the Magistrate Judge for trial..

LORING N. SPOLTER, P.A.
2455 E. Sunrise Blvd.
Suite 807
Fort Lauderdale, Florida 33304
Tel. (954) 728-3494
Fax. (954) 563-2252

By: _____
    Loring N. Spolter Esq.
    Fla. Bar No. 0864196

3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing had been duly furnished by U.S. mail to: Cathy Stutin, Esq., Fisher & Phillips, P.A., Attorneys for Defendant, One Financial Plaza, Suite 2300, Fort Lauderdale, Florida 33304, this ____ day of April, 2001.

By: _____
Loring N. Spolter, Esq.
Fla. Bar No. 0864196

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6037-CIV-FERGUSON/SNOW

SHERRY MARTIN,

    Plaintiff,

v.

PAGE BROTHERS ASSOCIATES INC.,
a Florida corporation, d/b/a CORAL
SPRINGS AUTO MALL,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION CONCERNING THE COURT'S DENIAL OF PLAINTIFF'S MOTION TO SPECIALLY SET TRIAL DATE

THIS CAUSE came before the Court upon Plaintiff, Sherry Martin's Motion for Reconsideration Concerning the Court's Denial of Plaintiff's Motion to Specially Set Trial Date.

Upon due consideration of the Motion and the record, the Court finds that Plaintiff has shown good cause for the relief requested. Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff Sherry Martin's Motion for Reconsideration Concerning the Court's Denial of Plaintiff's Motion to Specially Set Trial Date is GRANTED.

The Court hereby issues an Order of Reference to the Magistrate Judge in this case to try this case expediently pursuant to 42 U.S.C. § 2000e-5(f)(5).

DONE AND ORDERED in Chambers in Fort Lauderdale, Broward, Florida this ____ day of _____, 2001.

                                            _____
                                            WILKIE D. FERGUSON, JR.
                                            UNITED STATES DISTRICT JUDGE

Copies furnished to:

Loring N. Spolter, Esquire
Cathy Stutin, Esquire