UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SHERRY MARTIN,                    CASE NO. 00-6037-CIV-FERGUSON
                                  Magistrate Judge Snow
    Plaintiff,

v.

PAGE BROTHERS ASSOCIATES,
INC., a Florida corporation, d/b/a
CORAL SPRINGS AUTO MALL,

    Defendant.
_____/

### DEFENDANT'S NOTICE THAT IT HAS PREVIOUSLY COMPLIED WITH PLAINTIFF'S DISCOVERY REQUESTS

The defendant, PAGE BROTHERS ASSOCIATES, INC., a Florida corporation, d/b/a CORAL SPRINGS AUTO MALL, ("Page Brothers"), provides notice that it has previously provided the documents that the plaintiff, Sherry Martin ("Martin"), requested in her reply to Defendant's Response to Plaintiff's Motion to Compel Responses to Plaintiff's Sixth Request for Production of Documents. Page Brothers further states as follows:

1.    On January 24, 2001, Martin served her Sixth Request for Production of Documents. These discovery requests deal entirely with the financial condition of Page Brothers from 1996 to the present.[1]

---

[1] Martin has agreed to limit her request by excluding the year 1996.



2. Page Brothers did not dispute that Martin may be entitled to discover certain financial information. Rather, Martin objected to the scope, relevance and broadness of the numerous requests. In fact, Page Brothers has previously produced in response to Martin's First Request for Production: (1) copies of its tax returns for years 1997, 1998 and 1999; and (2) copies of its financial statements/balance sheets for years 1997, 1998, and 1999. Moreover, Page Brothers supplemented these responses with its tax returns and financial statements/balance sheets for year 2000.

3. Martin, however, moved to compel Page Brothers' complete responses to its Sixth Request for Production of Documents.

4. Page Brothers responded that it had already provided Martin with more than enough information on Page Brothers' financial condition for Martin to assess her claim for punitive damages and that the requests were intended to harass and annoy.

5. In her reply to Page Brothers' response, Martin asks the Court to stay her pending motion to compel, except for requiring Page Brothers to "produce its gross sales and revenue figures for the years 1999 and 2000."

6. Page Brothers, however, has previously provided that information to Martin. Page Brothers total sales/revenues is clearly identified in both the 1999 and 2000 financial statement/balance sheets. On the fourth page of both these documents, there is a column that specifically provides total sales for the year. The sales are divided by departments and then calculated as a whole at the bottom of the spreadsheet.

7. In light of the above, Page Brothers renews its request for an award of the reasonable costs and attorneys' fees which it has incurred in responding to Martin's motion to compel.

Date: April 19, 2001

FISHER & PHILLIPS LLP  
2300 Bank of America Tower  
One Financial Plaza  
Fort Lauderdale, Florida 33394  
Telephone: (954) 525-4800  
Facsimile: (954) 525-8739  

By: _____  
Cathy M. Stutin  
(Fla. Bar No. 0865011)  
Francisco Lopez, Jr.  
(Fla. Bar No. 0181617)  

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I certify that on this date I caused a true and correct copy of the foregoing **DEFENDANT'S NOTICE THAT IT HAS PREVIOUSLY COMPLIED WITH PLAINTIFF'S DISCOVERY REQUESTS** to be served on the following individuals by depositing same in the United States Mail, First Class, postage prepaid:

Loring N. Spolter, Esquire  
International Building  
2455 E. Sunrise Boulevard  
Suite 807  
Fort Lauderdale, Florida 33304  

Date: April 19, 2001