UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SHERRY MARTIN,      CASE NO. 00-6037-CIV-FERGUSON
    Magistrate Judge Snow
    Plaintiff,

v.

PAGE BROTHERS ASSOCIATES, INC., a
Florida corporation, d/b/a CORAL
SPRINGS AUTO MALL,

    Defendant.
_____/



### DEFENDANT'S NOTICE OF FILING ORIGINAL
### DECLARATIONS OF STEVEN TABORSKY & JAMES COCCHIOLA

The defendant, PAGE BROTHERS ASSOCIATES, INC., a Florida corporation, d/b/a CORAL SPRINGS AUTO MALL ("Page Brothers"), gives notice that it is filing the original declarations of Steven Taborsky and James Cocchiola. Taborsky and Cocchiola's original declarations are attached to this notice at Tabs 1 and 2, respectively. Copies of Taborsky and Cocchiola's declarations were submitted on April 16, 2001 in support of Page Brothers' Motion for Final Summary Judgment.

Date: April _18_, 2001

FISHER & PHILLIPS LLP
2300 Bank of America Tower
One Financial Plaza
Fort Lauderdale, Florida 33394
Telephone: (954) 525-4800
Facsimile: (954) 525-8739

By: _____
Cathy M. Stutin
(Fla. Bar No. 0865011)
Francisco Lopez, Jr.
(Fla. Bar No. 0181617)

Attorneys for Defendant



**CERTIFICATE OF SERVICE**

I certify that on this date I caused a true and correct copy of the foregoing **DEFENDANT'S NOTICE OF FILING ORIGINAL DECLARATIONS OF STEVEN TABORSKY & JAMES COCCHIOLA** to be served on the following individual by depositing same in the United States Mail, First Class, postage prepaid:

        Loring N. Spolter, Esquire
        International Building
        2455 E. Sunrise Boulevard
        Suite 807
        Fort Lauderdale, Florida 33304

Date: April 18, 2001

## DECLARATION OF STEVEN TABORSKY

I, Steven Taborsky, declare as follows:

1. I am the former Service Manager for Coral Springs Honda (Page Brothers Associates, Inc.) in Coral Springs, Florida. I served in that position from approximately January 1997 to July 2000.

2. As Service Manager, I was Sherry Martin's direct supervisor.

3. I never denied Ms. Martin any leave she requested. In fact, I granted Ms. Martin numerous leaves during her short period of employment for surgery, radiation treatment, sickness and vacation.

4. Service employees, like Ms. Martin, are continuously evaluated by customers through customer surveys that the manufacturer mails directly to the customer. Each month, the manufacturer provided me with a spreadsheet calculating an average score for each service employee based on the customers' responses to the surveys. These customer service index ("CSI") scores are extremely important to Coral Springs Honda because they are an accurate reflection of the customer's satisfaction with the dealership.

5. For a number of months, Ms. Martin's CSI scores were below average. In response to the low scores, I counseled her on numerous occasions both verbally and in writing regarding her low scores and emphasized to her the importance of improving her scores. I suggested that, if Ms. Martin was having difficulty attending to all of her customers, she should write fewer service orders. Ms. Martin, however, continued to write more service orders than she could properly handle.

6. I terminated Ms. Martin's employment on September 13, 1999 because her job performance and customer handling skills had failed to improve, including her low CSI scores. Attached as "Tab 1" is a true and accurate copy of her termination notice.

7. Ms. Martin never requested that I provide her medical leave under the Family Medical Leave Act, nor did she ever mention the Family Medical Leave Act to me.

1

Moreover, I was never aware that Ms. Martin took or attempted to take any medical leave under the Family Medical Leave Act, if she ever did.

8. I did not terminate Ms. Martin nor treat her less favorably for having a disability, nor did I perceive Ms. Martin as having any disability that substantially limited a major life activity. Rather, I perceived Ms. Martin as someone who, regardless of her medication condition, had poor customer handling skills and low CSI scores.

9. I did not discriminate against Ms. Martin because she is a female.

10. I deducted money for low CSI scores from all service employees regardless of gender, including Ms. Martin, James Cocchiola (male), and Lee Irwin (male).

11. I granted leave to all service employees regardless of gender. As I mentioned above, I never denied Ms. Martin any leave she requested. Moreover, I did not treat Ms. Martin's requests for leave any less favorably because she was a female.

**I declare under penalty of perjury under the Laws of the United States of America that the foregoing is true and correct.**

Executed on April 12, 2001.

*Steven Taborsky*
Steven Taborsky

2

## DECLARATION OF JAMES COCCHIOLA

I, James Chocchiola, declare as follows:

1. I am a Service Advisor for Coral Springs Honda in Coral Springs, Florida. I was employed in that position from approximately _1995_ to present.

2. Steve Taborsky, Service Manager, was my direct supervisor during 1998 and 1999.

3. Steve Taborsky deducted money from my paycheck for low CSI scores and that money was not refunded to me later.

**I declare under penalty of perjury under the Laws of the United States of America that the foregoing is true and correct.**

Executed on April _16_, 2001.

_James Cocchiola_